HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
e-mail: pharvey@harveysiskind.com
SETH I. APPEL (SBN 233421)
e-mail: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Defendants,
SEOK KI KIM and STV ASIA, LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>          Plaintiff,<br><br>v.<br><br>SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No.: C 07 2769<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants SEOK KI KIM and STV ASIA, LTD. hereby remove to this Court the state court action described below.

1. On May 16, 2007, an action was commenced in the Superior Court of the State of California in and for the City and County of San Francisco, entitled *Frank Nemirofsky v. Seok Ki Kim, STV Asia, Ltd., and Does 1 through 20, inclusive,* as Case No. 07-463428. A true and correct copy of the complaint in said action is attached hereto as Exhibit A.

2. Neither defendant has been formally served with a copy of said complaint.

-1-
NOTICE OF REMOVAL                                      Case No.:

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which defendants may remove to this Court pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because the complaint seeks, among other things, damages for alleged breach of contract which significantly exceed $75,000, plus punitive and exemplary damages, and because the plaintiff has, concurrently with the filing of the action, secured a Temporary Protective Order which seeks to enjoin the distribution of settlement proceeds which significantly exceed $75,000.

4. Defendants are informed and believe that plaintiff FRANK NEMIROFSKY was, at the time the action was filed, and still is, a citizen of the State of California. Defendant SEOK KI KIM was, at the time of filing of the action, and still is, a citizen of South Korea. Defendant STV ASIA, LTD. is, and at the time of the filing of the action was, a corporation organized and existing under the laws of, and having its principal place of business in, the British Virgin Islands.

Dated: May 25, 2007.

Respectfully submitted,
HARVEY SISKIND LLP

By: _____

D. Peter Harvey
Attorneys for Defendants,
SEOK KI KIM and
STV ASIA, LTD.

# Exhibit A

Case 3:07-cv-02769-JL    Document 1    Filed 05/25/2007    Page 3 of 15

ORIGINAL

RICHARD T. BOWLES (#46234)
DAVID W. TROTTER (# 97121)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371

Attorneys for Plaintiff
Frank Nemirofsky

FILED
San Francisco County Superior Court
MAY 16 2007
GORDON PARK-LI, Clerk
BY: _____
       Deputy Clerk

OCT 19 2007 - 9:00 AM
DEPARTMENT 212

SUMMONS ISSUED

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

FRANK NEMIROFSKY,

   Plaintiff,

v.

SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation; and DOES 1 through 20, Inclusive,

   Defendants.

Case No.: 07-463428

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

Plaintiff FRANK NEMIROFSKY (hereinafter, "Plaintiff") complains of Defendants, and each of them, as follows:

**THE PARTIES**

1. Plaintiff FRANK NEMIROFSKY is an individual residing in Alamo and doing business in the City of San Ramon, Contra Costa County, California.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant SEOK KI KIM (hereinafter, "KIM") is, and at all times mentioned herein was, a South Korean national residing in Hong Kong and/or Japan. Plaintiff is further informed and believes, and on that basis alleges, that KIM has done and is doing business in the State of California as is more fully alleged herein.

-1-

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant STV ASIA LTD. ("STV ASIA") is incorporated in the British Virgin Islands and has a principal place of business in Hong Kong. Plaintiff is further informed and believes, and on that basis alleges, that STV ASIA has done and is doing business in the State of California as is more fully alleged herein, and that STV ASIA is owned and/or controlled by KIM. KIM and STV ASIA have both availed themselves of the courts in the State of California.

4. The true names and capacities whether individual, corporate, associate, or otherwise, of Doe defendants 1 through 20, inclusive, are unknown to Plaintiff at this time, and as such, Plaintiff therefore sues said defendants by such fictitious names and will ask leave of Court to amend this Complaint to show the true names and capacities when same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as Doe defendants is responsible in some manner for the events and happenings herein referred to and which proximately caused damages as alleged herein. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants sued herein is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by such defendants.

5. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants herein, except as specifically alleged otherwise, is and was at all times an agent, employee, representative, partner or joint venturer with the remaining defendants, and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and on that basis alleges, that each of the defendants herein ratified, authorized and/or gave consent to the acts alleged herein of the remaining defendants.

6. KIM, STV ASIA and Does 1 through 20 are hereinafter collectively referred to herein as "Defendants."

### GENERAL ALLEGATIONS

7. Plaintiff is an inventor. On August 7, 1992, Plaintiff filed Application No. 926,664 in the United States Patent and Trademark Office for the patenting of a unique "Video Media Distribution Network Apparatus and Method", allowing video programs (usually advertisements) to be transmitted

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

-2-

from a distribution center to a multitude of receiving sites, typically retail stores, dispersed over a wide geographic area. On May 2, 1995, the United States Patent and Trademark Office issued U.S. Patent No. 5,412,416 ("the '416 Patent") to Plaintiff for said invention.

8. On November 9, 1999, the United States Patent and Trademark Office issued U.S. Patent No. 5,983,069, entitled "Point of Purchase Video Distribution System" ("the '069 Patent"). Plaintiff was also instrumental in and knowledgeable concerning the '069 Patent.

9. Defendant STV ASIA is the assignee of the '416 Patent and the '069 Patent (collectively, the "Patents").

10. In or about 1995, KIM acquired a controlling interest in STV ASIA. KIM is an investor and investment banker, and does not have detailed technical knowledge regarding the intellectual property that comprises the Patents.

11. Thereafter, Defendants discovered that PRN Corporation, a Delaware corporation with its headquarters and principal place of business in San Francisco, California (hereinafter, "PRN"), was unlawfully infringing upon the Patents to develop "Premier Retail Networks" at more than 5,000 retail stores located within and throughout the United States.

12. On or about March 2, 2006, at KIM's direction, STV ASIA filed a patent infringement action against PRN (STV Asia Ltd., Plaintiff, v. PRN Corporation and Best Buy Company, Inc., Defendants, Case No. C06-1664-JCS) in the United States District Court for the Northern District of California. The action is venued in the San Francisco Division of the District Court.

13. In 2005, several months before the patent infringement action against PRN was filed, KIM contacted Plaintiff. Over the course of several meetings which took place in Northern California, KIM advised Plaintiff that he wanted Plaintiff to be "a partner" with him and STV ASIA in the contemplated litigation against PRN. On behalf of Defendants, and each of them, KIM sought to obtain Plaintiff's business, operational and technical advice and assistance in connection with the patent infringement litigation against PRN. Because KIM did not have operational and technical knowledge regarding the Patents and Plaintiff did, KIM told Plaintiff that he wanted Plaintiff to take the lead in working with and advising patent litigation counsel on the lawsuit against PRN. Shortly before the filing of the patent infringement lawsuit, Defendants and Plaintiff entered into an initial oral

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

agreement pursuant to which Plaintiff agreed to provide business, operational and technical advice and assistance to Defendants in exchange for fifteen percent (15%) of the net recovery from PRN (i.e., after reimbursement of the costs and expenses of the litigation), plus a 50 percent interest in a new "STV America" company to be formed for the purpose of using and exploiting the Patents in the United States.

14. Prior to entering into the initial agreement, the parties contemplated that Plaintiff's work and technical assistance would be on a limited, as needed basis. This understanding was the basis for the fifteen percent (15%) share initially allocated to Plaintiff. In fact, Plaintiff provided a substantial amount of critical and important technical support and assistance to Defendants in connection with the litigation against PRN – significantly more time and effort than the parties had anticipated at the time that they entered into the initial agreement. In or about October 2006, in recognition of the time already spent and the anticipated future time commitment and value of Plaintiff's business, operational and technical advice and assistance to Defendants, Plaintiff and KIM met and orally agreed to modify Plaintiff's compensation arrangements, consistent with the partnership between Plaintiff and Defendants, such that Plaintiff and Defendants would split any net recovery from PRN on an equal, fifty-fifty (50/50) basis, after reimbursement of the costs and expenses of the patent infringement litigation.

