# Exhibit A
## to Declaration of Seok Ki Kim
## in Support of *Ex Parte* Application
## for Order Vacating or Modifying
## Temporary Protective Orders

# Case No. C 07-2769 JL

# EXHIBIT A
# FILED UNDER SEAL

# (SUBJECT TO COURT APPROVAL)

# Exhibit B
# to Declaration of Seok Ki Kim
# in Support of *Ex Parte* Application
# for Order Vacating or Modifying
# Temporary Protective Orders

# Case No. C 07-2769 JL

1  RICHARD T. BOWLES (#46234)
   DAVID W. TROTTER (# 97121)
2  BOWLES & VERNA LLP
   2121 N. California Boulevard, Suite 875
3  Walnut Creek, California 94596
   Telephone: (925) 935-3300
4  Facsimile: (925) 935-0371

5  Attorneys for Plaintiff
   Frank Nemirofsky
6

7

8              SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF SAN FRANCISCO

10  FRANK NEMIROFSKY,                        Case No. CGC 07- 463428

11         Plaintiff,                        COMPLAINT OF PLAINTIFF FRANK
                                             NEMIROFSKY FOR BREACH OF
12  v.                                       CONTRACT, BREACH OF IMPLIED
                                             COVENANT OF GOOD FAITH AND
13  SEOK KI KIM; STV ASIA, LTD., a British   FAIR DEALING, FRAUD, CONVERSION,
    Virgin Islands corporation; and DOES 1 through  BREACH OF FIDUCIARY DUTY AND
14  20, Inclusive,                           CONSTRUCTIVE TRUST

15         Defendants.

16

17

18         Plaintiff FRANK NEMIROFSKY (hereinafter, "Plaintiff") complains of Defendants, and each

19  of them, as follows:

20                        **THE PARTIES**

21         1.    Plaintiff FRANK NEMIROFSKY is an individual residing in Alamo and doing

22  business in the City of San Ramon, Contra Costa County, California.

23         2.    Plaintiff is informed and believes, and on that basis alleges, that Defendant SEOK KI

24  KIM (hereinafter, "KIM") is, and at all times mentioned herein was, a South Korean national residing

25  in Hong Kong and/or Japan. Plaintiff is further informed and believes, and on that basis alleges, that

26  KIM has done and is doing business in the State of California as is more fully alleged herein.

27

28

Bowles & Verna LLP
121 N. California Blvd.
Suite 875
Walnut Creek 94596

                                    -1-

ENDORSED
FILED
San Francisco County Superior Court

MAY 16 2007

GORDON PARK-LI, Clerk
BY: CRISTI A. F. BAUTISTA
Deputy Clerk
CASE MANAGEMENT CONFERENCE SET

OCT 19 2007 -9:00 AM

DEPARTMENT 212

3.     Plaintiff is informed and believes, and on that basis alleges, that Defendant STV ASIA LTD. ("STV ASIA") is incorporated in the British Virgin Islands and has a principal place of business in Hong Kong. Plaintiff is further informed and believes, and on that basis alleges, that STV ASIA has done and is doing business in the State of California as is more fully alleged herein, and that STV ASIA is owned and/or controlled by KIM. KIM and STV ASIA have both availed themselves of the courts in the State of California.

4.     The true names and capacities whether individual, corporate, associate, or otherwise, of Doe defendants 1 through 20, inclusive, are unknown to Plaintiff at this time, and as such, Plaintiff therefore sues said defendants by such fictitious names and will ask leave of Court to amend this Complaint to show the true names and capacities when same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as Doe defendants is responsible in some manner for the events and happenings herein referred to and which proximately caused damages as alleged herein. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants sued herein is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by such defendants.

5.     Plaintiff is informed and believes, and on that basis alleges, that each of the defendants herein, except as specifically alleged otherwise, is and was at all times an agent, employee, representative, partner or joint venturer with the remaining defendants, and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and on that basis alleges, that each of the defendants herein ratified, authorized and/or gave consent to the acts alleged herein of the remaining defendants.

