# Exhibit A
# to Declaration of D. Peter Harvey
# in Support of *Ex Parte* Application
# for Order Vacating or Modifying
# Temporary Protective Orders

# Case No. C 07-2769 JL



Richard T. Bowles
Michael P. Verna
Robert I. Westerfield
Richard A. Ergo
K.P. Dean Harper
Mary P. Sullivan
Kenneth G. Jones
Charles S. Goldman
Kenneth B. McKenzie

David W. Trotter
Jason J. Granskog
Bradley R. Bowles
Lawrence D. Goldberg
William T. Nagle
Cathleen S. Huang
Brian D. Horwitz
Michael P. Connolly
Steven P. McFarlane
Veronica Ann O. Benigno

May 22, 2007

MAY 2 2 2007

**VIA E-MAIL AND HAND DELIVERY**

FILE COPY

D. Peter Harvey, Esq.
Seth I. Appel, Esq.
Harvey Siskind LLP
Four Embarcadero Center, 39th Floor
San Francisco, California 94111

> Re:    **Frank Nemirofsky v. S.K. Kim and STV Asia Ltd.**
> **(San Francisco Superior Court Case No. CGC07-463428)**
>
> **STV Asia Ltd. v. PRN Corporation, et al. (N.D.Cal. Case No. C-06-1664 JCS)**

Gentlemen:

It has come to our attention that you are now acting as counsel for STV Asia Ltd. ("STV Asia") in the above-referenced patent infringement litigation brought by STV Asia against PRN Corporation and Premier Retail Networks, Inc. ("collectively, "PRN"). In that regard, we wish to bring the following facts to your attention.

As we believe you may already be aware, Frank Nemirofsky has retained Bowles & Verna LLP to represent his rights and interests in connection with his claim against Seok Ki Kim ("Kim") and STV Asia that he is entitled to receive 50 percent of the net recovery from the

**REDACTED**

On May 16, 2007, Mr. Nemirofsky filed a Complaint in San Francisco Superior Court in the above-referenced action. The Complaint alleges, among other things, that Defendants Kim and STV Asia are in breach of their contractual obligation to pay Mr. Nemirofsky a full 50 percent of the net recovery from PRN, after reimbursement of the costs and expenses of the litigation. By our calculation, 50 percent of the net recovery i**REDACTED**nd that amount is now due and owing to Mr. Nemirofsky.

California Plaza  ◆  2121 N. California Blvd.  ◆  Suite 875  ◆  P.O. Box 8180  ◆  Walnut Creek, CA 94596-8180
Phone (925) 935-3300  ◆  Fax (925) 935-0371  ◆  www.bowlesverna.com



D. Peter Harvey, Esq.
Seth I. Appel, Esq.
May 22, 2007
Page 2

In connection with the filing of the Complaint, the San Francisco Superior Court (the Hon. Bruce E. Chan) issued two Temporary Protective Orders at the request of Mr. Nemirofsky to protect his interest in the $1,921,688. Please be advised that the Temporary Protective Orders will remain in effect until June 26, 2007. At the Court's request, Plaintiff's application for a right to attach order and an order for issuance of a writ of attachment will be noticed and set for hearing on June 25, 2007, at 10:30 a.m. in Department 610 of the Court.

Under the terms of the Temporary Protective Orders, the Court found that Plaintiff has established the probable validity of Mr. Nemirofsky's claim against Defendants in the amount of $1,921,688, and that great and irreparable injury would result to Mr. Nemirofsky – due to the danger of concealment or improper transfer of the PRN settlement funds – if the Orders had not been issued. Accordingly, the Court has ordered that Defendants Kim and STV Asia shall not transfer, directly or indirectly, any interest in "any property" of Defendants. Each of the Temporary Protective Orders also specifically provides that "Squire, Sanders & Dempsey LLP shall not transfer, directly or indirectly, to anyone besides the Plaintiff the property described in" the Orders.

With the foregoing in mind, we raise the following points.

1.      In view of the Orders issued by the Court, we request that you confirm in writing

**REDACTED**

2.      The Orders in question preclude Defendants Kim and STV Asia from making any direct or indirect transfer of "any property" – even if that property never came into the SSD State Bar Trust Account. Thus, the Orders are also binding on your law firm insofar as you are now counsel for (and thus the agent of) STV Asia in the PRN litigation. **REDACTED** , those moneys are subject to the Temporary Protective Orders and may not be transferred to STV Asia or Kim.

On behalf of Mr. Nemirofsky, we would respectfully ask that you confirm in writing that your firm will also abide by the terms of the Temporary Protective Orders and will not transfer any portion of Mr. Nemirofsky's net 50 percent portion of the **REDACTED** proceeds to anyone other than Plaintiff, while the Temporary Protective Orders (or either of them) remain in effect.

3.      We hereby serve STV Asia and Kim with copies of the Summonses and Complaint, the Temporary Protective Orders and all other papers and legal process filed to date in the San Francisco action. Please confirm your acceptance of service of process on behalf of



D. Peter Harvey, Esq.
Seth I. Appel, Esq.
May 22, 2007
Page 3


STV Asia and/or Kim by executing the enclosed Notice(s) of Acknowledgement and Receipt(s) and returning them to us at your earliest convenience. Thank you.

4.    Finally, we believe it would be appropriate for the parties and/or their counsel to meet in the next few days to talk about the future direction of the San Francisco action. There are points about the case that we would prefer to share with you in person. Please contact Rick Bowles and/or me to discuss the scheduling of a meeting.

We look forward to hearing from you.

