HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
e-mail: pharvey@harveysiskind.com
SETH I. APPEL (SBN 233421)
e-mail: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Defendants and Counterclaimants
SEOK KI KIM and STV ASIA, LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>        Plaintiff,<br><br>v.<br><br>SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.: C 07 2769 JL<br><br>ANSWER |
| SEOK KI KIM and STV ASIA, LTD., a British Virgin Islands corporation,<br><br>        Counterclaimants,<br><br>v.<br><br>FRANK NEMIROFSKY,<br><br>        Counterdefendant. | |

Seok Ki Kim and STV Asia, LTD. (collectively, "Defendants"), for their Answer to the Complaint of Frank Nemirofsky ("Plaintiff"), respond as follows:

-2-

1.  Answering the allegations of Paragraph 1 of the Complaint, Defendants are informed and believe that Plaintiff is an individual residing in Alamo, California. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 1, and on that basis deny the same.

2.  Answering the allegations of Paragraph 2 of the Complaint, Defendants admit that Seok Ki Kim ("Kim") is a South Korean citizen residing in Hong Kong and/or Japan. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 2.

3.  Answering the allegations of Paragraph 3 of the Complaint, Defendants admit that STV Asia, Ltd. ("STV") is a British Virgin Islands corporation with its principal place of business in Hong Kong, that STV has done business in California, and that STV is owned and/or controlled by Kim. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 3.

4.  Answering the allegations of Paragraph 4 of the Complaint, Defendants deny each and every such allegation.

5.  Answering the allegations of Paragraph 5 of the Complaint, Defendants deny each and every such allegation.

6.  Answering the allegations of Paragraph 6 of the Complaint, Defendants are without sufficient information to admit or deny such allegations, and on that basis deny the same.

7.  Answering the allegations of Paragraph 7 of the Complaint, Defendants are informed and believe that Plaintiff filed Application No. 07/926,664 in the United States Patent and Trademark Office (USPTO), for the product noted, on August 7, 1992, and that the USPTO issued U.S. Patent No. 5,412,416 to Plaintiff for that invention on May 2, 1995. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 7, and on that basis deny the same.

8.  Answering the allegations of Paragraph 8 of the Complaint, Defendants are informed and believe that the USPTO issued U.S. Patent No. 5,983,069, entitled "Point of Purchase Video Distribution System," on November 9, 1999. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 8, and on that basis deny the same.

9.  Answering the allegations of Paragraph 9 of the Complaint, Defendants admit that STV is the assignee of Patent Nos. 5,412,416 and 5,983,069.

10. Answering the allegations of Paragraph 10 of the Complaint, Defendants admit that Kim is, among other things, an investor and investment banker. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 10.

11. Answering the allegations of Paragraph 11 of the Complaint, Defendants admit that Defendants discovered that PRN Corporation ("PRN") was unlawfully infringing STV's patents to develop "Premier Retail Networks" at more than 5,000 retail stores located within and throughout the United States. Defendants are informed and believe that PRN is a Delaware Corporation with its principal place of business in San Francisco, California.

12. Answering the allegations of Paragraph 12 of the Complaint, Defendants admit that on or about March 2, 2006, at Kim's direction, STV filed a patent infringement action (Case No. C 06 1664 JCS) against PRN in the United States District Court for the Northern District of California, and that this action was assigned to the San Francisco division.

13. Answering the allegations of Paragraph 13 of the Complaint, Defendants admit that Kim contacted Plaintiff several months prior to the filing of Case No. C 06 1664 JCS. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 13.

14. Answering the allegations of Paragraph 14 of the Complaint, Defendants deny each and every such allegation.

15. Answering the allegations of Paragraph 15 of the Complaint, Defendants deny each and every such allegation.

16. Answering the allegations of Paragraph 16 of the Complaint, Defendants admit that in April and May 2007, the parties to Case No. C 06 1664 JCS participated in a mediation in San Francisco, California. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 16.

17. Answering the allegations of Paragraph 16 of the Complaint, Defendants admit that on approximately May 16, 2007, STV and PRN entered into an agreement whereby, among other things, the parties settled Case No. C 06 1664 JCS.

18. Answering the allegations of Paragraph 18 of the Complaint, Defendants incorporate by this reference each and every response set forth above in Paragraphs 1-17, inclusive, as though fully set forth herein.

19. Answering the allegations of Paragraph 19 of the Complaint, Defendants deny each and every such allegation.

20. Answering the allegations of Paragraph 20 of the Complaint, Defendants deny each and every such allegation.

21. Answering the allegations of Paragraph 21 of the Complaint, Defendants deny each and every such allegation.

22. Answering the allegations of Paragraph 22 of the Complaint, Defendants deny each and every such allegation.

23. Answering the allegations of Paragraph 23 of the Complaint, Defendants incorporate by this reference each and every response set forth above in Paragraphs 1-22, inclusive, as though fully set forth herein.

