Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN: 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400
Email: jcohen@winston.com
rcallahan@winston.com

Attorneys for Plaintiff
FRANK NEMIROFSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>Plaintiff,<br><br>vs.<br><br>SEOK KI KIM; STV ASIA, LTD. a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:07-CV-02769 – JL<br>Hon. Magistrate James Larson<br><br>**PLAINTIFF FRANK NEMIROFSKY'S MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL** |

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD

NOTICE IS HEREBY GIVEN that Plaintiff Frank Nemirofsky ("Nemirofsky") will and hereby does move the Court for Miscellaneous Administrative Relief to file Exhibits A, D, E, H and I to the Declaration of Frank Nemirofsky in support of Plaintiff's *Ex Parte* Motion to Extend the Temporary Protective Order (the "Nemirofsky Declaration") under seal, as well as certain portions of the Nemirofsky Declaration. In addition, Plaintiff seeks to file certain portion of Plaintiff's *Ex Parte* Motion under seal. Nemirofsky's motion for Miscellaneous Administrative Relief is based on this Notice of Motion and Motion, the Declaration of Jonathan M. Cohen filed herewith, and any

further material and argument presented to the Court related to Nemirofsky's *Ex Parte* Motion to Extend the Temporary Protective Order.

## I.  INTRODUCTION

Nemirofsky is the inventor of U.S. Patent No. 5,412,416 entitled "Video Media Distribution Network Apparatus and Method" ("416 Video Media Patent"). As part of plaintiff's collaboration with defendants in developing STV Asia, Ltd., Nemirofsky assigned the 416 Video Media Patent to STV Asia, Ltd. This 416 Video Media Patent, in addition to U.S. Patent No. 5,983,069 entitled, "Point of Purchase Video Distribution System" ("069 Purchase Video Patent"), which Nemirofsky also invented, were the subject of a patent infringement action brought by Defendants against PRN Corporation and Best Buy Company, Inc. (the "PRN litigation"). The PRN litigation culminated in a confidential settlement between STV and PRN. As part of this *Ex Parte* Motion, it is necessary to reference the confidential settlement resulting from the PRN litigation both to provide background information and to assert Nemirofsky's claims against Defendants. It is necessary to file these documents under seal in order to protect the confidentiality of the settlement agreement and prevent it from becoming publicly known. In addition, the *Ex Parte* Motion and the Nemirofsky Declaration contain information related to the underlying patents which is highly confidential and proprietary to the parties and should be protected from disclosure.

## II.  AUTHORITY

The right to inspect and copy judicial records is not absolute. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Federal Rule of Civil Procedure 26(c) provides that, for good cause shown, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense." Specifically, the court has the authority to withhold information from the public so "that a trade secret or other confidential research, development, or commercial information not be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). This is consistent with the requirements of the Trade Secrets Act (18 U.S.C. § 1905).

### III. EXHIBITS A, D, E, H and I TO THE NEMIROFSKY DECLARATION

In this case, Nemirofsky seeks to file Exhibits A, D, E, H and I to the Nemirofsky Declaration under seal. The exhibits contain reference to the confidential settlement agreement that arose out of the PRN litigation as well as to specific details regarding the amount of and structure of the settlement. Distribution of such information by Nemirofsky would put Nemirofsky in a position whereby he would be in violation of the confidentiality agreement reached as part of the settlement. Furthermore, the information as to the value of the settlement would be useful to potential competitors and infringers who would learn Nemirofsky, STD, PRN and/or Best Buy's position concerning the value of the patented technology. The exhibits also contain information related to the invention, development and assignment of the patents. Thus, the contents are highly confidential and proprietary to the parties and should be protected from disclosure under Federal Rule of Civil Procedure 26(c)(7).

### IV. PORTIONS OF THE NEMIROFSKY DECLARATION SHOULD BE SEALED

Nemirofsky seeks to file a portion of the Nemirofsky Declaration under seal. The sections of the Nemirofsky Declaration which Plaintiff seeks to seal contain reference to the confidential settlement agreement that arose out of the PRN litigation as well as to specific details regarding the amount of and structure of the settlement. Distribution of such information by Nemirofsky would put Nemirofsky in a position whereby he would be in violation of the confidentiality agreement reached as part of the settlement. Furthermore, the information as to the value of the settlement would be useful to potential competitors and infringers who would learn Nemirofsky, STD, PRN and/or Best Buy's position concerning the value of the patented technology. The Nemirofsky Declaration also contains information related to the invention, development and assignment of the patents. Thus, the contents are highly confidential and proprietary to the parties and should be protected from disclosure under Federal Rule of Civil Procedure 26(c)(7).

### V. PORTIONS OF THE EX PARTE MOTION SHOULD BE SEALED

Nemirofsky seeks to file a portion of Plaintiff's *Ex Parte* Motion to Extend the Temporary Protective Order under seal. The portion of the brief to be sealed contains reference to the confidential settlement agreement that arose out of the PRN litigation as well as to specific details

regarding the amount of and structure of the settlement. Distribution of such information by Nemirofsky would put Nemirofsky in a position whereby he would be in violation of the confidentiality agreement reached as part of the settlement. Furthermore, the information as to the value of the settlement would be useful to potential competitors and infringers who would learn Nemirofsky, STD, PRN and/or Best Buy's position concerning the value of the patented technology. The portion of the brief also contains information related to the invention, development and assignment of the patents. Thus, the contents are highly confidential and proprietary to the parties and should be protected from disclosure under Federal Rule of Civil Procedure 26(c)(7).

## VI. CONCLUSION

In order to protect the confidentiality of the settlement order resulting from the PRN litigation and other sensitive competitive information contained within, Nemirofsky respectively requests that this court grant Nemirofsky's request to place Exhibits A, D, E, H and I from the Nemirofsky Declaration under seal, as well as the sections of the Nemirofsky Declaration and Plaintiff's brief on his *Ex Parte* Motion to Extend the Temporary Protective Order, which contain references to said confidential and proprietary information.

Dated: June 22, 2007

WINSTON & STRAWN LLP

By: _____
Jonathan M. Cohen
Robyn T. Callahan
WINSTON & STRAWN LLP
Attorneys for Plaintiff
FRANK NEMIROFSKY

SF:175709.1