HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
e-mail: pharvey@harveysiskind.com
SETH I. APPEL (SBN 233421)
e-mail: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Defendants and Counterclaimants
SEOK KI KIM and STV ASIA, LTD.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants.<br>―――――――――――――――<br>SEOK KI KIM and STV ASIA, LTD., a British Virgin Islands corporation,<br><br>　　　　　Counterclaimants,<br><br>　　v.<br><br>FRANK NEMIROFSKY,<br><br>　　　　　Counterdefendant. | Case No.: C 07 2769 JL<br><br>**DECLARATION OF SEOK KI KIM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION TO EXTEND THE TEMPORARY PROTECTIVE ORDER** |

I, Seok Ki Kim, declare as follows:

1. I am a defendant and counterclaimant in this action. I have personal knowledge of the matters stated herein, and, if called as a witness, I could and would testify competently thereto.

2. I am the founder and owner of STV Asia, Ltd. ("STV"). I am a South Korean citizen residing in Hong Kong. STV is a British Virgin Islands corporation with its principal place of business in Hong Kong.

3. Plaintiff and counterdefendant Frank Nemirofsky ("Plaintiff") agreed to assist with STV's patent infringement lawsuit (N.D. Cal. Case No. C 06 1664 JCS) against PRN Corporation ("PRN") and other entities that were involved in the infringement. Plaintiff's performance under the agreement was unsatisfactory. He was often unavailable, unresponsive, and uncooperative. On more than one occasion, I told Plaintiff that his performance was unacceptable. Attached hereto as Exhibits A, B, and C are three of the many emails I sent to Plaintiff during the PRN litigation calling attention to his unsatisfactory performance.

4. Plaintiff attached to his declaration in support of his *Ex Parte* Motion to Extend the Temporary Protective Order a letter dated October 9, 2006. I had never seen this letter until the night of June 22, 2007, when Plaintiff filed his motion. Plaintiff had not previously given me a copy of this letter. I suspect that Plaintiff drafted it in the past few days in order to create support for his motion.

5. Plaintiff served as a director of STV from July 2005 through July 2006. Plaintiff has not been a director of STV since that time.

6. I never offered to assist Plaintiff avoid paying his taxes.

7. I was not involved in the management of NBL Communications at the time of Plaintiff's termination. I had no part in, and I am unaware of the circumstances surrounding, Plaintiff's termination. I never sought to improperly deprive Plaintiff of patent rights.

1 |     I declare under penalty of perjury under the laws of the State of California that the foregoing is
2 | true and correct and that this declaration was executed this 26th day of June, 2007, in Hong Kong.

                                                                                    _____
                                                                                        Seok Ki Kim