# Exhibit B
# to Declaration of Seth I. Appel
# in Support of Defendants' Opposition
# to Plaintiff's *Ex Parte* Application
# Motion to Extend the
# Temporary Protective Order

# Case No. C 07-2769 JL

1   RICHARD T. BOWLES (#46234)
    DAVID W. TROTTER (# 97121)
2   BOWLES & VERNA LLP
    2121 N. California Boulevard, Suite 875
3   Walnut Creek, California 94596
    Telephone: (925) 935-3300
4   Facsimile: (925) 935-0371

5   Attorneys for Plaintiff
    Frank Nemirofsky

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10  FRANK NEMIROFSKY,                        Case No.:

11          Plaintiff,                       **DECLARATION OF FRANK
                                             NEMIROFSKY IN SUPPORT OF**
12  v.                                       **PLAINTIFF'S EX PARTE APPLICATION
                                             FOR RIGHT TO ATTACH ORDER AND**
13  SEOK KI KIM; STV ASIA, LTD., a British   **ORDER FOR ISSUANCE OF WRIT OF**
    Virgin Islands corporation; and DOES 1 through   **ATTACHMENT**
14  20, Inclusive,

15          Defendants.                      Date: May 16, 2007
                                             Time: 11:00 a.m.
16                                           Dept.: ___

17

18

19

20
    I, Frank Nemirofsky, declare as follows:
21
        1.      I am the Plaintiff in this lawsuit. I make this Declaration in support of Plaintiff's ex
22
    parte application for a right to attach order and order for issuance of a writ of attachment. I have
23
    personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and
24
    would competently testify thereto.
25
        2.      I reside and do business in Contra Costa County, California.
26
        3.      I am an inventor. On August 7, 1992, I filed Application No. 926,664 in the United
27
    States Patent and Trademark Office for the patenting of a unique "Video Media Distribution Network
28

Bowles & Verna LLP
21 N. California Blvd.
Suite 875
Walnut Creek 94596

-1-

DECLARATION OF FRANK NEMIROFSKY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION
FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAY 1 6 2007

GORDON PARK-LI, CLERK
BY: _____
        Deputy Clerk

1    Apparatus and Method", allowing video programs (usually advertisements) to be transmitted from a

2    distribution center to a multitude of receiving sites, typically retail stores, dispersed over a wide

3    geographic area. On May 2, 1995, the United States Patent and Trademark Office issued U.S. Patent

4    No. 5,412,416 ("the '416 Patent") to me for said invention.

5        4.    On November 9, 1999, the United States Patent and Trademark Office issued U.S.

6    Patent No. 5,983,069, entitled "Point of Purchase Video Distribution System" ("the '069 Patent"). I

7    was instrumental in obtaining and am knowledgeable concerning the '069 Patent.

8        5.    Defendant STV ASIA, LTD. (hereinafter, "STV ASIA") is the assignee of the '416

9    Patent and the '069 Patent (collectively, the "Patents").

10       6.    In or about 1995, Defendant SEOK KI KIM (hereinafter, "KIM") acquired a controlling

11   interest in STV ASIA. I have had numerous dealings with KIM since 1995. KIM is an investor and

12   investment banker. He does not have detailed technical knowledge regarding the intellectual property

13   that comprises the Patents.

14       7.    Thereafter, Defendants discovered that PRN Corporation ("PRN") was unlawfully

15   infringing on the Patents to develop "Premier Retail Networks" at more than 5,000 retail stores located

16   within and throughout the United States.

17       8.    It is my understanding that on or about March 2, 2006, at KIM's direction, STV ASIA

18   filed a patent infringement action against PRN (STV Asia Ltd., Plaintiff, v. PRN Corporation and Best

19   Buy Company, Inc., Defendants, Case No. C06-1664-JCS) in the United States District Court for the

20   Northern District of California, San Francisco Division. A true and correct copy of the Complaint filed

21   by STV ASIA (without exhibits) is attached as Exhibit 1 hereto.

