Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN: 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400
Email: jcohen@winston.com
rcallahan@winston.com

Attorneys for Plaintiff
FRANK NEMIROFSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>Plaintiff,<br><br>vs.<br><br>SEOK KI KIM; STV ASIA, LTD. a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:07-CV-02769 – JL<br>Hon. Magistrate James Larson<br><br>**PLAINTIFF FRANK NEMIROFSKY'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION TO EXTEND THE TEMPORARY PROTECTIVE ORDER** |

Plaintiff hereby responds to Defendants' Opposition to Plaintiff's *Ex Parte* Motion.

I.

**DEFENDANTS' INTERPRETATION OF *EX PARTE* PROCEDURE IS FLAWED.**

Defendants have not cited any authority which prohibits the extension of a temporary protective order on an ex parte basis, despite asserting otherwise. They have simply posited that following the issuance of a temporary protective order, it is common for the party seeking the attachment to file for the right of attachment while the temporary protective order is in place. However, as far as Plaintiff's counsel can find, there is no case law that *prohibits* this Court from

1

extending the current temporary protective order in order to maintain the status quo until the Court can hear both parties on a noticed motion. Presumably, Defendants have no authority for their extreme position that the Court cannot, under any circumstances, grant an extension of a temporary protective order.

## II.

## EARLY DISCOVERY IS NEEDED.

As evidenced by Defendants' Opposition to Plaintiff Frank Nemirofsky's *Ex Parte* Motion, there are a number of hotly contested facts that must be resolved before the Court can properly address the underlying dispute as to the division of the PRN settlement funds, and certainly before the Court can release the funds to Defendants. However, discovery has not yet opened and Plaintiff has therefore been prevented from noticing the depositions that are needed to uncover additional supporting evidence.

Defense Counsel conveniently fails to mention in the opposition that Plaintiff's Counsel has been trying to get a stipulation in place to allow for limited early discovery. (Declaration of Jonathan M. Cohen In Support of Plaintiff's Reply to Defendants" Opposition to Extend the TPO ("Cohen Decl."), ¶¶ 2-8). However, to date, Defense counsel has not responded to Plaintiff's counsel's communications regarding the request for early discovery and Plaintiff has therefore been unable to get the requisite stipulation in place so that the depositions can be noticed.[1] (Cohen Decl., ¶ 9).

While Defendants complain about self-serving declarations, and despite Defendants' attack on Plaintiff's evidence, Defendant has put forth the same type of evidence in their opposition to the extension of the temporary protective order – Defendant's own declaration. (Albeit, Plaintiff has, in addition to his declaration, also provided letters and emails which support his arguments while Defendant relies only on Mr. Kim's own statements.)

Interestingly, Defendants are avoiding the discovery issue, likely because they know that if Plaintiff deposes Deborah Bailey-Wells, she will offer further support for Plaintiff's position.

---

[1] Plaintiff intends to notice the depositions of Deborah Bailey-Wells, Jim Smith and Seok Ki Kim.

2

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
*EX PARTE* MOTION TO EXTEND THE TPO
Case No. 3:07-CV-02769 – JL

1  Instead, Defendants are hoping that the Court will simply ignore the evidence and, on an alleged
2  technicality, release the settlement funds to Defendants before Ms. Bailey-Wells is deposed and
3  before the Court has an opportunity to review all of the evidence and arguments. As set forth in the
4  Declaration of Jonathan M. Cohen filed in support of Plaintiff's *Ex Parte* Motion and under penalty
5  of perjury, Ms. Bailey-Wells can be available for deposition on 24 hour notice. Plaintiff is simply
6  asking this Court to maintain the status quo until he has an opportunity to gather the necessary
7  evidence and fully brief the substantive issues. Assuming that Defendants stipulate to early
8  discovery, or this Court orders the same, Plaintiff can complete the needed discovery within seven to
9  ten days.

### III.

### THE CONCERNS OF *EX PARTE* RELIEF HAVE BEEN MET.

Given that Defendants had notice of Plaintiff's *Ex Parte* Motion to Extend the TPO and had sufficient time respond thereto, it is apparent that any concerns associated with expedited or *ex parte* relief are not applicable.

