Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN: 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400
Email: jcohen@winston.com
        rcallahan@winston.com

Attorneys for Plaintiff
FRANK NEMIROFSKY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>Plaintiff,<br><br>v.<br><br>SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation,<br><br>Defendants. | Case No. 3:07 CV 02769 JL<br><br>**PLAINTIFF/COUNTER DEFENDANT FRANK NEMIROFSKY'S REQUEST FOR JUDICIAL NOTICE REGARDING MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM PURSUANT TO FRCP 12(B)(6)**<br><br>Date:  August 8, 2007<br>Time:  9:30 a.m.<br>Place:  450 Golden Gate Ave.<br>         Courtroom F, 15th Floor<br>         San Francisco |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Plaintiff and Counter-Defendant FRANK NEMIROFSKY, by and through his attorneys, hereby requests that this Court take judicial notice of the following:

- Temporary Protective Orders issued by San Francisco Superior Court Judge Bruce E. Chan on May 16, 2007. A true and correct copy of these Orders are attached hereto as <u>Exhibit A.</u>

1    Rule 201(b) provides that judicial notice is appropriate when the facts are not subject to
2    reasonable dispute in that [the facts] are: (1) generally known within the territorial jurisdiction of the
3    trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy
4    cannot reasonably be questioned.

5    As such, the Court should take judicial notice of San Francisco Superior Court Judge Chan's
6    May 16, 2007 Order because it is a public record filed in a state action (*San Francisco Superior
7    Court Case No. CGC-07-463428*) in accordance with Federal Rules of Evidence, Rule 201(b).

Dated: July 2, 2007

WINSTON & STRAWN LLP

By: _____
Jonathan M. Cohen
Robyn T. Callahan
Attorneys for Plaintiff
FRANK NEMIROFSKY

SF:176628.1

# EXHIBIT A
# to Plaintiff's
# Request for Judicial Notice

## Case No. 3:07-CV-02769 JL

AT-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David W. Trotter  97121<br>BOWLES & VERNA LLP<br>2121 N. California Boulevard, Suite 875<br>Walnut Creek, California 94596<br>TELEPHONE NO.: (925) 935-3300  FAX NO.: (925) 935-0371<br>ATTORNEY FOR (Name): Plaintiff | **FILED**<br>San Francisco County Superior Court<br>MAY 1 6 2007<br>GORDON PARK-LI, Clerk<br>BY: _____ Deputy Clerk |
| NAME OF COURT: San Francisco Superior Court<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF: Frank Nemerofsky | |
| DEFENDANT: Seok Ki Kim and STV Asia Ltd. | |
| TEMPORARY PROTECTIVE ORDER | CASE NUMBER:<br>07-463426 |

1. The court has considered the application of plaintiff for
   a. ☐ a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order.
   b. ☒ an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

**FINDINGS**

2. THE COURT FINDS
   a. Defendant is a  ☒ natural person  ☐ partnership  ☐ unincorporated association  ☐ corporation
      ☐ other (specify):
   b. The amount sought to be secured by the attachment under the application for the right to attach is: $ 1,921,688.00
   c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.
   e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.
   f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
      (1) ☒ There is a danger that the property sought to be attached would be
         (a) ☒ concealed.
         (b) ☐ substantially impaired in value.
         (c) ☒ made unavailable to levy by other than concealment or substantial impairment in value.
      (2) ☐ Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
      (3) ☐ A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) ☐ An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) ☐ Other circumstances:

   g. ☐ The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
   h. Plaintiff must file an undertaking in the amount of: $ _____ before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.
   i. The property subject to the following order is:
      Any property of the Defendant.

(Continued on reverse)

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-140 [Rev. January 1, 2000]<br>Martin Dean's Essential Forms ™ | TEMPORARY PROTECTIVE ORDER<br>(Attachment) | Code of Civil Procedure,<br>§§ 482.030, 486.010 et seq. |
|---|---|---|

Nemirofsky

| SHORT TITLE: Nemirofsky v. Kim | CASE NUMBER: |
|---|---|

2. j. ☐ The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary course of business *(specify)*:
   k. ☐ Other *(specify)*:

## ORDER

3. THE COURT ORDERS
   a. Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings.
   b. ☐ Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under the following restrictions:

   c. ☒ Other *(specify)*: Squire, Sanders, & Dempsey LLP shall not transfer, directly or indirectly, to anyone besides the Plaintiff the property described in item 2i of the findings.
   d. This order shall expire at the earliest of the following times:
      (1) when plaintiff levies upon specific property described in this order,
      (2) after *(date)*: June 26, 2007, or
      (3) 40 days after the issuance of this order.

