Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN: 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400
Email: jcohen@winston.com
rcallahan@winston.com

Attorneys for Plaintiff
FRANK NEMIROFSKY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SEOK KI KIM; STV ASIA, LTD. a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 3:07-CV-02769 – JL<br>Hon. Magistrate James Larson<br><br>**PLAINTIFF FRANK NEMIROFSKY'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME REGARDING MOTION FOR EARLY DISCOVERY** |

Plaintiff FRANK NEMIROFSKY ("Plaintiff" or "Mr. Nemirofsky") brings this *Ex Parte* Application for an Order Shortening Time regarding his Motion for Leave of Court Regarding Early Discovery. Specifically, Plaintiff seeks to take the depositions of Deborah Bailey-Wells, Seok Ki Kim and Jim Smith prior to the Rule 26(f) initial meeting and preferably before the hearing on Plaintiff's Motion to Extend the Temporary Protective Orders.

/ / /

/ / /

# I.
# AUTHORITY

### A.   Ex Parte Relief Is Proper.

Ex parte orders are proper in situations such as for emergencies and for scheduling matters "such as motions to shorten time for hearing or to regulate the order of discovery procedures." *The Rutter Group,* Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-F, 12:162.

### B.   Leave of Court Shall be Granted Under Rule 30(a)(2)(C) for Permissible Discovery.

"A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . .a party seeks to take a deposition before the time specified in Rule 26(d)."

Leave to take a deposition before the 26(f) meeting may be granted because of an urgent need for discovery in connection with an application for a TRO or preliminary injunction. *Stanley v. University of So. Calif.,* 13 F.3d 1313, 1326 (9th Cir. 1994).

# II.

## GOOD CAUSE EXISTS JUSTIFYING *EX PARTE* RELIEF FOR EARLY DISCOVERY.

Good cause for *ex parte* relief exists because the relief requested by way of this ex parte application pertains to the scheduling of discovery which is one of the situations for which expedited relief is proper. See *The Rutter Group,* Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-F, 12:162.

In the process of preparing Plaintiff's Motion to Extend the Temporary Protective Orders, it became clear that there are a number of factual disputes between the parties which are germane to the underlying substantive issue regarding whether an attachment of the settlement proceeds is proper and what amount should be attached. In order to properly and completely address Plaintiff's Motion to Extend the TPOs, the Court should grant leave for early discovery, which must be done on shortened time. In addition, given the nature of the dispute, taking early depositions of integral witnesses is prudent to maintaining judicial efficiency.

Prior to filing the Ex Parte Motion to Extend the Temporary Protective Orders, Plaintiff's counsel contacted Defense counsel in an attempt to obtain a stipulation for early discovery, or at the very least meet and confer regarding any objections Defendants may have to early discovery. (Declaration of Jonathan M. Cohen ("Cohen Decl."), ¶¶2-5 and Exb. A). Before filing this Ex Parte Motion, Plaintiff's counsel again contacted Defendants' counsel in order to get a stipulation in place but to no avail. (Cohen Decl., ¶6 and Exb. B). To date, and despite the several attempts to meet and confer with Defendants' counsel regarding proposed early discovery, Defendants have failed to respond to Plaintiff's numerous communications on this issue. (Cohen Decl., ¶7). Because Defendants have not responded to Plaintiff's communications, Plaintiff has been unable to conduct a 26(f) conference[1] as is required before discovery can commence. As such, Plaintiff is left with no alternative but to seek leave of court for early discovery.

As set forth fully in Plaintiff's Ex Parte Motion for Leave of Court for Early Discovery, filed herewith, the depositions which Plaintiff seeks will lead to the discovery of admissible and relevant evidence regarding Plaintiff's Motion to Extend the Temporary Protective Orders, which is currently pending and scheduled to be heard on July 25, 2007.

Further, there are several factual disputes which exist regarding the agreement made between Plaintiff and Defendants about the division of the PRN Litigation proceeds which need to be addresses early in this litigation in order to proceed efficiently. In fact, in Defendants' Opposition to Plaintiff's Motion to Extend the TPOs, Defendants also raised defenses based upon facts which are contested by Plaintiff. (i.e. Defendants claim that that Mr. Nemirofsky was not available and did perform his duties under the agreement regarding the PRN Litigation.) (See Defendants' Opposition to Plaintiff's Ex Parte Motion to Extend the TPOs, page 2, lines 3-5). One of the central issues being contested by Defendants is the modification to their initial agreement whereby Plaintiff's share of the

---

[1] As the Court knows, Rule 26(f) directs that the parties confer "as soon as practicable and in any event at least 21 days before a scheduling conference us held or a scheduling order is due under Rule 16(b)." In this case, the last day for the 26(f) conference is August 15. However, Plaintiff has made a concerted effort to conduct the 26(f) meeting "as soon as practicable" so as to open discovery. Unfortunately, Defendants' lack of communication on this issue is effectively stalling the discovery process.

PRN Litigation proceeds was increased from 15% to 50%. It is imperative that discovery as to these integral issues be conducted in a timely and expedited manner so as to provide the Court, as well as the parties, with necessary evidence to address the underlying issues.

### III.
### CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court grant his *Ex Parte* Application for an Order Shortening Time on Plaintiff's Motion for Leave for Early Discovery.

Dated:  July 6, 2007

WINSTON & STRAWN LLP

By: _____
Jonathan M. Cohen
Robyn T. Callahan
WINSTON & STRAWN LLP
Attorneys for Plaintiff
FRANK NEMIROFSKY

SF:177007.1