Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN: 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:    415-591-1400
Email: jcohen@winston.com
rcallahan@winston.com

Attorneys for Plaintiff
FRANK NEMIROFSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>  Plaintiff,<br><br>vs.<br><br>SEOK KI KIM; STV ASIA, LTD. a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>  Defendants. | Case No. 3:07-CV-02769 – JL<br>Hon. Magistrate James Larson<br><br>**PLAINTIFF FRANK NEMIROFSKY'S *EX PARTE* MOTION FOR LEAVE OF COURT FOR EARLY DISCOVERY** |

Plaintiff FRANK NEMIROFSKY ("Plaintiff" or "Mr. Nemirofsky") brings this *Ex Parte* Motion for Leave of Court for early discovery. Specifically, Plaintiff seeks to take the depositions of Deborah Bailey-Wells, Seok Ki Kim and Jim Smith prior to the Rule 26(f) initial meeting. For the reasons set forth herein, Plaintiff has demonstrated good cause for his request for early discovery.

I.

BACKGROUND

This action arises from a dispute between Mr. Nemirofsky and Defendants SEOK KI KIM and STV ASIA, Ltd. (collectively referred to as "Defendants" or "KIM") regarding the division of settlement proceeds from a case entitled STV Asia Ltd. v. PRN Corporation and Best Buy Company,

Inc. ("PRN Litigation") which was venued in the U.S. District Court for the Northern District of California (Case No. C06-1664-JCS). Before this case was transferred to the Northern District from the San Francisco Superior Court, Judge Bruce Chan issued temporary protective orders instructing Squire, Sanders & Dempsey LLP to hold all settlement proceeds in a client trust account. Plaintiff filed an Ex Parte Motion to Extend the Temporary Protective Orders, which the Court scheduled for hearing on July 25, 2007.

Prior to filing the Ex Parte Motion to Extend the Temporary Protective Orders, Plaintiff's counsel contacted Defense counsel in an attempt to obtain a stipulation for early discovery, or at the very least meet and confer regarding any objections Defendants may have to early discovery. (Declaration of Jonathan M. Cohen ("Cohen Decl."), ¶¶2-5 and Exb. A). Before filing this Ex Parte Motion, Plaintiff's counsel again contacted Defendants' counsel in order to get a stipulation in place but to no avail. (Cohen Decl., ¶6 and Exb. B). To date, and despite the several attempts to meet and confer with Defendants' counsel regarding proposed early discovery, Defendants have failed to respond to Plaintiff's numerous communications on this issue. (Cohen Decl., ¶7). Because Defendants have not responded to Plaintiff's communications, Plaintiff has been unable to conduct a 26(f) conference[1] as is required before discovery can commence.

### III.

### AUTHORITY

A.  **Ex Parte Relief Is Proper.**

Ex parte orders are proper in situations such as for emergencies and for scheduling matters "such as motions to shorten time for hearing or to regulate the order of discovery procedures." *The Rutter Group,* Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-F, 12:162.

/ / /

/ / /

---

[1] As the Court knows, Rule 26(f) directs that the parties confer "as soon as practicable and in any event at least 21 days before a scheduling conference us held or a scheduling order is due under Rule 16(b)." In this case, the last day for the 26(f) conference is August 15. However, Plaintiff has made a concerted effort to conduct the 26(f) meeting "as soon as practicable" so as to open discovery. Unfortunately, Defendants' lack of communication on this issue is effectively stalling the discovery process.

### B. Leave of Court Shall Be Granted Under Rule 30(a)(2)(C) for Permissible Discovery.

"A party must obtain leave of court, which **shall be granted** to the extent consistent with the principles stated in Rule 26(b)(2), if . . .a party seeks to take a deposition before the time specified in Rule 26(d)." (emphasis added). Under Rule 26(d), discovery is permissible so long as it is not "unreasonably cumulative or duplicative" and is not "unduly burdensome."

Leave to take a deposition before the 26(f) meeting may be granted because of an urgent need for discovery in connection with an application for a TRO or preliminary injunction. *Stanley v. University of So. Calif.,* 13 F.3d 1313, 1326 (9th Cir. 1994).

## IV.

## PLAINTIFF'S *EX PARTE* APPLICATION FOR EARLY DISCOVERY SHOULD BE GRANTED

As Plaintiff explained in his Motion to Extend the TPOs, there are several factual disputes which exist regarding the agreement made between Plaintiff and Defendants about the division of the PRN Litigation proceeds. In fact, in Defendants' Opposition to Plaintiff's Motion to Extend the TPOs, Defendants also raised defenses based upon facts which are contested by Plaintiff. (i.e. Defendants claim that that Mr. Nemirofsky was not available and did perform his duties under the agreement regarding the PRN Litigation.) (See Defendants' Opposition to Plaintiff's Ex Parte Motion to Extend the TPOs, page 2, lines 3-5). One of the central issues being contested by Defendants is the modification to their initial agreement whereby Plaintiff's share of the PRN Litigation proceeds was increased from 15% to 50%. It is imperative that discovery as to these integral issues be conducted in a timely and expedited manner so as to provide the Court, as well as the parties, with necessary evidence to address the underlying issues.

