Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:    415-591-1400
Email: jcohen@winston.com
rcallahan@winston.com

Attorneys for Plaintiff
FRANK NEMIROFSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SEOK KI KIM; STV ASIA, LTD. a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No. 3:07-CV-02769 – JL<br>Hon. Magistrate James Larson<br><br>DECLARATION OF JONATHAN M. COHEN IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR LEAVE OF COURT FOR EARLY DISCOVERY |

I, Jonathan M. Cohen, declare as follows:

1. I am a duly licensed attorney at law, authorized to practice before the Courts of the State of California as well as the Federal District Court for the Northern District of California. I am a capital partner of the law firm Winston & Strawn LLP. I make this declaration in support of Plaintiff's *Ex Parte* Motion for Leave of Court for Early Discovery. I have personal knowledge of the facts set forth herein and could and would competently testify thereto.

///

///

2. Prior to filing the Ex Parte Motion to Extend the Temporary Protective Orders, I contacted Seth Appel, Defendants' counsel, in an attempt to obtain a stipulation for early discovery, or at the very least meet and confer regarding any objections Defendants may have to early discovery. Specifically, on June 2, 2007, I emailed Mr. Appel and asked if Defendants were willing to allow for early depositions in the hopes of "get[ing] into the meat of the case quickly". Attached hereto as Exhibit A is a true and correct copy of my June 2, 2007 email correspondence with Mr. Appel.

3. Again on June 4, 2007, I emailed Defendants' counsel asking if Defendants would consider my proposal for early discovery and enter into an agreement regarding the same. Attached hereto as Exhibit A is a true and correct copy of my June 4, 2007 email correspondence with Mr. Appel.

4. During a follow up telephone conference with Attorney Appel after my emails, he indicated that he had not yet heard back from his client on the discovery proposal but would get back to me. Mr. Appel did not get back to me.

5. Then on June 22, 2007, before Plaintiff filed the *Ex Parte* Motion to Extend the Temporary Protective Order, I left a voice message for Seth Appel again asking if Defendants were willing to stipulate to early discovery. My telephone message was not returned.

6. On July 5, 2007, I made another attempt to meet and confer with Defendants' attorneys regarding a stipulation to early discovery. Therein, I notified Defendants' counsel that Plaintiff would be filing this Ex Parte Motion requesting Leave of Court for Early Discovery this week. Attached hereto as Exhibit B is a true and correct copy of my July 5, 2007 letter to Seth Appel. As of the time of the filing of this Declaration, I had not heard back from Defendants' attorneys.

/ / /

/ / /

7. Defense counsel has not responded to any of my communications regarding the request for early discovery such that Plaintiff has been unable to get the requisite stipulation in place so that the depositions can be noticed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 6th day of July 2007 at San Francisco, California.

_____
JONATHAN M. COHEN

3
DECLARATION OF JONATHAN M. COHEN IN SUPPORT OF
PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:07-CV-02769 – JL

SF:176045.1

# EXHIBIT A

# Callahan, Robyn

| | |
|---|---|
| From: | Cohen, Jonathan |
| Sent: | Monday, June 04, 2007 2:42 PM |
| To: | 'sappel@harveysiskind.com' |
| Cc: | Callahan, Robyn |
| Subject: | RE: STV Asia Settlement Proceeds - Ex Parte/Settlement Proposal |

Sean -

I wanted to check in to see if you had heard from Magistrate Larson's law clerk. She was in touch with us this morning and indicated that a letter would be forthcoming to both sides. They want to ensure that both sides are amenable to using Magistrate Larson before they set any kind of briefing schedule or a hearing date.

Given the arguments that you are making in connection with the ex parte regarding likelihood of success on the merits, and in the absence of an agreement from you, as part of our opposition to your ex parte we will be asking for early depositions and seeking a continuance of any hearings related to the TPO until after that discovery has been completed. Let me know if some of this motion work can be avoided by way of our proposal below and an agreement on scheduling.

Thanks!

Jon

-----Original Message-----
From: Cohen, Jonathan
Sent: Saturday, June 02, 2007 5:29 PM
To: 'sappel@harveysiskind.com'
Cc: Callahan, Robyn
Subject: Re: STV Asia Settlement Proceeds - Ex Parte/Settlement Proposal

Thanks for your response. I look forward to hearing back from you after you connect with Dr. Kim.

