HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
e-mail: pharvey@harveysiskind.com
SETH I. APPEL (SBN 233421)
e-mail: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California  94111
Telephone:  (415) 354-0100
Facsimile:  (415) 391-7124

Attorneys for Defendants and Counterclaimants
SEOK KI KIM and STV ASIA, LTD.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>                Plaintiff,<br><br>        v.<br><br>SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>                Defendants.<br><br>SEOK KI KIM and STV ASIA, LTD., a British Virgin Islands corporation,<br><br>                Counterclaimants,<br><br>        v.<br><br>FRANK NEMIROFSKY,<br><br>                Counterdefendant. | Case No.:  C 07 2769 JL<br><br>**DEFENDANTS' <u>REDACTED</u> OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE OF COURT FOR EARLY DISCOVERY** |

DEFENDANTS' <u>REDACTED</u> OPPOSITION TO PLAINTIFF'S *EX PARTE*          Case No.: C 07 2769 JL
MOTION FOR LEAVE OF COURT FOR EARLY DISCOVERY

In yet another late Friday *ex parte* filing[1], plaintiff Frank Nemirosky seeks immediate court consideration of a motion for early discovery he wishes to conduct before the parties' Rule 26(f) conference. Such extraordinary relief is justified only when the need for expedited discovery demonstrably outweighs any prejudice to the party furnishing it. Typically, this is shown when a witness is only temporarily within the jurisdiction, or when immediate discovery is critical to a matter, such as a preliminary injunction motion, currently pending before the court. No such exigencies exist here. The discovery Plaintiff seeks may ultimately prove to be relevant to issues which will be resolved, in due course, in this litigation, but Plaintiff has not shown and cannot show urgent circumstances compelling immediate relief here. His *ex parte* application, therefore, must be denied.

**FACTS**

At the core of this lawsuit is a dispute over money. In March 2006, STV Asia, Ltd. ("STV") brought suit for patent infringement against a competitor, PRN Corporation ("PRN"). STV's President, S.K. Kim ("Dr. Kim"), and Frank Nemirofsky ("Plaintiff") agreed that Plaintiff would supervise STV's patent infringement claims and would receive 15% of any net proceeds of settlement of those claims.[2]

**[REDACTED]** [3]

---

[1] This is Plaintiff's second *ex parte* application since this case was removed to this Court on May 25, 2007. Plaintiff filed and served the first – for an order extending temporary protective orders entered by the state court judge on May 16, 2007 – after 9 pm on Friday night, June 22.

[2] Unless otherwise noted, all facts are supported by declarations of Seok Ki Kim, D. Peter Harvey, and Seth I. Appel previously filed with the Court. These declarations were filed on May 31, 2007 and June 25, 2007, and are included in the Court's electronic docket as item Nos. 9, 12, 40, and 41.

[3] **[REDACTED]**

-1-

DEFENDANTS' <u>REDACTED</u> OPPOSITION TO PLAINTIFF'S *EX PARTE*          Case No.: C 07 2769 JL
MOTION FOR LEAVE OF COURT FOR EARLY DISCOVERY

1   Because prosecution of the patent infringement action cost STV in excess of $680,000

2   **[REDACTED]**                                                                        .

3   Legally, therefore, STV owed Plaintiff nothing under the terms of the agreement.

4   On May 16, 2007, Plaintiff filed suit in San Francisco Superior Court. He asserted that Dr. Kim had agreed to change their arrangement either in October 2006 or April 2007, and that under the amended deal he was owed not 15% but rather 50% of both the net proceeds of the litigation **[REDACTED]**                      . Dr. Kim and STV (collectively, "Defendants") have emphatically denied that there was a change of the parties' arrangement at any time.[4]

## PROCEDURAL HISTORY

Using "check the box" state court forms, upon the filing of his May 16 Complaint Plaintiff also secured two Temporary Protective Orders (TPOs) freezing **[REDACTED]** into the client trust account of STV's attorneys, Squire, Sanders & Dempsey ("Squire, Sanders"). The orders expressly stated that they applied to "all funds of the defendants" – even though the total amount frozen thereby, $**[REDACTED]**, was well over twice what Plaintiff's claimed even in his most optimistic case, *i.e.*, $**[REDACTED]**.

When Dr. Kim and STV asked Plaintiff to agree to clarify the proper interpretation of the TPOs – *i.e.*, that they applied, at best, to temporarily freeze $**[REDACTED]** - Plaintiff refused.[5] STV and Dr. Kim accordingly filed a Counterclaim asserting abuse of process. Defendants also filed an *ex parte* application for an order vacating or modifying the TPOs. The court set hearing on that application for July 25.

---

[4] Defendants' discuss the flaws in Plaintiff's position in detail in their opposition to Plaintiff's Motion to Extend the TPO, filed on June 25, 2007, and included in the Court's electronic docket as item No. 37.

[5] Nemirofsky's refusal to agree to a clarification of the proper scope of the TPOs was conveyed first through his state court counsel, David Trotter of Bowles & Verna, and subsequently through newly-retained counsel, Jonathan Cohen of Winston & Strawn.

