UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>    Plaintiff,<br><br>    v.<br><br>SEOK KI KIM,<br><br>    Defendant.<br>_____/ | No. C 07-2769 JL<br><br>**REFERRAL AND BRIEFING ORDER**<br>**Re Possible Related Case**<br>**(C-06-1664 JCS, *STV Asia LTD. v. PRN Corporation et al.*)** |

    This case was assigned to this Court at filing and all parties consented to this Court's jurisdiction pursuant to 28 U.S.C. §636(c) and Civil Local Rule 73. There are three substantive motions on file in this case: Plaintiffs' motion for extension of the temporary protective order, Plaintiff's ex parte application for leave to take early discovery, and Plaintiff's motion to dismiss Defendant's counterclaim pursuant to FRCP 12(b)(6).

    These motions relate to the disposition of the proceeds of the settlement of another case in this district, C-06-1664 JCS, *STV Asia LTD. v. PRN Corporation et al*. Many of the documents are filed under seal, due to the confidential nature of the settlement agreement. That case settled at mediation and funds were deposited in a trust account.

    A disagreement arose over disposition of the funds and Frank Nemirofsky filed suit in San Francisco Superior Court. The judge in that case, Judge Chan, entered a temporary

protective order, freezing the funds at issue. Defendants then removed the Superior Court case and now the parties are back in federal court.

Frank Nemirofsky and Seok Ki Kim dispute whether Nemirofsky was a partner in STV Asia at the time of what they refer to as the PRN litigation. They also dispute the extent and value of Nemirofsky's assistance with the litigation. The nature of the parties' dispute leads this Court to consider whether a judge more familiar with the *STV Asia v PRN* case might be more familiar with the context in which the dispute arose.

Pursuant to Civil Local Rule 3-12, whenever a Judge believes that a case pending before that Judge is related to another case, the Judge may refer the case to the Judge assigned to the earliest-filed case with a request that the Judge assigned to the earliest-filed case consider whether the cases are related.

The definition of related cases is:

3-12. Related Cases.

    (a) Definition of Related Cases. An action is related to another when:

        (1) The actions concern substantially the same parties, property, transaction or event; and

        (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

The referring Judge shall file and send a copy of the referral to all parties to all affected cases. The parties must file any response in opposition to or support of relating the cases pursuant to Civil L.R. 3-12(d). Alternatively, a Judge may order the parties to file a motion pursuant to Civil L.R. 3-12(b).

In the case at bar, this Court hereby orders the parties to file simultaneous motions before Magistrate Judge Spero in C-06-1664 JCS, *STV Asia LTD. v. PRN Corporation et al.*, pursuant to Civil Local Rule 3-12(b) regarding whether this case should be related to the *STV Asia* case and whether all pending motions and any subsequent matters related to the settlement of the *STV Asia* case should be decided by Magistrate Judge Spero. The

parties shall file their briefs within twenty days of the e-filing of this order and file responses, if any, within five days of receipt of the opening briefs.

The hearing set for July 25 on Plaintiff's motion to extend the Temporary Protective Order and the hearing set for August 8 on Plaintiff's motion to dismiss Defendant's counterclaim are hereby vacated, pending a decision by Magistrate Judge Spero on whether the cases are related.

IT IS SO ORDERED.

DATED: July 10, 2007

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-2769\ref.rel.case.wpd