Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN: 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:    415-591-1400

Attorneys for Plaintiff
FRANK NEMIROFSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY<br><br>Plaintiff,<br><br>vs.<br><br>SEOK KI KIM; STV ASIA, LTD. a British Virgin Islands corporation; and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. 3:07-CV-02769 - JL<br><br>**PLAINTIFF'S BRIEF RE RELATEDNESS TO STV ASIA LTD. V. PRN CORP., ET AL. (CASE NO. C-06-1664 JCS)** |

Plaintiff FRANK NEMIROFSKY ("Plaintiff" or "Mr. Nemirofsky") hereby submits this brief to pursuant to Magistrate Judge Larson's July 10, 2007 Order requesting that the parties each file a motion as to whether the above-referenced case should be designated a related case with *STV Asia, Ltd. v. PRN Corporation, et al.* (Case No. C-06-1664 JCS) ("PRN Case") and transferred to Magistrate Judge Spero. As set forth fully herein, Plaintiff contends that this case is <u>not</u> related to the PRN Case and therefore does not qualify for designation as a related case under Local Rule 3-12.

/ / /

/ / /

1

Plaintiff's Brief re Relatedness to STV Asia Ltd. v. PRN Corp., et al. (Case No. C-06-1664 JCS)

## I. THE PRESENT CASE IS NOT RELATED TO THE PRN CASE

### A) The Causes of Action and Requested Relief Are Different.

This case is a breach of contract action as between Mr. Nemirofsky, Mr. Kim and STV Asia, Ltd. Quite simply, this action stems from Defendants' failure to uphold the agreement they had with Mr. Nemirofsky regarding the division of settlement proceeds. Although the settlement proceeds at issue are based upon the resolution of the PRN Case, Mr. Nemirofsky's breach of contract claim and the relief he is seeking are distinct from the patent infringement claims which were the subject of the PRN Case.

As the Court is well aware, the elements of a breach of contract cause of action do not overlap with a patent infringement claim nor were there any breach of contract claims asserted in the PRN Case.

In order for a case to be designated as related under Local Rule 3-12, the two actions must "concern substantially the same parties, property, transaction or event". Mr. Nemirofsky's breach of contract case against Defendants Seok Ki Kim and STV Asia, Ltd. do not concern the same property, transaction or event. The property at issue in the PRN Case was the patents which the PRN defendants allegedly infringed. The transaction or event which was the basis for the PRN Case was the PRN Defendants' acts of infringing the patents. Here, the property at issue are settlement funds which were the subject of an agreement between Mr. Nemirofsky and Mr. Kim and STV Asia. The transaction or event which forms the basis of Mr. Nemirofsky's claims in this case is Mr. Kim's and STV Asia's breach of their agreement regarding Mr. Nemirofsky's rights to the PRN settlement funds subsequent to Mr. Nemirofsky's performance of his obligations under their agreement.

The present case requires an analysis as to whether a contract exists, whether Defendants' performance was excused and Plaintiff's damages as a result of Defendants' breach of the agreement. As discussed below, the discovery for the breach of contract claim is rather limited, unlike the PRN Case. For example, the witnesses pertaining to this case are the attorneys who represented STV Asia, Ltd. in the PRN Case, not the inventors of the patents and corporate management of PRN and the other defendant companies in the PRN Case.

///

B)   Substantive Issues of This Case Do Not Overlap With PRN.

Plaintiff respectfully asks the Court to recognize that Magistrate Judge Spero, having been the presiding judge over the PRN Case, does not possess information from his experience in the PRN Case which makes transferring this case to Magistrate Judge Spero necessary, efficient, or proper under the rules regarding relatedness. Because the substantive issues in this case differ completely from the PRN case, Magistrate Judge Spero is no more qualified than Magistrate Judge Larson to preside over Mr. Nemirofsky's breach of contract claims.