15. After entering into the modified agreement, KIM acknowledged the existence of the 50/50 split between Plaintiff and Defendants in his dealings with Plaintiff and with third parties.

16. In April and May, 2007, the parties to the patent infringement litigation participated in mediation in San Francisco, California. As a result of said mediation, Defendants have reached an agreement in principle with PRN to settle the patent infringement litigation, and to sell STV ASIA's rights under the Patents to PRN, for a total monetary recovery of less than $5 million. Plaintiff is informed and believes, and based thereon alleges, that under the terms of the settlement, PRN will acquire all of STV ASIA's rights under the Patents. Plaintiff is further informed and believes that the value of the Patents is substantially more than the amount PRN is paying under the settlement, and indeed the Patents' value may be as much as $75 million. Defendants have failed to aggressively

-4-

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

pursue the patent infringement claims against PRN or to otherwise represent and protect Plaintiff's equal financial interest in any monetary recovery from PRN.

17. Plaintiff is informed and believes, and based thereon alleges, that the completion of a definitive settlement agreement resolving the patent infringement litigation against PRN is imminent and that the agreement is likely to signed by the parties thereto during the week of May 14, 2007. KIM has recently denied and disavowed Defendants' contractual obligation to pay fifty percent (50%) of the net settlement proceeds to Plaintiff.

### FIRST CAUSE OF ACTION
(Breach of Initial Oral Contract)

18. Plaintiff realleges and incorporates herein by reference each and every allegation in Paragraphs 1 through 17 above.

19. In or about late February or early March 2006, Defendants and Plaintiff entered into an initial oral agreement pursuant to which Plaintiff agreed to provide business, operational and technical advice and assistance to Defendants in exchange for fifteen percent (15%) of the net recovery from PRN in the patent infringement litigation (after reimbursement of the costs and expenses of the litigation), plus Plaintiff's receipt of a a 50 percent interest in a new "STV America" company to be formed for the purpose of using and exploiting the Patents in the United States..

20. Plaintiff has performed all covenants and promises required on its part to be performed in accordance with the terms and conditions of his agreement with Defendants.

21. Defendants, and each of them, have breached the contract by, among other things, failing and refusing to pay fifteen percent of the net recovery received from PRN, and by failing and refusing to move forward with the formation of the STV America enterprise in which Plaintiff had been promised he would receive a 50 percent interest.

22. Plaintiff is informed and believes, and thereon alleges, that as a direct result of Defendants' breach of the initial agreement, Plaintiff has sustained damage in an amount to be proven at trial, which is well in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

-5-

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

## SECOND CAUSE OF ACTION
(Breach of Modified Oral Contract)

23. Plaintiff realleges and incorporates herein by reference each and every allegation in Paragraphs 1 through 22 above.

24. In or about October 2006, Plaintiff and Defendants modified their oral agreement. In recognition of their partnership and the substantially higher and initially unanticipated amount of time and business, operational and technical advice and assistance that Plaintiff was providing to Defendants and their counsel in the patent infringement litigation, Plaintiff and KIM orally agreed that Plaintiff and Defendants would split any net recovery from PRN on an equal, fifty-fifty (50/50) basis, after reimbursement of the costs and expenses of the litigation.

25. Plaintiff has performed all covenants and promises required on its part to be performed in accordance with the terms and conditions of the modified agreement with Defendants.

26. Defendants, and each of them, have breached the contract by, among other things, failing and refusing to pay fifty percent (50%) of the net recovery from the PRN settlement.

27. Plaintiff is informed and believes, and thereon alleges, that as a direct result of Defendants' breach of the modified agreement, Plaintiff has sustained damage in an amount to be proven at trial, which is well in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

## THIRD CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing)

28. Plaintiff realleges and incorporates herein by this reference each and every allegation in Paragraphs 1 through 27 above.

29. At all material times there existed in the oral agreements between the parties an implied covenant for Defendants to deal in fairness and in good faith toward Plaintiff in carrying out their contractual responsibilities under the agreements, so as not to impair Plaintiff's rights or abilities to realize the benefits of the agreements.