6.     KIM, STV ASIA and Does 1 through 20 are hereinafter collectively referred to herein as "Defendants."

## GENERAL ALLEGATIONS

7.     Plaintiff is an inventor. On August 7, 1992, Plaintiff filed Application No. 926,664 in the United States Patent and Trademark Office for the patenting of a unique "Video Media Distribution Network Apparatus and Method", allowing video programs (usually advertisements) to be transmitted

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

1  from a distribution center to a multitude of receiving sites, typically retail stores, dispersed over a wide

2  geographic area.  On May 2, 1995, the United States Patent and Trademark Office issued U.S. Patent

3  No. 5,412,416 ("the '416 Patent") to Plaintiff for said invention.

4    8.    On November 9, 1999, the United States Patent and Trademark Office issued U.S.

5  Patent No. 5,983,069, entitled "Point of Purchase Video Distribution System" ("the '069 Patent").

6  Plaintiff was also instrumental in and knowledgeable concerning the '069 Patent.

7    9.    Defendant STV ASIA is the assignee of the '416 Patent and the '069 Patent

8  (collectively, the "Patents").

9    10.    In or about 1995, KIM acquired a controlling interest in STV ASIA.  KIM is an investor

10  and investment banker, and does not have detailed technical knowledge regarding the intellectual

11  property that comprises the Patents.

12    11.    Thereafter, Defendants discovered that PRN Corporation, a Delaware corporation with

13  its headquarters and principal place of business in San Francisco, California (hereinafter, "PRN"), was

14  unlawfully infringing upon the Patents to develop "Premier Retail Networks" at more than 5,000 retail

15  stores located within and throughout the United States.

16    12.    On or about March 2, 2006, at KIM's direction, STV ASIA filed a patent infringement

17  action against PRN (STV Asia Ltd., Plaintiff, v. PRN Corporation and Best Buy Company, Inc.,

18  Defendants, Case No. C06-1664-JCS) in the United States District Court for the Northern District of

19  California.  The action is venued in the San Francisco Division of the District Court.

20    13.    In 2005, several months before the patent infringement action against PRN was filed,

21  KIM contacted Plaintiff.  Over the course of several meetings which took place in Northern California,

22  KIM advised Plaintiff that he wanted Plaintiff to be "a partner" with him and STV ASIA in the

23  contemplated litigation against PRN.  On behalf of Defendants, and each of them, KIM sought to

24  obtain Plaintiff's business, operational and technical advice and assistance in connection with the

25  patent infringement litigation against PRN.  Because KIM did not have operational and technical

26  knowledge regarding the Patents and Plaintiff did, KIM told Plaintiff that he wanted Plaintiff to take

27  the lead in working with and advising patent litigation counsel on the lawsuit against PRN.  Shortly

28  before the filing of the patent infringement lawsuit, Defendants and Plaintiff entered into an initial oral

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF
IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF
FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

1   agreement pursuant to which Plaintiff agreed to provide business, operational and technical advice and

2   assistance to Defendants in exchange for fifteen percent (15%) of the net recovery from PRN (i.e.,

3   after reimbursement of the costs and expenses of the litigation), plus a 50 percent interest in a new

4   "STV America" company to be formed for the purpose of using and exploiting the Patents in the

5   United States.

6        14.    Prior to entering into the initial agreement, the parties contemplated that Plaintiff's

7   work and technical assistance would be on a limited, as needed basis. This understanding was the

8   basis for the fifteen percent (15%) share initially allocated to Plaintiff. In fact, Plaintiff provided a

9   substantial amount of critical and important technical support and assistance to Defendants in

10   connection with the litigation against PRN – significantly more time and effort than the parties had

11   anticipated at the time that they entered into the initial agreement. In or about October 2006, in

12   recognition of the time already spent and the anticipated future time commitment and value of

13   Plaintiff's business, operational and technical advice and assistance to Defendants, Plaintiff and KIM

14   met and orally agreed to modify Plaintiff's compensation arrangements, consistent with the partnership

15   between Plaintiff and Defendants, such that Plaintiff and Defendants would split any net recovery from

16   PRN on an equal, fifty-fifty (50/50) basis, after reimbursement of the costs and expenses of the patent

17   infringement litigation.

18        15.    After entering into the modified agreement, KIM acknowledged the existence of the

19   50/50 split between Plaintiff and Defendants in his dealings with Plaintiff and with third parties.