Very truly yours,

David W. Trotter

DWT:eld
Enclosures
cc:    Mr. Frank Nemirofsky (w/encls.)
       Richard T. Bowles, Esq. (w/o encls.)

# Exhibit B
# to Declaration of D. Peter Harvey
# in Support of *Ex Parte* Application
# for Order Vacating or Modifying
# Temporary Protective Orders

# Case No. C 07-2769 JL

# HARVEY ■ SISKIND LLP

May 27, 2007                                                                                                D. Peter Harvey

**VIA ELECTRONIC MAIL**
**TO: dtrotter@bowlesverna.com**

David W. Trotter, Esq.
Bowles & Verna LLP
California Plaza
2121 North California Blvd.
Suite 875
P.O. Box 8180
Walnut Creek, CA 94596-8180

> Re:    *Frank Nemirofsky v. Seok Ki Kim, et al.*
>          N. D. Cal. Case No. C 07 2769 JL

Dear Mr. Trotter:

This confirms my telephone call to your office Friday afternoon. Our firm represents Dr. Seok Ki Kim and STV Asia Ltd. in the above litigation. Per my voice mail message to you Friday, we filed a Notice of Removal in the case and the matter is now pending in Federal court under the above case number. In addition, we served you Friday with a copy of defendants' Counterclaim for abuse of process.

As I emphasized in my voice mail message, it is critical that we address immediately the Temporary Protective Orders which you have secured. Under plaintiff's theory of the case, he claims to be owed a maximum of $1,921,688. (*See* Supplemental Declaration of Frank Nemirofsky, ¶¶ 4(c), 5.) Yet the Temporary Protective Orders, which you prepared and the Court signed, purport to affect "[a]ny property of the Defendant" (TPOs, ¶ 2(i)); moreover, the Temporary Protective Orders, as drafted by you and signed by the Court, provide that "Squire, Sanders, & Dempsey LLP shall not transfer, directly or indirectly, to anyone besides the Plaintiff the property described in item 2i of the findings." As you and Mr. Nemirofsky well know, this has had the effect of freezing the entire proceeds of the          REDACTED          Moreover, Mr. Nemirofsky has secured this Order without a bond, contrary to the requirements of state law.

On behalf of Dr. Kim and STV Asia Ltd., we demand that Mr. Nemirofsky immediately agree to the following:

David W. Trotter, Esq.
May 27, 2007
Page 2

1.    Stipulated amendment of the TPOs to clarify that the maximum amount affected
      thereunder is $1,847,502.50, and expressly permitting immediate release of any funds
      held by any third party above that amount to STV Asia Ltd.;

2.    Written instructions from you to Squire, Sanders & Dempsey LLP, consistent with
      the amended TPO, to release all funds held for STV Asia Ltd. in excess of
      $1,847,502.50; and

3.    Posting of cash or an undertaking with a surety satisfactory to Dr. Kim and STV
      Asia Ltd. in the minimum amount of $500,000, to reimburse defendants for the loss
      of the use of those funds and other damages should the TPOs and any right to
      attach order prove to have been improvidently entered.

You should convey to Mr. Nemirofsky that Dr. Kim takes this matter extremely seriously.
In his effort to gain something to which he has no legitimate claim, Mr. Nemirofsky has made grave
misrepresentations of fact. His sworn declarations are replete with fabrications. He claims to have
achieved "agreement" with Dr. Kim on many subjects which were never agreed to, and as to matters
which his own documents freely confess were mere proposals that Dr. Kim rejected. He claims to
have documented his "agreements" with Dr. Kim in an unsigned, handwritten note that he never
furnished to Dr. Kim which appears to have been created to lend belated support to his version of
the facts. We encourage you to familiarize Mr. Nemirofsky with the consequences of such false
statements and the impact on you, as his counsel, under Rule 11 of the Federal Rules of Civil
Procedure when the "facts" he is claiming are shown – as we are confident they will be – to be
falsehoods.

Another point worth underscoring is that if Mr. Nemirofsky persists in pressing his claim for
half the settlement proceeds, he runs a serious risk of losing the 15% share of the net litigation
proceeds plus 15% of the value of the patent assignments which Dr. Kim has offered him – i.e., an
offer which generously exceeds what Dr. Kim is required to do by the parties' agreement. Because
_____ **REDACTED** _____  and the expenses of
the case were approximately $700,000, there were no "net proceeds," and Mr. Nemirofsky's 15%
share is actually worth zero.

Finally, I enclose an Amended Counterclaim. This corrects the period of Mr. Nemirofsky's
one year term as temporary director of STV Asia as commencing on July 1, 2005 and ending on July
31, 2006, rather than the period as stated in the Counterclaim, and also notes that the amount paid
in the **REDACTED** was reduced by $120,000 by reason of the 30% U.S. tax withholding required.
You should note that neither the original Counterclaim (served on you Friday but not filed) nor the
enclosure will be filed until our Administrative Motion to File Under Seal, pursuant to Civil Local

David W. Trotter, Esq.
May 27, 2007
Page 3

Rule 79-5, is determined, in order to abide by the confidentiality provisions of the PRN settlement agreement.

As the matter is now in Federal court, please remind Mr. Nemirofsky of his strict obligation to preserve all evidence in the case, particularly including electronically stored information which he is required to preserve and disclose as part of his Initial Disclosures and otherwise in response to discovery under the Federal Rules of Civil Procedure. You and I should meet and confer to agree upon the method and form of such disclosures as soon as practicable, as required under Rule 26(f).

Yours very truly,

D. Peter Harvey

DPH:abm
Enclosure

cc:    Dr. Seok Ki Kim