24. Answering the allegations of Paragraph 24 of the Complaint, Defendants deny each and every such allegation.

25. Answering the allegations of Paragraph 25 of the Complaint, Defendants deny each and every such allegation.

26. Answering the allegations of Paragraph 26 of the Complaint, Defendants deny each and every such allegation.

27. Answering the allegations of Paragraph 27 of the Complaint, Defendants deny each and every such allegation.

28. Answering the allegations of Paragraph 28 of the Complaint, Defendants incorporate by this reference each and every response set forth above in Paragraphs 1-27, inclusive, as though fully set forth herein.

29. Answering the allegations of Paragraph 29 of the Complaint, Defendants admit that all contracts include an implied covenant of good faith and fair dealing. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 29.

30. Answering the allegations of Paragraph 30 of the Complaint, Defendants deny each and every such allegation.

31. Answering the allegations of Paragraph 31 of the Complaint, Defendants deny each and every such allegation.

32. Answering the allegations of Paragraph 32 of the Complaint, Defendants incorporate by this reference each and every response set forth above in Paragraphs 1-31, inclusive, as though fully set forth herein.

33. Answering the allegations of Paragraph 33 of the Complaint, Defendants deny each and every such allegation.

34. Answering the allegations of Paragraph 34 of the Complaint, Defendants deny each and every such allegation.

35. Answering the allegations of Paragraph 35 of the Complaint, Defendants deny each and every such allegation.

36. Answering the allegations of Paragraph 36 of the Complaint, Defendants deny each and every such allegation.

37. Answering the allegations of Paragraph 37 of the Complaint, Defendants deny each and every such allegation.

38. Answering the allegations of Paragraph 38 of the Complaint, Defendants deny each and every such allegation.

39. Answering the allegations of Paragraph 39 of the Complaint, Defendants incorporate by this reference each and every response set forth above in Paragraphs 1-38, inclusive, as though fully set forth herein.

40. Answering the allegations of Paragraph 40 of the Complaint, Defendants deny each and every such allegation.

ANSWER                                                                                                  Case No.: C 07 2769 JL

41. Answering the allegations of Paragraph 41 of the Complaint, Defendants deny each and every such allegation.

42. Answering the allegations of Paragraph 42 of the Complaint, Defendants deny each and every such allegation.

43. Answering the allegations of Paragraph 43 of the Complaint, Defendants deny each and every such allegation.

44. Answering the allegations of Paragraph 44 of the Complaint, Defendants deny each and every such allegation.

45. Answering the allegations of Paragraph 45 of the Complaint, Defendants deny each and every such allegation.

46. Answering the allegations of Paragraph 46 of the Complaint, Defendants incorporate by this reference each and every response set forth above in Paragraphs 1-45, inclusive, as though fully set forth herein.

47. Answering the allegations of Paragraph 47 of the Complaint, Defendants deny each and every such allegation.

48. Answering the allegations of Paragraph 48 of the Complaint, Defendants deny each and every such allegation.

49. Answering the allegations of Paragraph 49 of the Complaint, Defendants deny each and every such allegation.

50. Answering the allegations of Paragraph 50 of the Complaint, Defendants deny each and every such allegation.

51. Answering the allegations of Paragraph 51 of the Complaint, Defendants incorporate by this reference each and every response set forth above in Paragraphs 1-50, inclusive, as though fully set forth herein.

52. Answering the allegations of Paragraph 52 of the Complaint, Defendants deny each and every such allegation.

53. Answering the allegations of Paragraph 53 of the Complaint, Defendants deny each and every such allegation.

54. Answering the allegations of Paragraph 54 of the Complaint, Defendants deny each and every such allegation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

55. The Complaint, and each purported count or claim for relief therein, fails to state a claim upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

56. Plaintiff's own conduct bars this action through the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
(Estoppel)

57. Plaintiff is estopped from asserting each purported count or claim asserted in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver)

58. Plaintiff has waived each purported count or claim asserted in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
(Offset)

59. Any claim for damages by Plaintiff should be offset by the damages Defendants have sustained as a result of Plaintiff's conduct, acts or omissions.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That judgment be entered in favor of Defendants;
3. For reasonable attorneys' fees and costs of suit as incurred; and
4. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| 1  Dated: June 13, 2007 | Respectfully submitted, |
| 2 | HARVEY SISKIND LLP |
| 4 | By: _____/s/_____ |
|   | Seth I. Appel |
| 5 | |
| 6 | Attorneys for Defendants and Counterclaimants SEOK KI KIM and STV ASIA, LTD. |

-8-

ANSWER                                                                    Case No.: C 07 2769 JL