22       9.    In 2005, several months before the patent infringement action against PRN was filed,

23   KIM contacted me. Over the course of several meetings which took place in Northern California, KIM

24   advised Plaintiff that he wanted me to be "a partner" with him and STV ASIA in the contemplated

25   litigation against PRN. On behalf of STV ASIA and himself, and each of them, KIM sought to obtain

26   my business, operational and technical advice and assistance in connection with the patent

27   infringement litigation against PRN. Because KIM did not have operational and technical knowledge

28

Bowles & Verna LLP
121 N. California Blvd.
Suite 875
Walnut Creek 94596

-2-

DECLARATION OF FRANK NEMIROFSKY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION
FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT

1  regarding the Patents and I did, KIM told me that he wanted me to "take the lead" in working with and

2  advising patent litigation counsel on the lawsuit against PRN.

3       10.    Shortly before the filing of the patent infringement lawsuit, KIM and I entered into an

4  initial oral agreement.  Pursuant to that initial contract, I agreed to provide business, operational and

5  technical advice and assistance to Defendants in exchange for fifteen percent (15%) of the net recovery

6  from PRN, after reimbursement of the costs and expenses of the litigation.

7       11.    Before KIM and I entered into the initial agreement, we discussed that my work and

8  technical assistance would be on a limited, as needed basis.  This understanding was the basis for the

9  fifteen percent (15%) share initially allocated to me.

10      12.    In fact, I spent significantly more time working on and providing business, operational

11  and technical advice and assistance to Defendants in connection with the litigation against PRN than

12  KIM and I had anticipated at the time that we entered into the initial agreement.  In or about October

13  2006, KIM and I met to discuss modification of my compensation arrangements.  In recognition of the

14  time already spent and the anticipated future time commitment and value of my business, operational

15  and technical advice and assistance to Defendants, KIM and I orally agreed to modify the

16  compensation arrangements in a manner consistent with our partnership relationship.  We agreed that

17  Defendants and I would split any net recovery from PRN on an equal, fifty-fifty (50/50) basis, after

18  reimbursement of the costs and expenses of the patent infringement litigation.

19      13.    Since we entered into the modified agreement, KIM has acknowledged the existence of

20  the 50/50 split in his dealings with me and third parties.  For example, on April 14, 2007 I sent an e-

21  mail and to KIM setting forth a proposed strategy for settlement of the lawsuit against PRN.  A true

22  and correct copy of my April 14, 2007 e-mail and proposal is attached as Exhibit 2 hereto.  Item 7 of

23  my proposal states that the proceeds of a settlement between STV ASIA and PRN will "[b]e

24  apportioned as follows: a.) 50% S.K. Kim and associates b.) **50% Frank Nemirofsky** c.) All legal fees

25  and costs billed by [counsel] contracted by S.K. Kim and paid by S.K. Kim be deducted **before the**

26  **50%/50% split between S.K. Kim and Frank Nemirofsky.**"  (Emphasis added.)

27      14.    Kim and I spoke about the matters discussed in Exhibit 2.  Thereafter, I delivered a

28  memo to Kim on April 23, 2007, in which I confirmed our agreement with respect to the 50/50 split

Bowles & Verna LLP
121 N. California Blvd.
Suite 875
Walnut Creek 94596

-3-

DECLARATION OF FRANK NEMIROFSKY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION
FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT

1    referral in Item 7. A true and correct copy of my April 23, 2007 memo to Kim is attached as Exhibit 3

2    hereto.

3        15.    To date, I have spent more than 2,500 hours providing business, operational and

4    technical advice and assistance to Defendants and their attorneys in connection with the patent

5    infringement litigation, in consideration of and reliance upon Defendants' promises that I would

6    receive 50 percent of the net recovery from PRN. My time has included several trips to New York and

7    Washington, D.C. to meet with a hedge fund type of law firm with possible licensees of a potential

8    "STV America" entity. I have not been reimbursed for any of my out-of-pocket expenses in

9    connection with my work for Defendants on the litigation.