In a landmark case which invalidated the prior attachment statute, the Supreme Court directed the Legislature to draft a constitutionally valid prejudgment attachment statute which permitted attachment before notice in "exceptional cases" where there is a risk that assets will be concealed or absconded. *Western Steel and Ship Repair, Inc. v. RMI, Inc.* (1986) 176 Cal.App.3d 1108, 1115 (referring to *Randone v. Appellate Department* (1971) 5 Cal. 3d 536, 563.) The *Western Steel* Court went on to state:

> The court in *Randone* was primarily concerned with two evils: the attachment of property constituting the debtor's necessities in life; and the wrongful tying up of the property of a debtor, who was likely to be ignorant of the remedies to challenge such an attachment, and was therefore apt to be deprived if much-needed assets for protracted periods of time during possibly meritless litigation. *Western Steel and Ship Repair, Inc. v. RMI, Inc.* (1986) 176 Cal.App.3d 1108, 1115.

Here, the concerns of *Randone* are of no impact as they are adequately addressed. Defendants were given advance notice of this *Ex Parte* Application and had sufficient time to file a

3
PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
*EX PARTE* MOTION TO EXTEND THE TPO
Case No. 3:07-CV-02769 – JL

12 page opposition brief. Thus, Defendants are far from "ignorant" as to the potential attachment. In addition, the procedure proposed by Plaintiff will, at least initially, only temporarily put a hold on the requested funds in order to preserve the status quo.

## IV.

## ALTERNATIVELY, THE COURT COULD SIMPLY ISSUE A *NEW* TPO.

To the extent that the Court is persuaded by Defendants' technical arguments[2] with respect to whether or not a temporary protective order can be extended on an ex parte basis, which Plaintiff contends is well within the Court's authority, the Court can and should treat Plaintiff's *Ex Parte* Motion as either a new request for a Temporary Protective Order, or as a Right to Attach Order. Although Plaintiff has made a sufficient showing to extend the current TPO, if the Court is inclined to re-evaluate the decision made by Judge Chan, Plaintiff would ask the Court to consider Plaintiff's initial application for a right to attach order together with Plaintiff's *Ex Parte* Motion, which satisfies the element of "irreparable injury".

/ / /

/ / /

---

[2] With respect to the undertaking, Plaintiff declared under penalty of perjury that he is prepared to post a bond once the Court has issued an order extending the TPO. As to the initial TPO, Plaintiff was never ordered to post an undertaking.

4

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
*EX PARTE* MOTION TO EXTEND THE TPO
Case No. 3:07-CV-02769 – JL

1   Defendants have not established that they will suffer <u>any</u> harm or burden by a one month
2   extension of the TPO.[3]   Alternatively, Plaintiff faces great risk. Once the settlement funds[4] have
3   been released, that bell cannot be unrung. As such, it is imperative that this Court extend the current
4   Temporary Protective Order for at least one month.

Dated:  June 25, 2007                    Winston & Strawn LLP

By: _____
Jonathan M. Cohen
Martin Sabelli
Robyn T. Callahan
WINSTON & STRAWN LLP
Attorneys for Plaintiff
Frank Nemirofsky

---

[3] Defendant Kim is a wealthy business man who, by his own declaration, contributed over $12 million dollars to STV Asia. He has not shown that the settlement funds are necessary to support him or his family or that he has suffered any burden from the delay in access to the funds.

[4] Plaintiff disagrees with Defendants' contention that only 50% of the settlement funds should be released. As set forth in Plaintiff's *Ex Parte* Motion, Plaintiff is in the process of preparing an amended complaint which will show that Plaintiff's damages are greater than 50% (and potentially greater than the entire settlement), on which a Right to Attach Order will be requested. However, Plaintiff has been unable to do so at this juncture given that he has not been permitted to conduct essential early discovery to date.

5

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
*EX PARTE* MOTION TO EXTEND THE TPO
Case No. 3:07-CV-02769 – JL

SF:175996.1