4. Number of pages attached: _____

Date: May 16, 2007

_____ (TYPE OR PRINT NAME)   ▶ _____ (SIGNATURE OF JUDGE OR COMMISSIONER)

---

NOTICE TO DEFENDANT: An undertaking has been filed with the court by plaintiff. You may object to the undertaking.
a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes:
   (1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.
   (2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.
   (3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.
   (4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action.
b. In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not exceed the greater of the following:
   (1) The amount by which the total amount of deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.
   (2) One thousand dollars ($1,000).
c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

[SEAL]

**CLERK'S CERTIFICATE**
I certify that the foregoing is a correct copy of the original on file in my office.
Date: MAY 16 2007

GORDON PARK-LI
Clerk, by _____, Deputy
WESLEY RAMIREZ

AT-140 [Rev. January 1, 2006]
Martin Dean's Essential Forms ™

**TEMPORARY PROTECTIVE ORDER**
(Attachment)                                                                Page two

Nemirofsky

AT-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David W. Trotter   97121<br>BOWLES & VERNA LLP<br>2121 N. California Boulevard, Suite 875<br>Walnut Creek, California 94596<br>TELEPHONE NO.: (925) 935-3300   FAX NO.: (925) 935-0371<br>ATTORNEY FOR (Name): Plaintiff | FILED<br>San Francisco County Superior Court<br>MAY 1 6 2007<br>GORDON PARK-LI, Clerk<br>BY: _____ Deputy Clerk |
| NAME OF COURT: San Francisco Superior Court<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF: Frank Nemerofsky | |
| DEFENDANT: Seok Ki Kim and STV Asia Ltd. | |
| TEMPORARY PROTECTIVE ORDER | CASE NUMBER: CGC-07-463428 |

1. The court has considered the application of plaintiff for
   a. ☐ a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order.
   b. ☒ an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

**FINDINGS**

2. THE COURT FINDS
   a. Defendant is a. ☐ natural person  ☐ partnership  ☐ unincorporated association  ☒ corporation
      ☐ other (specify):
   b. The amount sought to be secured by the attachment under the application for the right to attach is: $ 1,921,688.00
   c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.
   e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.
   f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
      (1) ☒ There is a danger that the property sought to be attached would be
         (a) ☒ concealed.
         (b) ☐ substantially impaired in value.
         (c) ☒ made unavailable to levy by other than concealment or substantial impairment in value.
      (2) ☐ Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
      (3) ☐ A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) ☐ An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) ☐ Other circumstances:

   g. ☒ The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
   h. Plaintiff must file an undertaking in the amount of: $           before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.
   i. The property subject to the following order is:
      Any property of the Defendant.

(Continued on reverse)

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-140 [Rev. January 1, 2000]<br>Martin Dean's Essential Forms ™ | TEMPORARY PROTECTIVE ORDER<br>(Attachment)<br>Nemirofsky | Code of Civil Procedure,<br>§§ 482.030, 486.010 et seq. |

| SHORT TITLE: Nemirofsky v. Kim | CASE NUMBER: |
|---|---|

2. j. ☐ The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary course of business (specify):

   k. ☐ Other (specify):

## ORDER

3. THE COURT ORDERS
   a. Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings.
   b. ☐ Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under the following restrictions:

   c. ☒ Other (specify): Squire, Sanders, & Dempsey LLP shall not transfer, directly or indirectly, to anyone besides the Plaintiff the property described in item 2i of the findings.

   d. This order shall expire at the earliest of the following times:
      (1) when plaintiff levies upon specific property described in this order,
      (2) after (date): June 26, 2007, or
      (3) 40 days after the issuance of this order.

4. Number of pages attached: _____

Date: May 16, 2007

BRUCE E. CHAN
(TYPE OR PRINT NAME)

(SIGNATURE OF JUDGE OR COMMISSIONER)

---

**NOTICE TO DEFENDANT:** An undertaking has been filed with the court by plaintiff. You may object to the undertaking.

a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes:
   (1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.
   (2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.
   (3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.
   (4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action.

b. In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not exceed the greater of the following:
   (1) The amount by which the total amount of deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.
   (2) One thousand dollars ($1,000).

c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

---

[SEAL]

**CLERK'S CERTIFICATE**

I certify that the foregoing is a correct copy of the original on file in my office.

Date: MAY 16 2007

Clerk, by _____, Deputy

AT-140 [Rev. January 1, 2000]
Martin Dean's Essential Forms ™

**TEMPORARY PROTECTIVE ORDER**
(Attachment)

Page two

Nemirofsky