### A. Depositions of Seok Ki Kim and Deborah Bailey-Wells.

As described in detail in Plaintiff's Ex Parte Motion to Extend the TPO (filed on June 22, 2007), prior to the filing of the PRN Litigation patent infringement suit, Mr. Kim and Mr. Nemirofsky entered into an oral agreement whereby Mr. Nemirofsky agreed to provide business,

operational and technical advice and assistance to Defendants and their litigation counsel in the PRN litigation in exchange for fifteen (15%) of the net recovery from PRN (after reimbursement of the costs of the expenses of the litigation). (Nemirofsky Decl.[2], ¶9).

From the outset of the PRN litigation, Mr. Nemirofsky spent significantly more time[3] working on the case than what was estimated or asked of him by Mr. Kim. (Nemirofsky Decl., ¶10). In or about October of 2006, Mr. Kim and Mr. Nemirofsky met at Kirkpatrick & Lockhart's San Francisco office to discuss the status of the litigation, at which time they also notified their attorneys about the modification to their agreement. (Nemirofsky Decl., ¶11). Mr. Nemirofsky and Mr. Kim had agreed that in consideration of the excess time which Mr. Nemirofsky had already worked, as well as his ongoing time commitment and the need for his technical and operational expertise, Mr. Nemirofsky was entitled to a larger share of any proceeds from the PRN litigation. (Nemirofsky Decl., ¶11). Mr. Kim modified his agreement with Mr. Nemirofsky such that Mr. Nemirofsky's share of the PRN litigation proceeds would be raised from fifteen percent (15%) to fifty percent (50%)[4]. (Nemirofsky Decl., ¶11 and Exb. B; Cohen Decl., ¶7). The agreement was confirmed in the October 9, 2006 letter from Mr. Nemirofsky to Mr. Kim which Mr. Nemirofsky gave to Mr. Kim at the October 2006 meeting. (Nemirofsky Decl., ¶11). STV Asia's then attorney, Deborah Bailey-Wells, apparently witnessed Mr. Kim's agreement to the increased 50% share for Mr. Nemirofsky and saw Mr. Nemirofsky hand the confirming letter to Mr. Kim. (Nemirofsky Decl., ¶11).

For these reasons, the depositions of Mr. Kim and Deborah Bailey-Wells must be taken in order to resolve the factual dispute related to the modification of Plaintiff's agreement with Defendants.[5] Plaintiff's counsel has advised Defendants (and the Court) by way of its Reply to Defendants' Opposition to the Motion to Extend the TPOs, that Ms. Bailey-Wells can be available for deposition on 24 hours notice. (Cohen Decl., ¶4).

---

[2] All citations to "Nemirofsky Decl." refer to the Declaration of Frank Nemirofsky in Support of Plaintiff's Ex Parte Motion to Extend the Temporary Protective Orders, filed on June 22, 2007.
[3] In fact, Mr. Nemirofsky has spent more than 2,500 hours working on the PRN litigation pursuant to his agreement with Mr. Kim. (Nemirofsky Decl., ¶10).
[4] This modification did not change the earlier agreement that the costs and expenses of the litigation would first be deducted from the total settlement or verdict proceeds of the PRN litigation.
[5] Assuming that the Court grants leave for early discovery and Defendants produce Mr. Kim for deposition, Plaintiff is prepared to offer his own deposition testimony early as well if Defendants wish to take it.

PLAINTIFF FRANK NEMIROFSKY'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:07-CV-02769 – JL

### B. Deposition of Jim Smith.

As of the date of the mediation, Mr. Nemirofsky held the position of a director of STV Asia. (Nemirofsky Decl., ¶12 and Exb. C). Although Mr. Nemirofsky, as a director of STV Asia, was initially told that he was to be a signator in of the settlement agreement, he was apparently removed as a director prior to the final signing and his name was taken off the signature blocks of the final settlement agreement. (Nemirofsky Decl., ¶12 and Exb. I).

Subsequently, Mr. Nemirofsky learned from Jim Smith, the attorney who represented STV Asia in the mediation, that as of May 7, 2007 (prior to the date the final settlement agreement was executed), Mr. Nemirofsky had been removed as a director of STV Asia. (Nemirofsky Decl., ¶13).

Thus, Jim Smith's deposition is sought regarding the removal of Mr. Nemirofsky as a director of STV Asia. In addition, because Defendants are asserting that Plaintiff is essentially entitled to nothing based upon how the PRN Litigation settlement was structured, Mr. Smith's testimony regarding the negotiation and drafting of the PRN settlement is directly relevant to the issues in this case and will lead to the discovery of admissible and relevant evidence regarding Mr. Kim's intentions and motive to deprive Mr. Nemirofsky of the benefit he bargained for under their agreement. Further, Mr. Smith will have information regarding Mr. Kim's previous acknowledgment of the modification to his agreement with Mr. Nemirofsky by which Plaintiff is supposed to receive 50% of the PRN Litigation proceeds.

As Winston & Strawn has been reviewing the files and analyzing the issues, it has become apparent that these factual matters are germane to the underlying substantive issue regarding whether an attachment of the settlement proceeds is proper and what amount should be attached. In order to properly and completely address Plaintiff's Motion to Extend the TPOs the Court should grant leave for early discovery. In addition, given the nature of the dispute, early discovery is prudent to maintaining judicial efficiency.

/ / /

/ / /

## V.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court grant his *Ex Parte* Motion for Early Discovery.

Dated:  July 6, 2007

WINSTON & STRAWN LLP

By: _____
Jonathan M. Cohen
Robyn T. Callahan
WINSTON & STRAWN LLP
Attorneys for Plaintiff
FRANK NEMIROFSKY

SF:176177.1