On the issue of the counter-claim, I believe that a court's entry of an order after considering the papers effectively shields our client from any claim of abuse of process. We will set forth the grounds of why we are potentially allowed to attach more than 50%, in our opposition to your ex parte.

On the final point, I don't really see good cause to have this motion heard on an ex parte basis, especially when the TPO expires within the next three weeks. Regardless, we will file our opposition as early in the week as possible. I am sure that Magistrate Larson will allow us sufficient time to come up to speed and oppose your ex parte. Once we get a sense of Magistrate Larson's calendar then we can try to arrange a hearing this week or the following week depending on when and if he wants to hear the matter.

Please also let me know if your side is inclined to allow for early depositions. If your client is so sure about his position, hopefully we can get into the meat of the case quickly and see if it can be resolved.

Thanks!

Jon

1

----- Original Message -----
From: Seth I. Appel <SAppel@harveysiskind.com>
To: Cohen, Jonathan
Cc: Peter Harvey <pharvey@harveysiskind.com>
Sent: Sat Jun 02 17:00:25 2007
Subject: RE: STV Asia Settlement Proceeds - Ex Parte/Settlement Proposal

Jon,

I look forward to working with you and your firm, as well. I will need to consider your offer, and discuss it with Dr. Kim, before responding. In the meantime, allow me to clarify two points.

First, I told Mr. Trotter we would be willing to stipulate to a hearing on June 8 (that is, next Friday), not July 8. If Friday doesn't work for you, we would be willing to stipluate to another day this week. Any such stipulation, of course, would be subject to the Court's approval.

Second, we have already filed our counterclaim for abuse of process. In light of your assertion that our claim is verging on frivolous, I invite you to explain to me why Mr. Nerimofsky believes he is entitled to $4.38 million. (As you know, his own papers make clear that he claims less than half that amount.)

Seth


Seth I. Appel

Harvey Siskind LLP

4 Embarcadero Center, 39th Floor

San Francisco, CA 94111

Telephone: (415) 354-0100

Facsimile: (415) 391-7124

The contents of this e-mail message and any attachments are confidential and are intended solely for the addressee. The information may be privileged by law. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you are not the intended recipient and/or have received this transmission in error, any use, reproduction or dissemination of this transmission or its contents is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or at 415.354.0100 and delete this message and its attachments, if any.

From: Cohen, Jonathan [mailto:JCohen@winston.com]
Sent: Sat 6/2/2007 10:20 AM
To: Seth I. Appel
Subject: STV Asia Settlement Proceeds - Ex Parte/Settlement Proposal

2

> As I indicated in my voicemail, Winston & Strawn is substituting into the Nemirofsky v. Kim et al matter. I look forward to working with you and your firm. Please consider this a settlement privileged communication.
>
> We are coming up to speed and will be opposing your ex parte application. I understand from David Trotter that as of right now, no hearing has been set by the Court. While he had tentatively agreed with you that the hearing could go forward on July 8th, I have a summary judgment argument that day and therefore will be not be available. I am happy to coordinate calendars with you for other available dates.
>
> I am not going to respond point by point to Mr. Harvey's letter that preceded the filing of the ex parte. Suffice it to say that we are equally convinced that our client is deserving of at least 50% of the settlement proceeds.
>
>
> The claim that there was some type of abuse of process as a result of a court entered TPO is verging of frivolous and we will plan to file a motion to dismiss if the proposed counter-complaint is filed.
>
> I understand that you had discussed with David some type of compromise that would moot the ex parte application as well as the TPO. I don't know how far those discussions got but here is our client's proposal:
>
> 1) The parties, with the assistance of Squire Sanders, confirm that all of the settlement proceeds are currently held in that firm's client trust account.
> 2) The parties agree on all expenses that need to be paid from the settlement proceeds, including Squire Sanders' fees.
> 3) The parties ensure that all expenses associated with the settlement are paid and that a final accounting is agreed upon.
> 4) That 50% of the remaining funds are then released to your client.
> 5) That 15% of the remaining funds are released to Mr. Nemirofsky.
> 6) That the remaining 35% of the funds at issue be put into an interest bearing escrow account subject to an appropriate agreement providing for the release of funds upon court order or joint instruction of the parties.
> 7) That this agreement does not effect either party's claims or defenses. You will still be free to claim that Mr. Nemirofsky is entitled to nothing under the agreement and we can argue for more than 50% of the proceeds.
>
> Given that your argument to vacate the TPO boils down to probability of success on the merits, I expect that we will be asking the Court to allow us expedited discovery. If you are amenable to put up witnesses for early depositions (which is likely in the best interest of both sides), let me know and we can start working out dates.
>