-2-

DEFENDANTS' REDACTED OPPOSITION TO PLAINTIFF'S *EX PARTE*             Case No.: C 07 2769 JL
MOTION FOR LEAVE OF COURT FOR EARLY DISCOVERY

1    By their terms, the TPOs expired on June 25.[6]  Although Plaintiff's counsel was well aware of the expiration date – indeed, he expressly acknowledged it in his first email communication with defendants' counsel on June 2 – Plaintiff waited until after 9 pm on Friday night, June 22, to ask this Court via *ex parte* application to extend them beyond June 25.  (Appel Decl., ¶ 3)

When the court did not act on Plaintiff's application by that deadline, the TPOs expired by their terms.  STV thereupon instructed Squire, Sanders to wire it the **[REDACTED]** funds held in its trust account - $**[REDACTED]**.  Squire, Sanders complied with that request.  (Kim Decl., ¶ 4)

With the wiring of the funds, defendants' application to vacate or modify the TPOs became moot.  Defendants formally withdrew their application on the ground of mootness on June 27.  When the court set a July 25 hearing date on plaintiff's motion to extend the TPOs, defendants encouraged Plaintiff, on June 29, to avoid wasting the court's resources and to withdraw his application to extend the TPOs on the same ground.  He has refused to do so.  (Appel Decl., ¶ 4)

Now Plaintiff has applied *ex parte* for an order permitting early discovery.  Assuming *arguendo* early discovery made sense at one time, it surely does not make sense now.  Defendants have withdrawn their motion because it is moot.  Plaintiff's motion to extend the TPOs is likewise moot, since the TPOs have expired.  Plaintiff cannot manufacture a necessity for early discovery out of his belated and now meaningless attempt to extend an expired order.[7]

---

[6] The TPOs, issued June 16, 2007, provide that they "shall expire at the earliest of the following times: . . . (2) after. . . June 26, 2007, or (3) 40 days after the issuance of this order." (*See* Appel Decl., ¶3 and Ex. A)  The TPOs therefore expired on June 25, *i.e.*, 40 days after issuance.  Plaintiff incorrectly stated in his Motion to Extend the TPOs that they expired on June 26. (Mot. to Extend TPO, 1:22)  At any rate, all parties agree that the TPOs have expired.

[7] Plaintiff mischaracterizes the parties' exchanges concerning the possibility of early discovery.  While Plaintiff's counsel, Jonathan Cohen, raised the issue of early depositions generally in emails in early June, he did not mention whom he sought to depose, and he did not explain why expedited discovery was necessary.  In fact, Plaintiff identified Ms. Bailey-Wells and Mr. Smith as potential early deposition witnesses for the first time in his motion to extend the TPOs, filed the night of July 22. (Appel Decl., ¶5)  Mr. Cohen's correspondence with Defendants' counsel, Seth Appel, in early June focused on other matters and only incidentally concerned early discovery.  (*See* Cohen Decl., Ex. A)

After the first week of June, Mr. Cohen did not raise the issue of expedited discovery again until Thursday, July 5.  On that date, he emailed a letter to Mr. Appel.  Mr. Appel was traveling at the time, with limited email

-3-

DEFENDANTS' REDACTED OPPOSITION TO PLAINTIFF'S *EX PARTE*        Case No.: C 07 2769 JL
MOTION FOR LEAVE OF COURT FOR EARLY DISCOVERY

1    The issues about which plaintiff seeks discovery are the very issues to be determined, in the ordinary course, in this lawsuit – *i.e.*, what were the terms of the parties' understanding about the distribution of any PRN settlement proceeds, was that agreement ever modified, what "net proceeds" did that agreement purport to cover, and were any such "net proceeds" generated. Discovery into such issues can now be arranged, as the Federal Rules of Civil Procedure contemplate, on a pace and schedule to which the parties will agree in their upcoming Rule 26(f) conference. There is certainly no urgency now compelling expedited discovery, especially of a party like defendant Kim who is resident in Hong Kong. (Kim Decl., ¶2) Plaintiff's motion to compel such discovery, therefore, must be denied.

## ARGUMENT

**1.    Because the TPOs have Expired by Their Own Terms and the Parties' Motions to Vacate or Extend Them are Moot, There is No Need for Expedited Discovery.**

Plaintiff claims that "there are several factual disputes which exist regarding the agreement made between Plaintiff and Defendants about the division of the PRN Litigation proceeds" and notes that Defendants disputed Plaintiff's position on a number of these in their opposition to Plaintiff's motion to extend the TPO. (Mot., 3:13-16.) But this motion, as noted above, is now moot. Defendants' motion to vacate or modify the TPOs is also moot, and has been withdrawn. The TPOs expired by their terms. Upon their expiration, the moneys held by Squire, Sanders were wired to STV. There are no TPOs to be extended, and thus plaintiff's motion to extend is a meaningless exercise, consideration of which would simply waste the Court's time. There is no need whatsoever compelling early discovery.