As Magistrate Judge Larson noted in his July 10, 2007 Order, "[m]any of the documents are filed under seal, due to the confidential nature of the [PRN] settlement agreement. The case settled at mediation..." Due to the confidentiality protections surrounding mediation and settlement negotiations, the discussions of the parties, or any documents related to the confidential settlement in the PRN Case, are not part of the court's record in the PRN Case and Magistrate Judge Spero would not have been apprised as to said discussions and/or documents.

C)   The Discovery in This Case Is Unrelated to the PRN Case.

While the gravaman of the discovery in the PRN Case was related to the development and use of the patents at issue therein (which, by their very nature were complex and highly technical), this case centers on a simple agreement between two businessmen as to their respective rights to a jury award or settlement funds of the PRN Case. Because the agreement between Mr. Nemirofsky, Mr. Kim and STV Asia was not disclosed to the court or opposing parties in the PRN Case, Magistrate Judge Spero is not in possession of any unique knowledge or understanding pertaining to Mr. Nemirofsky's breach of contract action.

There will be no "duplication of labor or expense" because the discovery in this case will be focused on the witnesses to the agreement at issue and the actions taken by Defendants which constituted breach of the agreement. Here, the witnesses with knowledge as to Mr. Nemirofsky's agreement with Mr. Kim and STV Asia, Ltd. will be STV Asia's attorneys, including Deborah Bailey-Wells, a partner at K&L Gates. As such, communications among Ms. Bailey-Wells, Mr. Kim and Mr. Nemirofsky were confidential attorney-client communications which were not disclosed to the court or to Magistrate Judge Spero in the PRN Case. Likewise, Attorneys Jim Smith and Nathan

Lane of Squire, Sanders & Dempsey,[1] who represented STV Asia at mediation, have information which is pertinent to Mr. Nemirofsky's breach of contract claim, but which would not have been shared with the Court or Magistrate Judge Spero in the context of the PRN Case due to the confidentiality of the mediation. As such, this case does not fulfill the second prong of the test for relatedness which requires that "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." (See Local Rule 3-12(a)(2)).

## II. PARTIES MUST CONSENT TO A MAGISTRATE JUDGE

As the Court well knows, in order for a magistrate judge to perform Article III functions, all parties must consent to the assignment of the magistrate judge. *Pacemaker Diagnostic Clinic of America, Inc.* (9th Cir. 1984) 725 F.2d 537, 546. (See also General Order No. 44, Page 6, Section N (b)). Here, Plaintiff specifically consented to the jurisdiction of a magistrate judge subsequent to being informed that Judge Larson was the magistrate judge that would be assigned to this case. Thus, a transfer to another magistrate judge, without obtaining the prior consent of the parties, is inconsistent with Local Rule 73 and 28 U.S.C. Section 636(c).

///
///

---

[1] Squire Sanders & Dempsey LLP replaced K&L Gates as counsel for STV Asia, Ltd. in the PRN Case prior to the settlement of the litigation.

### III. CONCLUSION

As explained herein, this breach of contract action between Mr. Nemirofsky and Defendants is not related to the PRN Case. As such, Plaintiff respectfully requests that the above-referenced case remain assigned to Magistrate Judge Larson, whom Plaintiff specifically consented to, and that the pending motions[2] be placed back on Judge Larson's calendar on the earliest available date.

Dated: July 30, 2007                    WINSTON & STRAWN LLP

                                        By: /s/
                                            Jonathan M. Cohen
                                            Martin Sabelli
                                            Robyn T. Callahan
                                            Attorneys for Plaintiff
                                            FRANK NEMIROFSKY

---

[2] Presently, there are three motions which have not yet been heard: Plaintiff's Ex Parte Motion to Extend the Temporary Protective Orders, Plaintiff's Motion to Dismiss Defendants' Counterclaim, and Plaintiff's Motion for Early Discovery.

5

SF:178796.1    Plaintiff's Brief re Relatedness to STV Asia Ltd. v. PRN Corp., et al. (Case No. C-06-1664 JCS)