-6-

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

30. Defendants have breached the implied covenant of good faith and fair dealing by acts and omissions, including without limitation, by failing to timely pay Plaintiff for all amounts due and owing pursuant to the agreements and by knowingly inducing Plaintiff to perform all covenants and promises in accordance with the terms and conditions of the agreements, without intending to perform Defendants' own obligations under the agreements.

31. As a direct and proximate result of Defendants' breaches, Plaintiff has been damaged in an amount to be proven at trial, which is well in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

### FOURTH CAUSE OF ACTION
(Fraud – Intentional Misrepresentation)

32. Plaintiff realleges and incorporates herein by reference each and every allegation in Paragraphs 1 through 31 above.

33. Prior to entering into the modified agreement in or about October 2006, KIM represented to Plaintiff that Defendants would agree to split any net recovery from PRN with Plaintiff on an equal, fifty-fifty (50/50) basis. KIM made these representations to Plaintiff for and on behalf of Defendants, and each of them.

34. Defendants' representations were false. In fact, Defendants had no intention of paying Plaintiff fifty percent (50%) of the net recovery from PRN, or otherwise honoring the promises made to Plaintiff in connection with the modified agreement. At the time Defendants made these representations, Defendants, and each of them, knew their representations were false but made them with the intent to deceive Plaintiff and induce Plaintiff to enter into the modified agreement and to continue working on Defendants' behalf in connection with the patent infringement litigation.

35. Plaintiff believed Defendants' representations to be true, relied upon them and agreed to enter into the modified agreement with Defendants and work on behalf of Defendants as alleged above.

36. Plaintiff did enter into the modified agreement with Defendants and performed all duties and obligations required of him, yet Defendants have now failed and refused to split the net recovery from PRN with Plaintiff on an equal, fifty-fifty (50/50) basis.

37. As a direct, foreseeable and proximate result of Plaintiff's reliance upon Defendants'

-7-

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

false representations, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial, but not less than the jurisdictional minimum of this Court.

38. Defendants' conduct and acts as heretofore alleged were oppressive, fraudulent and malicious such that it warrants the imposition of punitive damages in an amount to be determined by the jury at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

### FIFTH CAUSE OF ACTION
(Conversion)

39. Plaintiff realleges and incorporates herein by reference each and every allegation in Paragraphs 1 through 38 above.

40. Defendants have obtained a substantial monetary recovery from PRN in settlement of the patent infringement litigation.

41. Plaintiff has an interest in and right to possession of fifty percent (50%) of the net monetary recovery received from PRN in the patent infringement litigation, which Plaintiff earned by providing substantial business, operational and technical advice and assistance to Defendants in connection with the patent infringement litigation against PRN, pursuant to the modified agreement between Plaintiff and Defendants.

42. Defendants have wrongfully failed to pay said fifty percent (50%) share of the net recovery to Plaintiff and instead wrongfully took and converted Plaintiff's money for their own use, despite Plaintiff's demand for payment. The amount of money converted by Defendants is a specifically identified and definite sum under the terms of the modified agreement to be proven at trial.

43. As a direct and proximate result of Defendants' conversion, Plaintiff has been damaged in an amount to be determined at trial and includes any and all applicable interest on said converted money.

44. At the time Defendants converted the money, Defendants were guilty of malice, oppression and willful and conscious disregard for the rights of Plaintiff in that Defendants, knowingly and with reckless indifference and willful and conscious disregard for the rights of Plaintiff, did convert the money.

-8-

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

45. Further, with knowledge and notice of Plaintiff's interest in the converted money, and after a demand by Plaintiff to Defendants to pay Plaintiff his full fifty percent (50%) share of the net recovery from PRN, Defendants failed and refused, and continue to fail and refuse, to pay and return the converted money to Plaintiff. Defendants' acts alleged above were willful, wanton, malicious, and oppressive and were undertaken with the intent to defraud Plaintiff, justifying the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

### SIXTH CAUSE OF ACTION
(Breach of Fiduciary Duty)

46. Plaintiff realleges and incorporates by reference herein each and every allegation in Paragraphs 1 through 45 above.

47. At all times relevant herein, and by reason of the oral agreements under which Plaintiff and Defendants are to share in the net recovery from PRN in the patent infringement litigation, Plaintiff and Defendants were joint venturers and de facto partners with respect the outcome of said litigation, and a confidential or fiduciary relationship existed and continues to exist between Plaintiff and Defendants with respect thereto.