20        16.    In April and May, 2007, the parties to the patent infringement litigation participated in

21   mediation in San Francisco, California. As a result of said mediation, Defendants have reached an

22   agreement in principle with PRN to settle the patent infringement litigation, and to sell STV ASIA's

23   rights under the Patents to PRN, for a total monetary recovery of less than $5 million. Plaintiff is

24   informed and believes, and based thereon alleges, that under the terms of the settlement; PRN will

25   acquire all of STV ASIA's rights under the Patents. Plaintiff is further informed and believes that the

26   value of the Patents is substantially more than the amount PRN is paying under the settlement, and

27   indeed the Patents' value may be as much as $75 million. Defendants have failed to aggressively

28

Bowles & Verna LLP
121 N. California Blvd.
Suite 875
Walnut Creek 94596

-4-

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF
IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF
FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

1    pursue the patent infringement claims against PRN or to otherwise represent and protect Plaintiff's

2    equal financial interest in any monetary recovery from PRN.

3        17.    Plaintiff is informed and believes, and based thereon alleges, that the completion of a

4    definitive settlement agreement resolving the patent infringement litigation against PRN is imminent

5    and that the agreement is likely to signed by the parties thereto during the week of May 14, 2007.  KIM

6    has recently denied and disavowed Defendants' contractual obligation to pay fifty percent (50%) of the

7    net settlement proceeds to Plaintiff.

8                       **FIRST CAUSE OF ACTION**
                       **(Breach of Initial Oral Contract)**
9

10        18.    Plaintiff realleges and incorporates herein by reference each and every allegation in

11    Paragraphs 1 through 17 above.

12        19.    In or about late February or early March 2006, Defendants and Plaintiff entered into an

13    initial oral agreement pursuant to which Plaintiff agreed to provide business, operational and technical

14    advice and assistance to Defendants in exchange for fifteen percent (15%) of the net recovery from

15    PRN in the patent infringement litigation (after reimbursement of the costs and expenses of the

16    litigation), plus Plaintiff's receipt of a a 50 percent interest in a new "STV America" company to be

17    formed for the purpose of using and exploiting the Patents in the United States..

18        20.    Plaintiff has performed all covenants and promises required on its part to be performed

19    in accordance with the terms and conditions of his agreement with Defendants.

20        21.    Defendants, and each of them, have breached the contract by, among other things,

21    failing and refusing to pay fifteen percent of the net recovery received from PRN, and by failing and

22    refusing to move forward with the formation of the STV America enterprise in which Plaintiff had

23    been promised he would receive a 50 percent interest.

24        22.    Plaintiff is informed and believes, and thereon alleges, that as a direct result of

25    Defendants' breach of the initial agreement, Plaintiff has sustained damage in an amount to be proven

26    at trial, which is well in excess of the jurisdictional minimum of this Court.

27        WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

28

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

-5-

**COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST**

## SECOND CAUSE OF ACTION
### (Breach of Modified Oral Contract)

23.     Plaintiff realleges and incorporates herein by reference each and every allegation in Paragraphs 1 through 22 above.

24.     In or about October 2006, Plaintiff and Defendants modified their oral agreement.  In recognition of their partnership and the substantially higher and initially unanticipated amount of time and business, operational and technical advice and assistance that Plaintiff was providing to Defendants and their counsel in the patent infringement litigation, Plaintiff and KIM orally agreed that Plaintiff and Defendants would split any net recovery from PRN on an equal, fifty-fifty (50/50) basis, after reimbursement of the costs and expenses of the litigation.

25.     Plaintiff has performed all covenants and promises required on its part to be performed in accordance with the terms and conditions of the modified agreement with Defendants.

26.     Defendants, and each of them, have breached the contract by, among other things, failing and refusing to pay fifty percent (50%) of the net recovery from the PRN settlement.

27.     Plaintiff is informed and believes, and thereon alleges, that as a direct result of Defendants' breach of the modified agreement, Plaintiff has sustained damage in an amount to be proven at trial, which is well in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

## THIRD CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

28.     Plaintiff realleges and incorporates herein by this reference each and every allegation in Paragraphs 1 through 27 above.

29.     At all material times there existed in the oral agreements between the parties an implied covenant for Defendants to deal in fairness and in good faith toward Plaintiff in carrying out their contractual responsibilities under the agreements, so as not to impair Plaintiff's rights or abilities to realize the benefits of the agreements.