10        16.    In April and May, 2007, the parties to the patent infringement litigation participated in

11    mediation in San Francisco, California. I attended the mediation sessions. As a result of the

12    mediation, Defendants have reached an agreement in principle with PRN to settlement the patent

13    infringement litigation, and to sell STV ASIA's rights under the Patents to PRN. At one time I was

14    included as a party (i.e., signatory) to the definitive settlement agreement. That is no longer the case.

15    However, the terms of the definitive settlement agreement have been disclosed and are known to me

16    by virtue of my direct and extensive involvement in the litigation pursuant to the oral agreements

17    referred to above. The financial terms of that settlement are discussed in my Supplemental Declaration

18    which is filed herewith under seal.

19        17.    It is my understanding that the completion of the definitive settlement agreement

20    resolving the patent infringement litigation against PRN is imminent. The settling parties will likely be

21    in a position to sign the settlement agreement as early as today (May 16, 2007), and will definitely sign

22    the settlement agreement before the end of this week (May 14-18, 2007). The agreement provides for

23    PRN to make the settlement payment by wire transfer no later than May 18, 2007.

24        18.    KIM has recently denied and disavowed Defendants' contractual obligation to pay me

25    50 percent of the net settlement proceeds, and has taken the position in e-mails dated May 9 and 10,

26    2007 that I should receive only 15 percent of the net recovery from PRN. These e-mails are attached

27    as exhibits to my Supplemental Declaration, filed herewith under seal.

28

-4-

DECLARATION OF FRANK NEMIROFSKY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION
FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT

1    19.    I am extremely concerned that unless this Court grants my ex parte application for a

2  right to attach order and issues a writ of attachment, I will be left without any effective means of

3  protecting my 50 percent interest in the net proceeds of the settlement with PRN.  My concerns are

4  based on, among other things, the facts set forth below.

5    20.    I have served as a director of STV ASIA for approximately the past year.  STV ASIA is

6  incorporated in the British Virgin Islands and has its principal place of business in Hong Kong.  It is

7  my understanding that STV ASIA is not registered with the California Secretary of State and is not

8  qualified to do business in the State of California.

9    21.    Similarly, KIM is a South Korean national who spends most of his time outside

10  California.  He is not a United States citizen or resident of California.  It is my understanding that KIM

11  has residences in Hong Kong, Korea and Japan.

12    22.    I am no longer a party to the settlement agreement between PRN and STV ASIA, and

13  so no longer have any control over the timing of execution of the settlement agreement by all parties

14  thereto.

15    23.    I was recently informed by Jim Smith of SSD that as of May 7, 2007, to his knowledge,

16  I was not a director of STV ASIA in answer to my inquiry regarding why I was not a signatory to the

17  settlement agreement with PRN.

18    24.    Absent intervention by this Court and order requiring Defendants and their counsel,

19  Squire, Sanders & Dempsey L.L.P. ("SSD") to retain in California my 50 percent share of the net

20  recovery from PRN, the moneys paid by PRN will be sent by wire transfer to bank accounts

21  maintained by STV ASIA and/or KIM in foreign countries outside the United States.

22    25.    It was necessary to file this application on an ex parte basis, without notice to

23  Defendants, because otherwise it is highly likely that Defendants would have taken immediate steps to

24  transfer the settlement proceeds offshore before this Court could take necessary actions to prevent

25  Defendants from doing so.

26    26.    The writ of attachment sought by this ex parte application is not sought for purposes

27  other than the recovery on the claim upon which the attachment is based.

28

Bowles & Verna LLP
121 N. California Blvd.
Suite 875
Walnut Creek 94596

-5-

DECLARATION OF FRANK NEMIROFSKY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION
FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT

1    27.    The claim which is the subject of this application for writ of attachment has not been

2    discharged in a proceeding under Title 11 of the United States Code (Bankruptcy).  The prosecution of

3    this action is not stayed by reason of any proceeding under Title 11 of the United States code

4    (Bankruptcy).