3

> I will be on line throughout the weekend and am happy to discuss any of the above with you in greater detail.
>
> Respectfully,
>
> Jon
> Jonathan Cohen
> Winston & Strawn
> 101 California Street, 39th Floor
> San Francisco, CA  94111
> jcohen@winston.com
> www.winston.com
> Direct: (415) 591-1483
> Fax (415) 591-1400
>

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

# EXHIBIT B

# WINSTON & STRAWN LLP | Electronic Letterhead



101 CALIFORNIA STREET, SAN FRANCISCO CA 94111-5894
TELEPHONE: 415-591-1000   FACSIMILE: 415-591-1400

| 35 W. WACKER DRIVE | 200 PARK AVENUE | 1700 K STREET, N.W. | 333 SOUTH GRAND AVENUE | 43 RUE DU RHONE | 25 AVENUE MARCEAU | 99 GRESHAM STREET |
|---|---|---|---|---|---|---|
| CHICAGO IL 60601-9703 | NEW YORK, NY 10166-4193 | WASHINGTON, DC 20006-3817 | LOS ANGELES, CA 90071-1543 | 1204 GENEVA, SWITZERLAND | 75116 PARIS, FRANCE | LONDON, UNITED KINGDOM EC2V 7NG |
| 312-558-5600 | 212-294-6700 | 202-282-5000 | 213-615-1700 | 41-22-317-75-75 | 33-1-53-64-82-82 | 44-020-7105-0000 |

WRITER'S DIRECT DIAL
415-591-1483
jcohen@winston.com

July 5, 2007

**BY E-MAIL**

Seth Appel
HARVEY SISKIND LLP
Four Embarcadero Center, 39th Fl.
San Francisco, CA 94111

      **Re:**     **Nemirofsky v. Seok Ki Kim and STV Asia, Ltd.**

Dear Mr. Appel:

      We are in receipt of your letter dated June 29, 2007 regarding Plaintiff's Motion to Extend the Temporary Protective Orders. While Defendants have taken the position that the issue is moot, we disagree. Until such time as we receive confirmation that all of the settlement funds, which were being held in trust by Squire, Sanders, have been released, there are still viable issues for the court to decide. Moreover, Plaintiff's Motion requested alternative relief by way of the Court issuing a new temporary protective order. Therefore, Plaintiff has a right to have his motion heard on July 25, 2007 as scheduled.

      Please also be advised that we will be filing an ex parte application this week seeking early discovery. You will recall that I have previously proposed that we move forward and promptly take the depositions of the parties and Deborah Bailey-Wells. I initially inquired as to whether Defendants were willing to allow for early depositions in my June 2, 2007 e-mail correspondence. Again on June 4, 2007 I e-mailed you in an attempt to expedite discovery and get an agreement in place regarding deposition scheduling. On June 22, 2007, I followed up with you again by voice mail asking that you please contact me regarding proceeding with early discovery.

      To date, I have not gotten a response from you as to whether Defendants are amenable to discovery prior to the 26(f) meet and confer. Given the factual disputes that exist, it makes sense to get discovery going to allow each side to see the evidence. As discussed in Plaintiff's ex parte papers, Ms. Bailey-Wells can be available for deposition on 24 hours notice. Assuming that you are agreeable to early discovery, we would like to schedule her deposition for late next week.

Seth Appel
July 5, 2007
Page 2

       Please let me know by this Friday at 12:00 p.m. if you are willing to stipulate to early discovery.

                            Sincerely,

                            Jonathan M. Cohen

JMC:rtc/

SF:176637.1

**Pitt, Gail**

| | |
|---|---|
| From: | Callahan, Robyn on behalf of Cohen, Jonathan |
| Sent: | Thursday, July 05, 2007 11:58 AM |
| To: | 'sappel@harveysiskind.com' |
| Subject: | Nemirofsky v. Kim, et al. |
| Attachments: | SAppel Ltr 070507.pdf |

Please see the attached letter.