---

access, and his email was set to generate an automatic "out of office autoreply" notice. The notice stated that Mr. Appel would be out of the office until Monday, July 9, and that "if you need immediate assistance, please contact Cindi Lee at 415-354-0100 or clee@harveysiskind.com." Plaintiff did not contact Ms. Lee. He also did not contact other lawyers in Mr. Appel's firm, including Peter Harvey, the first name listed on Defendants' pleadings. (Appel Decl., ¶ 6) Instead, Mr. Cohen filed this motion the following day, along with a declaration claiming that "as of the time of the filing of this Declaration, I had not heard back from Defendants' attorneys." (Cohen Decl., ¶ 6)

-4-

DEFENDANTS' <u>REDACTED</u> OPPOSITION TO PLAINTIFF'S *EX PARTE*    Case No.: C 07 2769 JL
MOTION FOR LEAVE OF COURT FOR EARLY DISCOVERY

In his brief, Plaintiff cites *Staley v. University of Southern California*, 13 F.3d 1313 (9th Cir. 1994) for the proposition that "leave to take a deposition before the 26(f) meeting may be granted because of an urgent need for discovery in connection with an application for a TRO or preliminary injunction." (Mot., 3:7-9) *Staley* is in fact the only case Plaintiff cites in his brief. Surely there is no "urgency" here.

**2.   The Issues on Which Plaintiff Seeks Discovery – the Scope and Proper Interpretation of the Parties' Contract – are Basic Issues that Should be Dealt With on the Ordered Timetable Contemplated by Rule 26.**

Because the TPOs have expired, Plaintiff's argument in favor of expedited discovery boils down to his belief that discovery may lead to relevant information. Of course, that is true in all litigation. There is nothing exceptional about this case justifying a departure from the standard timetable outlined in the Federal Rules of Civil Procedure.

If expedited discovery were appropriate here, it would be appropriate in every case, and the timeframe laid out in the Rules would be meaningless. *Cf. Semitool, Inc. v. Tokyo Electron America*, 208 F.R.D. 273, 276 (N.D. Cal. 2002 ("The relevance of the requested discovery is not at issue here. . . . The issue is whether there is good cause to provide immediate access to the requested discovery rather than postponing its ultimate production during the normal course of discovery.").

Plaintiff seeks early depositions of Deborah Bailey-Wells and Jim Smith, as well as Dr. Kim. Ms. Bailey-Wells was counsel for STV in the PRN litigation; Mr. Smith is one of the lawyers at Squire, Sanders. Plaintiff claims that Ms. Bailey-Wells was a witness to an alleged understanding between Plaintiff and Kim modifying the compensation agreement between Plaintiff and STV. Thus Plaintiff claims that her deposition "must be taken in order to resolve the factual dispute related to the modification of Plaintiff's agreement with Defendants." (Mot., 4:19-21.) Jim Smith's deposition is sought by Plaintiff "regarding the removal of Mr. Nemirofsky as a director of STV Asia [and] the negotiation and drafting of the PRN settlement." (Mot., 5:10-13.)

The factual and legal issues underlying the proper interpretation and scope of the agreement between Plaintiff and STV are the basic factual and legal issues in dispute in this case. Certainly the deposition of Dr. Kim on these issues will be taken in due course, if this litigation proceeds, as will that of Plaintiff. Whether depositions of STV's former lawyers are appropriate and can be taken without violating the attorney-client privilege remains to be seen. Even assuming *arguendo* that Mr. Bailey-Wells and Mr. Smith must and can be deposed, however, there is simply no need to take any of these depositions on an expedited basis.

The Rutter Group Practice Guide, on which Plaintiff purports to rely (Mot., 2:20-22), explains:

> "Good cause" for expedited discovery has been found to exist in cases involving infringement or unfair competition where *physical evidence may be consumed or destroyed*, or in which a preliminary injunction is sought.

Schwartzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group 2007) §11:257.2 at 11-61 (emphasis in original). Here, the Court is adjudicating a basic contract dispute. Moreover, the discovery that Plaintiff seeks—depositions—does not involve evidence that is in jeopardy of being "consumed or destroyed." There is no reason to think Ms. Bailey-Wells or Mr. Smith will be unavailable later in this litigation. Needless to say, Dr. Kim will also be available.

## CONCLUSION

For the reasons stated, the Court should deny Plaintiff's motion for expedited discovery.

Dated: July 9, 2007                              Respectfully submitted,

                                                 HARVEY SISKIND LLP


                                                 By: _____/s/_____
                                                         Seth I. Appel

                                                 Attorneys for Defendants and Counterclaimants
                                                 SEOK KI KIM and STV ASIA, LTD.

-6-

DEFENDANTS' REDACTED OPPOSITION TO PLAINTIFF'S *EX PARTE*                    Case No.: C 07 2769 JL
MOTION FOR LEAVE OF COURT FOR EARLY DISCOVERY