48. By virtue of the contractual arrangement between the parties, a fiduciary duty exists such that Defendants owed to Plaintiff the highest duty of honesty, integrity, loyalty and care in their dealings with Plaintiff.

49. Defendants breached their fiduciary duties when they began acting in their own interests at the expense of Plaintiff, including but not limited to settling the STV ASIA patent infringement lawsuit against PRN by transferring and selling the Patents to PRN outright at a fraction of the value of the Patents and patent infringement damage claims against PRN, and by failing to pay Plaintiff his 50 percent share of the net recovery from PRN in said litigation.

50. As a direct and proximate result of Defendants' breaches of fiduciary duty, as alleged herein, Plaintiff has been deprived of substantial income and moneys due and owing to him under the oral agreements, in an amount to be proven at trial, but not less than the jurisdictional minimum of this

-9-

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

Court. Furthermore, said breaches of fiduciary duty by Defendants were intentional, malicious and oppressive, giving rise to the right of Plaintiff to recover punitive damages from Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

### SEVENTH CAUSE OF ACTION
(Imposition of a Constructive Trust)

51. Plaintiff realleges and incorporates by reference herein each and every allegation in Paragraphs 1 through 50 above.

52. Defendants have failed and refused and continues to fail and refuse to pay Plaintiff any share of the moneys recovered from PRN in the patent infringement litigation.

53. By virtue of Defendants' wrongful, fraudulent, wrongful and tortious acts alleged above, Defendants hold the funds described above as a constructive trustee for Plaintiff's benefit.

54. Also, and by virtue of the relationship of trust and confidence which existed between Plaintiff and Defendants, Defendants hold the funds described above as a constructive trustee for Plaintiff's benefit.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages, plus prejudgment interest thereon at the maximum legally permissible rate, in an amount according to proof at trial;
2. For punitive and exemplary damages, in an amount according to proof at trial;
3. For return of all moneys converted;
4. For interest on the converted money pursuant to Civil Code §§ 3336 and 3287(a) of the California Civil Code from a date according to proof;
5. For damages for the proximate and foreseeable loss resulting from defendants' conversion according to proof;
6. For damages for time and money properly expended in pursuit of the converted money according to proof;
7. For an order declaring that Defendants hold the money described above in trust for Plaintiff;
8. For an order compelling Defendants to convey to Plaintiff all money held in trust;

-10-

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

9. For a right to attach order and writ of attachment pursuant to Code of Civil Procedure § 480.010, et seq., with respect to any and all proceeds of any recovery from PRN in the patent infringement litigation, pending the outcome of trial;

10. For costs of suit herein incurred; and

11. For such other and further relief as the Court deems just and proper.

DATED: May 16, 2007

Respectfully submitted,

BOWLES & VERNA LLP

By _____
RICHARD T. BOWLES
DAVID W. TROTTER
Attorneys for Plaintiff
Frank Nemirofsky

-11-

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

## PROOF OF SERVICE

The undersigned declares: I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 4 Embarcadero Center, 39th Floor, San Francisco, CA 94111.

On the date stated below, I served the following documents:

- **NOTICE OF REMOVAL**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

Richard Bowles, Esq.
David W. Trotter, Esq.
Bowles & Verna LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, CA 94596

__X__ **MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated. I am readily familiar with the business practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

____ **FEDERAL EXPRESS – OVERNIGHT DELIVERY:** I caused such envelope to be deposited with the Federal Express Office prior to the cut-off time for next day delivery with a shipping label properly filled out with delivery to be made to the addressee designated.

____ **HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

____ **VIA FAX:** The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

__X__ **(FEDERAL):** I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

____ **(STATE):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 25, 2007 at San Francisco, California.

_____
Cynthia Lee