Bowles & Verna LLP
1121 N. California Blvd.
Suite 875
Walnut Creek 94596

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

30.     Defendants have breached the implied covenant of good faith and fair dealing by acts and omissions, including without limitation, by failing to timely pay Plaintiff for all amounts due and owing pursuant to the agreements and by knowingly inducing Plaintiff to perform all covenants and promises in accordance with the terms and conditions of the agreements, without intending to perform Defendants' own obligations under the agreements.

31.     As a direct and proximate result of Defendants' breaches, Plaintiff has been damaged in an amount to be proven at trial, which is well in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

## FOURTH CAUSE OF ACTION
### (Fraud – Intentional Misrepresentation)

32.     Plaintiff realleges and incorporates herein by reference each and every allegation in Paragraphs 1 through 31 above.

33.     Prior to entering into the modified agreement in or about October 2006, KIM represented to Plaintiff that Defendants would agree to split any net recovery from PRN with Plaintiff on an equal, fifty-fifty (50/50) basis.  KIM made these representations to Plaintiff for and on behalf of Defendants, and each of them.

34.     Defendants' representations were false.  In fact, Defendants had no intention of paying Plaintiff fifty percent (50%) of the net recovery from PRN, or otherwise honoring the promises made to Plaintiff in connection with the modified agreement.  At the time Defendants made these representations, Defendants, and each of them, knew their representations were false but made them with the intent to deceive Plaintiff and induce Plaintiff to enter into the modified agreement and to continue working on Defendants' behalf in connection with the patent infringement litigation.

35.     Plaintiff believed Defendants' representations to be true, relied upon them and agreed to enter into the modified agreement with Defendants and work on behalf of Defendants as alleged above.

36.     Plaintiff did enter into the modified agreement with Defendants and performed all duties and obligations required of him, yet Defendants have now failed and refused to split the net recovery from PRN with Plaintiff on an equal, fifty-fifty (50/50) basis.

37.     As a direct, foreseeable and proximate result of Plaintiff's reliance upon Defendants'

-7-

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

1   false representations, Plaintiff has suffered and will continue to suffer damages in an amount to be

2   determined at trial, but not less than the jurisdictional minimum of this Court.

3           38.    Defendants' conduct and acts as heretofore alleged were oppressive, fraudulent and

4   malicious such that it warrants the imposition of punitive damages in an amount to be determined by

5   the jury at trial.

6           WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

7                        **FIFTH CAUSE OF ACTION**
                              **(Conversion)**
8

9           39.    Plaintiff realleges and incorporates herein by reference each and every allegation in

10  Paragraphs 1 through 38 above.

11          40.    Defendants have obtained a substantial monetary recovery from PRN in settlement of

12  the patent infringement litigation.

13          41.    Plaintiff has an interest in and right to possession of fifty percent (50%) of the net

14  monetary recovery received from PRN in the patent infringement litigation, which Plaintiff earned by

15  providing substantial business, operational and technical advice and assistance to Defendants in

16  connection with the patent infringement litigation against PRN, pursuant to the modified agreement

17  between Plaintiff and Defendants.

18          42.    Defendants have wrongfully failed to pay said fifty percent (50%) share of the net

19  recovery to Plaintiff and instead wrongfully took and converted Plaintiff's money for their own use,

20  despite Plaintiff's demand for payment.  The amount of money converted by Defendants is a

21  specifically identified and definite sum under the terms of the modified agreement to be proven at trial.

22          43.    As a direct and proximate result of Defendants' conversion, Plaintiff has been damaged

23  in an amount to be determined at trial and includes any and all applicable interest on said converted

24  money.

25          44.    At the time Defendants converted the money, Defendants were guilty of malice,

26  oppression and willful and conscious disregard for the rights of Plaintiff in that Defendants, knowingly

27  and with reckless indifference and willful and conscious disregard for the rights of Plaintiff, did

28  convert the money.

-8-

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF
IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF
FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

45.     Further, with knowledge and notice of Plaintiff's interest in the converted money, and after a demand by Plaintiff to Defendants to pay Plaintiff his full fifty percent (50%) share of the net recovery from PRN, Defendants failed and refused, and continue to fail and refuse, to pay and return the converted money to Plaintiff. Defendants' acts alleged above were willful, wanton, malicious, and oppressive and were undertaken with the intent to defraud Plaintiff, justifying the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

### SIXTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

46.     Plaintiff realleges and incorporates by reference herein each and every allegation in Paragraphs 1 through 45 above.