5    28.    Defendant Kim is engaged in the business of investment banking and in the ownership

6    and control of STV ASIA, and my claims are based on his actions in the performance of this business.

7    My claims are not based on the sale or lease of real property or on money used by Kim for personal or

8    family support.

9    I declare under penalty of perjury under the laws of the State of California that the foregoing is

10   true and correct, and that I executed this Declaration on this 16th day of May, 2007, at Walnut Creek,

11   California.

12

13

14                         Frank Nemirofsky

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bowles & Verna LLP
21 N. California Blvd.
Suite 875
Walnut Creek 94596

DECLARATION OF FRANK NEMIROFSKY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION
FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT

EXHIBIT 1

Case 3:06-cv-016__-JCS     Document 1-1     Filed 03/0__ __006     Page 1 of 42

1  Deborah Bailey-Wells      (114630)
2  Kevin C. Trock            (161787)
   Harold H. Davis, Jr.      (235552)
3  KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
   Four Embarcadero Center, 10th Floor
4  San Francisco, CA 94111
   Telephone:  (415) 249-1000
5  Fax:        (415) 249-1001

6  Thomas F. Holt, Jr.      *(Pro Hac Vice pending)*
7  KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
   75 State Street
8  Boston, MA 02109
   Telephone:  (617) 261-3100
9  Fax:        (617) 261-3175

10

11  Attorneys for Plaintiff

12

13              UNITED STATES DISTRICT COURT FOR THE

14      NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

15  STV ASIA LTD.,                    Case 06 1664

16          Plaintiff,                COMPLAINT FOR DAMAGES AND
                                      INJUNCTIVE RELIEF
17      vs.
                                      PATENT INFRINGEMENT IN VIOLATION
18  PRN CORPORATION and BEST BUY      OF 35 U.S.C. § 1 et. seq.
    COMPANY, INC.,
19                                    [JURY DEMANDED]
            Defendants.
20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SF-#107851-v1-Complaint_for_Patent_Infringement.DOC

## PLAINTIFF STV ASIA'S COMPLAINT FOR PATENT INFRINGEMENT

## THE PARTIES

1.     Plaintiff STV Asia Ltd. ("STV ASIA") is incorporated in the British Virgin Islands and has a principal place of business at Tower Two, Lippo Centre, Room 806, 8th Floor, 89 Queensway, Hong Kong.

2.     Defendant PRN Corporation ("PRN") is incorporated in the State of Delaware and has a principal place of business at 600 Harrison Street, 4th Floor, San Francisco, CA 94107.

3.     Defendant Best Buy Company, Inc. ("Best Buy") is incorporated in the State of Minnesota and has a principal place of business at 7601 Penn Avenue South, Richfield, Minnesota, 55423 and operates a retail store in this judicial district located at 1717 Harrison Street, San Francisco, CA 94103.

## JURISDICTION AND VENUE

4.     Subject matter jurisdiction is proper in this court because this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendants because they either reside and/or conduct business in this judicial district and in the State of California, and have committed acts of patent infringement and/or have contributed to or induced acts of patent infringement by others in this judicial district (and elsewhere in California and in the United States).

6.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because defendants either reside in this judicial district, are subject to personal jurisdiction in this judicial district, regularly conduct business in this judicial district, and/or have committed certain of the acts complained of in this judicial district.

///

///

1

### STV ASIA'S PATENTS IN SUIT

7.      On November 9, 1999, the United States Patent and Trademark Office issued U.S. Patent No. 5,983,069 entitled "Point of Purchase Video Distribution System" ("the '069 patent"). A true and correct copy of the '069 patent is attached as Exhibit A.

8.      STV ASIA is the assignee of the '069 patent and owns all right, title, and interest in and to the '069 patent with full and exclusive rights to bring suit to enforce it, including the right to recover for past infringement.