47.     At all times relevant herein, and by reason of the oral agreements under which Plaintiff and Defendants are to share in the net recovery from PRN in the patent infringement litigation, Plaintiff and Defendants were joint venturers and de facto partners with respect the outcome of said litigation, and a confidential or fiduciary relationship existed and continues to exist between Plaintiff and Defendants with respect thereto.

48.     By virtue of the contractual arrangement between the parties, a fiduciary duty exists such that Defendants owed to Plaintiff the highest duty of honesty, integrity, loyalty and care in their dealings with Plaintiff.

49.     Defendants breached their fiduciary duties when they began acting in their own interests at the expense of Plaintiff, including but not limited to settling the STV ASIA patent infringement lawsuit against PRN by transferring and selling the Patents to PRN outright at a fraction of the value of the Patents and patent infringement damage claims against PRN, and by failing to pay Plaintiff his 50 percent share of the net recovery from PRN in said litigation.

50.     As a direct and proximate result of Defendants' breaches of fiduciary duty, as alleged herein, Plaintiff has been deprived of substantial income and moneys due and owing to him under the oral agreements, in an amount to be proven at trial, but not less than the jurisdictional minimum of this

-9-

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

1  Court.  Furthermore, said breaches of fiduciary duty by Defendants were intentional, malicious and

2  oppressive, giving rise to the right of Plaintiff to recover punitive damages from Defendants.

3        WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

## SEVENTH CAUSE OF ACTION
### (Imposition of a Constructive Trust)

6        51.    Plaintiff realleges and incorporates by reference herein each and every allegation in

7  Paragraphs 1 through 50 above.

8        52.    Defendants have failed and refused and continues to fail and refuse to pay Plaintiff any

9  share of the moneys recovered from PRN in the patent infringement litigation.

10        53.    By virtue of Defendants' wrongful, fraudulent, wrongful and tortious acts alleged

11  above, Defendants hold the funds described above as a constructive trustee for Plaintiff's benefit.

12        54.    Also, and by virtue of the relationship of trust and confidence which existed between

13  Plaintiff and Defendants, Defendants hold the funds described above as a constructive trustee for

14  Plaintiff's benefit.

15        WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

16        1.    For compensatory damages, plus prejudgment interest thereon at the maximum legally

17              permissible rate, in an amount according to proof at trial;

18        2.    For punitive and exemplary damages, in an amount according to proof at trial;

19        3.    For return of all moneys converted;

20        4.    For interest on the converted money pursuant to Civil Code §§ 3336 and 3287(a) of

21              the California Civil Code from a date according to proof;

22        5.    For damages for the proximate and foreseeable loss resulting from defendants'

23              conversion according to proof;

24        6.    For damages for time and money properly expended in pursuit of the converted

25              money according to proof;

26        7.    For an order declaring that Defendants hold the money described above in trust for

27              Plaintiff;

28        8.    For an order compelling Defendants to convey to Plaintiff all money held in trust;

-10-

COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF
IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF
FIDUCIARY DUTY AND CONSTRUCTIVE TRUST

9.    For a right to attach order and writ of attachment pursuant to Code of Civil Procedure § 480.010, et seq., with respect to any and all proceeds of any recovery from PRN in the patent infringement litigation, pending the outcome of trial;

10.    For costs of suit herein incurred; and

11.    For such other and further relief as the Court deems just and proper.

DATED: May 16, 2007             Respectfully submitted,

BOWLES & VERNA LLP

By _____
RICHARD T. BOWLES
DAVID W. TROTTER
Attorneys for Plaintiff
Frank Nemirofsky

Bowles & Verna LLP
!!21 N. California Blvd.
Suite 875
Walnut Creek 94596

**COMPLAINT OF PLAINTIFF FRANK NEMIROFSKY FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, CONVERSION, BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE TRUST**

# Exhibit C
## to Declaration of Seok Ki Kim in Support of *Ex Parte* Application for Order Vacating or Modifying Temporary Protective Orders

# Case No. C 07-2769 JL

AT-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, stat    mber, and address):* | FOR COURT USE ONLY |
|---|---|
| — David W. Trotter                          97121<br>BOWLES & VERNA LLP<br>2121 N. California Boulevard, Suite 875<br>Walnut Creek, California 94596<br>TELEPHONE NO.: (925) 935-3300  FAX NO.: (925) 935-0371<br>ATTORNEY FOR *(Name):* Plaintiff | ENDORSED FILED<br>SUPERIOR COURT<br>COUNTY OF SAN FRANCISCO<br><br>MAY 1 6 2007<br><br>GORDON PARK-LI, CLERK<br>BY: _____<br>Deputy Clerk |