9.      On May 2, 1995, the United States Patent and Trademark Office issued U.S. Patent No. 5,412,416 entitled "Video Media Distribution Network Apparatus and Method" ("the '416 patent"). A true and correct copy of the '416 patent is attached as Exhibit B.

10.     STV ASIA is the assignee of the '416 patent and owns of all right, title, and interest in and to the '416 patent with full and exclusive rights to bring suit to enforce it, including the right to recover for past infringement.

### COUNT I
#### (Patent Infringement of '069 Patent)

11.     The allegations of paragraphs 1-10 above are incorporated herein by reference.

12.     The '069 patent is valid and enforceable.

13.     Upon information and belief, in violation of 35 U.S.C. § 271, defendants make, use, offer to sell, or sell within the United States, products and/or methods that infringe the '069 patent, including, but not limited to an "in-store television network" in over 5,000 retail stores in the United States, including but not limited to, the Best Buy Store located at 1717 Harrison Street, San Francisco.

14.     Upon information and belief, in violation of 35 U.S.C. § 271, defendants also contribute to and/or induce infringement of the '069 patent.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

15.    Upon information and belief, defendants had knowledge of the '069 patent and have willfully and wantonly infringed the '069 patent. Defendants' willful and wanton conduct makes this an exceptional case.

16.    As a result of defendants' infringement, STV ASIA has suffered and will continue to suffer damages and irreparable harm.

17.    STV ASIA is entitled to recover from defendants the damages sustained by STV ASIA as a result of defendants' willful and wanton acts in an amount to be determined at trial.

18.    Unless defendants are enjoined by this Court from continuing their infringement of the '069 patent, STV ASIA will suffer continued irreparable harm and impairment of the value of its patent rights. Thus, STV ASIA is entitled to an injunction against further infringement.

<u>COUNT II</u>

(Patent Infringement of '416 Patent)

19.    The allegations of paragraphs 1-18 above are incorporated herein by reference.

20.    The '416 patent is valid and enforceable.

21.    Upon information and belief, in violation of 35 U.S.C. § 271, defendants make, use, offer to sell, or sell within the United States, products and/or methods that infringe the '416 patent, including, but not limited to an "in-store television network" in over 5,000 retail stores in the United States, including but not the Best Buy Store located at 1717 Harrison Street, San Francisco.

22.    Upon information and belief, in violation of 35 U.S.C. § 271, defendants also contribute to and/or induce infringement of the '416 patent.

23.    Upon information and belief, defendants had knowledge of the '416 patent and have willfully and wantonly infringed the '416 patent. Defendants' willful and wanton conduct makes this an exceptional case.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Case 3:06-cv-016_  _JCS       Document 1-1     Filed 03/0_/_006     Page 5 of 42

1      24.     Upon information and belief, defendants' acts of infringement of the '416

2   patent will continue unless enjoined by the Court.

3      25.     STV ASIA is entitled to recover from defendants the damages sustained by

4   STV ASIA as a result of defendants' willful and wanton acts in an amount to be determined

5   at trial.

6      26.     Unless defendants are enjoined by this Court from continuing their

7   infringement of the '416 patent, STV ASIA will suffer continued irreparable harm and

8   impairment of the value of its patent rights.  Thus, STV ASIA is entitled to an injunction

9   against further infringement.

10

11                   <u>PRAYER FOR RELIEF</u>

12     WHEREFORE, Plaintiff prays that the Court:

13      A.     Find that defendants have infringed the '069 patent;

14      B.     Find that defendants' infringement of the '069 patent has been willful and

15   wanton;

16      C.     Grant plaintiff a preliminary injunction, and permanent injunction restraining

17   defendants, and their agents, servants, and employees from directly or indirectly infringing

18   plaintiff's '069 patent;

19      D.     Order defendants to pay damages adequate to compensate plaintiff for

20   defendants' infringement of the '069 patent pursuant to 35 U.S.C. § 284, including an

21   accounting;