NAME OF COURT: San Francisco Superior Court
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF:  Frank Nemirofsky

DEFENDANT: Seok Ki Kim and STV Asia Ltd.

| APPLICATION FOR | CASE NUMBER: |
|---|---|
| [X] RIGHT TO ATTACH ORDER  [ ] TEMPORARY PROTECTIVE ORDER<br>[X] ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT<br>[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT<br>  [ ] After Hearing    [X] Ex Parte<br>  [X] Against Property of Nonresident | 2007- 463428 |

1.  Plaintiff *(name):* Frank Nemirofsky
    applies [ ] after hearing  [X] ex parte  for
    a.  [X] a right to attach order and writ of attachment.
    b.  [X] an additional writ of attachment.
    c.  [ ] a temporary protective order.
    d.  [ ] an order directing the defendant to transfer to the levying officer possession of
        (1)  [ ] property in defendant's possession.
        (2)  [ ] documentary evidence in defendant's possession of title to property.
        (3)  [ ] documentary evidence in defendant's possession of debt owed to defendant.

2.  Defendant *(name):* Seok Ki Kim
    a.  [X] is a natural person who
        (1)  [ ] resides in California.
        (2)  [X] does not reside in California.
    b.  [ ] is a corporation
        (1)  [ ] qualified to do business in California.
        (2)  [ ] not qualified to do business in California.
    c.  [ ] is a California partnership or other unincorporated association.
    d.  [ ] is a foreign partnership that
        (1)  [ ] has filed a designation under Corporations Code section 15800.
        (2)  [ ] has not filed a designation under Corporations Code section 15800.
    e.  [ ] is other *(specify)* :

3.  Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section
    483.010.

4.  Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5.  Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under
    Title 11 of the United States Code (Bankruptcy).

(Continued on reverse)                                        Page one of three

APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY
PROTECTIVE ORDER, ETC. (Attachment)

Code of Civil Procedure,
§§ 482.030, 484.010 et seq.

Nemirofsky

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| — Nemirofsky v. Kim | |

6.  ☒ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7.  The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
    a. ☐ verified complaint.
    b. ☒ attached affidavit or declaration.
    c. ☐ following facts *(specify)*:

8.  The amount to be secured by the attachment is: $    1,921,688.00
    a. ☐ which includes estimated costs of:    $
    b. ☐ which includes estimated allowable attorney fees of:    $

9.  Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
    a. ☐ Any property of a defendant who is **not** a natural person.
       ☒ Any property of a nonresident defendant.
       ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify)*:

    d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

    e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
       *(Attach a copy.)*

12. ☒ Nonresident defendant has not filed a general appearance.

*(Continued on page three)*

APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY
PROTECTIVE ORDER, ETC. (Attachment)

Nemirofsky

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| — Nemirofsky v. Kim | |

13. a. Plaintiff ☒ alleges on ex parte application for order for writ of attachment
☐ is informed and believes on application for temporary protective order
that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

    (1) ☒ it may be inferred that there is a danger that the property sought to be attached will be
        (a) ☒ concealed.
        (b) ☐ substantially impaired in value.
        (c) ☒ made unavailable to levy by other than concealment or impairment in value.

    (2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).

    (3) ☐ a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

    (4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

    (5) ☐ other circumstances (specify) :

  b. The statements in item 13a are established by ☒ the attached affidavit or declaration
    ☐ the following facts (specify):

14. ☐ Plaintiff requests the following relief by temporary protective order(specify) :

15. Plaintiff
  a. ☐ has filed an undertaking in the amount of: $
  b. ☒ has not filed an undertaking.

Date: May 16, 2007

David W. Trotter         ▶ *David W. Trotter*
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)         (SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 16, 2007

Frank Nemirofsky         ▶
(TYPE OR PRINT NAME)         (SIGNATURE OF DECLARANT)

16. Number of pages attached:_____

APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY
PROTECTIVE ORDER, ETC. (Attachment)         Page three of three

Nemirofsky

AT-105

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |

David W. Trotter                      97121
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
  TELEPHONE NO.: (925) 935-3300   FAX NO.: (925) 935-0371
ATTORNEY FOR *(Name)*: Plaintiff

NAME OF COURT: San Francisco Superior Court
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF: Frank Nemirofsky

DEFENDANT: Seok Ki Kim and STV Asia Ltd.