22      E.     Find that defendants have infringed the '416 patent;

23      F.     Find that defendants' infringement of the '416 patent has been willful and

24   wanton;

25      G.     Grant a plaintiff preliminary injunction, and permanent injunction restraining

26   defendants, and their agents, servants, and employees from directly or indirectly infringing

27   plaintiff's '416 patent;

28

4

1    H.    Order defendants to pay damages adequate to compensate plaintiff for

2  defendants' infringement of the '416 patent pursuant to 35 U.S.C. § 284, including an

3  accounting;

4    I.    Order defendants to file with the Court and serve upon plaintiff's counsel within

5  thirty (30) days after entry of Judgment a report in writing under oath setting forth in detail

6  the manner and form in which defendants have complied with the requirements of the

7  Injunction and Order;

8    J.    Award plaintiff treble damages pursuant to 35 U.S.C. § 284;

9    K.    Award plaintiff its attorneys fees pursuant to 35 U.S.C. § 285;

10    L.    Award plaintiff prejudgment interest;

11    M.    Order defendants to pay all of plaintiff's costs associated with this action.

12    N.    Grant plaintiff such other and further relief as the Court may deem just and

13  proper.

14    ## DEMAND FOR JURY TRIAL

15    Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, plaintiff

16  hereby demands a jury trial on all triable issues.

17

18  Dated:  March 2, 2006                      KIRKPATRICK & LOCKHART
                                               NICHOLSON GRAHAM LLP
19

20                                   By: _____
21                                        Deborah Bailey-Wells
22                                        Kevin C. Trock
                                          Harold H. Davis, Jr.
23                                        Of Counsel:
24                                        Thomas F. Holt, Jr.
25                                        ATTORNEYS FOR PLAINTIFF
                                          STV ASIA LTD.
26

27

28

---

5

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



**From:** Frank Nemirofsky
**Sent:** Saturday, April 14, 2007 12:17 AM
**To:** 'Seok Ki Kim'; 'S.K.Kim'; 'S.K.Kim'
**Subject:** Proposal

Dear S.K.,

I have given significant thought to how to settle the case for more than anyone is currently considering. I am satisfied that I can achieve a settlement that will in a pure business environment create an opportunity for all sides of the litigation to feel as if they all came away winning or at least not losing. If my model for settlement is accepted by all, and I think we have a real chance here, then we all have gained.

I have been offered the imprimatur of William Morris who represents PRN in assisting me. That offer alone although it will cost me something will be very important to Thomson /PRN.

I look forward to speaking with you in the morning.


Best,

Frank Nemirofsky
CEO
expHand, Inc.
One Annabel Lane
Suite 216
San Ramon, CA 94583

Office: +1 415-394-3200
Mobile: +1 415-994-6094
Fax: +1 925-806-0391

Confidentiality Notice

The attached information is PRIVILEGED AND CONFIDENTIAL and is intended only for the use of the addressee named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, please be aware that any dissemination, distribution or duplication of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, delete the message and return any printed copy of the message to us at the address above via postal service. Thank you.

I propose we engage new counsel with a goal of settlement. I have spent much more time to date then I originally anticipated when we came to our agreement on percentage and related points regarding the settlement amount. I have felt that the case management has been flawed in various manners and that the possibility of a meaningful settlement has been jeopardized in many ways that left the plaintiff in a weaker position than they need be to prosecute the case. The mediator agreed with Nemirofsky that the law firms of Morrison & Forester and Townsend and Townsend should have been sued in a related action. Neither KLNG nor S.K. Kim agreed with that strategy which potentially would have yielded immediacy to the overall set of potential litigations. There were no depositions or discovery in the case that would have also yielded immediacy and offense that the mediator stated would have been in the plaintiff's best interest. Additionally the mediator suggested the plaintiff would have been strengthened by competing in the marketplace against the defendant.

Nemirofsky is willing to use expHand technology and business to create an in-store competitor to Thomson, PRN under non-exclusive license to STV Asia for the benefit of STV Asia in its litigation and settlement with Thomson, PRN.