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAY 1 6 2007

GORDON PARK-LI, CLERK
BY: _____
          Deputy Clerk

APPLICATION FOR
[X] RIGHT TO ATTACH ORDER  [ ] TEMPORARY PROTECTIVE ORDER
[X] ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT
[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT
   [ ] After Hearing      [ ] Ex Parte
   [X] Against Property of Nonresident

CASE NUMBER:

CGC-07-463428

1. Plaintiff *(name)*: Frank Nemirofsky
   applies [ ] after hearing  [X] ex parte  for
   a. [X] a right to attach order and writ of attachment.
   b. [ ] an additional writ of attachment.
   c. [ ] a temporary protective order.
   d. [ ] an order directing the defendant to transfer to the levying officer possession of
      (1) [ ] property in defendant's possession.
      (2) [ ] documentary evidence in defendant's possession of title to property.
      (3) [ ] documentary evidence in defendant's possession of debt owed to defendant.
2. Defendant *(name)*: STV Asia, Ltd.
   a. [ ] is a natural person who
      (1) [ ] resides in California.
      (2) [ ] does not reside in California.
   b. [X] is a corporation
      (1) [ ] qualified to do business in California.
      (2) [X] not qualified to do business in California.
   c. [ ] is a California partnership or other unincorporated association.
   d. [ ] is a foreign partnership that
      (1) [ ] has filed a designation under Corporations Code section 15800.
      (2) [ ] has not filed a designation under Corporations Code section 15800.
   e. [ ] is other *(specify)*:

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

*(Continued on reverse)*

Page one of three

Form Approved for Optional Use
Judicial Council of California
AT-105 [Rev. January 1, 2000]
Martin Dean's Essential Forms ™

APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY
PROTECTIVE ORDER, ETC. (Attachment)

Code of Civil Procedure,
§§ 482.030, 484.010 et seq.

Nemirofsky

| SHORT TITLE: | ‾E NUMBER: |
|---|---|
| Nemirofsky v. Kim | |

6. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☒ attached affidavit or declaration.
   c. ☐ following facts (specify) :

8. The amount to be secured by the attachment is: $  1,921,688.00
   a. ☐ which includes estimated costs of:  $
   b. ☐ which includes estimated allowable attorney fees of:  $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☒ Any property of a defendant who is **not** a natural person.
      ☐ Any property of a nonresident defendant.
      ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows (specify) :

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property (describe) :

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold(specify license number) :

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on (date) :
    (Attach a copy.)

12. ☒ Nonresident defendant has not filed a general appearance.

(Continued on page three)

AT-105 [Rev. January 1, 2000]
Martin Dean's Essential Forms ™

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Page two of three

Nemirofsky

| SHORT TITLE: | E NUMBER: |
|---|---|
| — Nemirofsky v. Kim | |

13. a.  Plaintiff    [X] alleges on ex parte application for order for writ of attachment
    [ ] is informed and believes on application for temporary protective order
    that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

(1)  [X] it may be inferred that there is a danger that the property sought to be attached will be
    (a) [X] concealed.
    (b) [ ] substantially impaired in value.
    (c) [X] made unavailable to levy by other than concealment or impairment in value.

(2)  [ ] defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).

(3)  [ ] a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4)  [ ] an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5)  [ ] other circumstances (specify) :

b.  The statements in item 13a are established by    [X] the attached affidavit or declaration
    [ ] the following facts (specify):

14.  [ ] Plaintiff requests the following relief by temporary protective order (specify) :

15.  Plaintiff
    a. [ ] has filed an undertaking in the amount of:  $
    b. [X] has not filed an undertaking.

Date: May 16, 2007

David W. Trotter
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ _David W. Trotter_ (signature)
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 16, 2007

Frank Nemirofsky
(TYPE OR PRINT NAME)

▶ (signature)
(SIGNATURE OF DECLARANT)

16.  Number of pages attached:_____

AT-105 [Rev. January 1, 2000]
Martin Dean's Essential Forms ™

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Page three of three

Nemirofsky