In my discussions with a well respected litigator who is now retired but who in the time prior to his retirement reached some of the largest jury awards in complex corporate including IP litigation matters in the United States he verified the rationale and justification for my new idea of how we should fairly split the proceeds that may come from a negotiated settlement. The following is what I believe to be the most efficient method of settlement.

1. I have full authority to negotiate on our collective behalf, in consultation with you, in person with Thomson and PRN or one or both of the entities.
2. I have a letter signed by you, on STV Asia stationary that evidences such a representation.
3. This agreement is founded on the premise that we both agree upon a new law firm to represent STV Asia and that we come to financially acceptable arrangements with such a firm and that you will pay the firm promptly. Additionally that we fully disclose the problems encountered with KLNG and its successor KL/Gates in terms of quality representation, disappointing results and the payment history issues including non-payment and potential aggressive billing by the law firm.
4. This model allows for continued discussion between us and Thomson and PRN no matter where we are physically located.
5. This model contemplates expHand entering into certain agreements with Thomson and PRN that would license or sell our IP to them.
6. This model contemplates expHand non-exclusively licensing STV Asia the expHand technology for sliding fee beginning at $2MM annually for use in the in-store environment. The $2MM not to be paid until a settlement is reached between STV Asia and Thomson. Thomson would have the right to negotiate a follow-on license with expHand if a settlement is reached between STVAsia and Thomson and PRN
7. The proceeds of a settlement between STV Asia and PRN funded by Thomson and or PRN including "hold back" amounts from the sale of PRN to Thomson. Be apportioned as follows: a.) 50% S.K. Kim and associates b.) 50% Frank Nemirofsky c.) All legal fees

and costs billed by KLNG, KL/Gates and other counsel contracted by S.K. Kim and paid by S.K. Kim be deducted before the 50%/50% split between S.K. Kim and Frank Nemirofsky. That any settlement agreement reached by a mediator, legal trial or other legal proceeding includes the agreement between S.K. Kim and Frank Nemirofsky as a term of the settlement. That the law firm representing STV Asia divide all funds received as settlement as agreed.

8. Nemirofsky be sent $100,000 as a consultancy fee, to be deducted from the settlement payment to Nemirofsky to work with new counsel and assist in developing a business plan and implementation for Thomson , PRN to understand, under confidentiality agreement what will be their competition or the potential opportunity for settlement that will, as a business model, create new and increased revenues for Thomson, RPN.

9. Today there is no compelling reason for Thomson, PRN to settle in the eight figure range as evidenced by the mediator's comments. The plan advanced by Nemirofsky has the potential to bring the settlement to the $25MM plus range.

EXHIBIT 3

Frank Nemirofsky

4-23-07

Memo to SK Kim — Confirming Nemirofsky's 04-14-07 email to SKK

Thank you for discussing my email to you of 04/14/07. I appreciate your candor in our discussion. While I understand that you are looking to finalize the PRN litigation via mediation I believe as we discussed you are not keeping our original premise for coming together in the litigation to seek the maximum verdict or settlement possible against PRN. Judge Infante agreed with me that Thousand and Thousand and More should also have been sued.

While I have lost my opportunity, it seems, to maximize a verdict or settlement amount due to your position of seeking a mediated settlement since you are underwriting the litigation and mediation I effectively have little if any input in a final decision. While we have disagreements over mediation & settlement strategy and tactics we have agreed on the following points of my 04-14-07 email:

Numbers 1, 2, 3, 4. Number 3 contemplates us/me seeking representation by Squires, Sanders. We also agreed and have previously agreed on Number 7.

We did not agree on numbers 5, 6, 8 and 9 as you stated your goal is not to involve exphand or any other new technology in any mediation or settlement.

71 Janis Court, Alamo CA. 94507

S.K. Kim and Frank Nemirofsky directors of STVASIA agree as to these notes/memo