1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
e-mail:  pharvey@harveysiskind.com
SETH I. APPEL (SBN 233421)
e-mail:  sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California  94111
Telephone:  (415) 354-0100
Facsimile:  (415) 391-7124

Attorneys for Defendants and Counterclaimants
in Case No. C 07-2769 JL,
SEOK KI KIM and STV ASIA, LTD.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STV ASIA LTD.,<br><br>                    Plaintiff,<br><br>         v.<br><br>PRN CORPORATION, PREMIER RETAIL NETWORKS, INC., BEST BUY CO., INC., BEST BUY STORES L.P., CIRCUIT CITY STORES INC., CIRCUIT CITY STORES WEST COAST, INC., COSTCO WHOLESALE CORPORATION, WAKEFERN FOOD CORPORATION d/b/a SHOPRITE, and ALBERTSONS, LLC.,<br><br>                    Defendants. | **Case No.:  C 06-1664 JCS**<br><br>**Possible Related Case No.:  C 07-2769 JL**<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Judge Larson's Referral and Briefing Order of July 10, 2007 and Civil Local Rule 3-12, Seok Ki Kim ("Kim") and STV Asia, Ltd. ("STV") hereby move the Court to consider whether this case (the "*PRN* case") is related to Case No. C 07-2769 JL, *Nemirofsky v. Kim, et al.*, removed to this Court on May 25, 2007 (the "*Nemirofsky* case").  Kim and STV respectfully submit that the two cases are not related.  They involve substantially different parties and entirely different issues.

**ARGUMENT**

Local Rule 3-12(a) provides that an action is related to another action when:

(1)  The actions concern substantially the same parties, property, transaction or event; and

(2)  It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Here, the relationship between the two cases does not satisfy either of these requirements.

**1.      The Present Litigation Does Not Concern Substantially the Same Parties, Property, Transaction or Event as the Earlier Litigation.**

In the *PRN* case, STV asserted patent infringement claims against its competitor Premier Retail Network and Premier's owner/operator, PRN Corporation (collectively, "PRN").  STV alleged that these entities manufactured and sold an "in-store television network" that infringed STV's patents.  STV also asserted patent infringement claims against some of PRN's customers, namely Best Buy Company, Inc.; Best Buy Stores L.P.; Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., Costco Wholesale Corporation; Wakefern Food Corporation d/b/a Shoprite; and Albertsons LLC, for their role in the alleged infringement.

On May 15, 2007, the parties to the *PRN* case entered into a settlement agreement whereby PRN paid money to STV.  At that time, STV also assigned the patents at issue to PRN for additional money.  The *PRN* case was then dismissed per the parties' stipulation.

Plaintiff Frank Nemirofsky ("Nemirofsky") filed the *Nemirofsky* case on May 16, 2007, as San Francisco Superior Court Civil Case No. 07-463428.  Defendants removed it to this Court on May 25, 2007.  Nemirofsky asserts breach of contract and related claims against Kim and STV. Nemirofsky alleges that he is entitled to 50% of the payments PRN made to STV in connection with the settlement of the *PRN* case.  Nemirofsky asserts that Kim and STV agreed to amend a contract he had entered into with them which originally entitled him to 15% of the net proceeds of the settlement of the *PRN* case.   Kim and STV deny that there was any such amendment.   They also have counterclaimed for abuse of process because Nemirofsky, when he filed the case, intentionally obtained state court temporary protective orders ("TPOs") freezing 100% of the money paid by PRN.

-2-

1    Kim and STV allege that he did so, not because he believed in good faith that he was entitled to that

2    money.   Rather Nemirofsky, knowing he was not entitled to even 50% of the *PRN* case's net

3    settlement proceeds, intentionally and in bad faith froze 100% of STV's funds in order to force a

4    favorable settlement.

5         Of the ten parties to the *PRN* case, only one of them, STV, is a party to the *Nemirofsky* case.

6         The property involved in the *PRN* case was intellectual property, specifically two patents.

7    The property involved in the *Nemirofsky* case is money.

8         The "transaction or event" involved in the *PRN* case was the manufacture, use, and sale of

9    allegedly infringing products.   The "transaction or event" involved in the *Nemirofsky* case is the

10   parties' agreement concerning the net proceeds of the settlement of a lawsuit, and the obligations

11   flowing therefrom.

12        In short, comparing the two cases, there is almost no overlap in parties, property, transaction

13   or event.

14   **2.      No Unduly Burdensome Duplication of Labor and Expense Will Occur if the *Nemirofsky***
     **Case is Conducted Before a Different Judge From the *PRN* case.**

15

16        Few of the issues pertinent to the *PRN* case are relevant to the *Nemirofsky* case.   The key

17   matters in dispute in the former case were apparently the validity of STV's patents; whether the

18   technology offered by PRN infringed STV's patents; and PRN's customers' role in the alleged

19   infringement.   None of these matters has any bearing on the present litigation.

20        The *Nemirofsky* case is a straightforward contract dispute.   Both parties acknowledge that

21   they entered into an agreement whereby Kim and STV agreed to pay Nemirofsky 15% of the net

22   settlement proceeds from the *PRN* litigation.   Nemirofsky claims that the parties later modified this

23   agreement such that he is entitled to 50% of the net settlement proceeds.   STV and Kim deny the

24   agreement was modified.   The parties also dispute whether PRN's payment for STV's assignment of

25   its patents constituted "settlement proceeds."   The key matters in dispute in the *Nemirofsky* case are

26   whether the parties ever modified their agreement; whether PRN's payment for the patents

27   constituted settlement proceeds; and whether Nemirofsky intentionally obtained excessive state court

28   TPOs for an improper purpose.

Because the issues in the two cases are substantially different, hardly any of the Court's efforts concerning the *PRN* case will duplicate the efforts undertaken by the Court in connection with the *Nemirofsky* case.

It is worth noting that STV, the one party common to both cases, retained new counsel for the *Nemirofsky* case.[1] Thus, long before Judge Larson's Referral and Briefing Order, STV determined that its interests could be best represented by attorneys who knew little about the earlier litigation without a significant duplication of labor and expense.

**3. Conducting the *Nemirofsky* Case Before a Different Judge From the *PRN* Case Will Not Cause Conflicting Results.**

Because they involve such different issues, it is hard to imagine a result in the *Nemirofsky* case that would be inconsistent with the result in the *PRN* case. Indeed, all parties to the *Nemirofsky* case accept the outcome of the *PRN* case, *i.e.*, that it was settled and dismissed per the parties' stipulation. The question is how the net settlement proceeds of the *PRN* case, and moneys paid for the assignment of the STV Asia patents, should be distributed.

CONCLUSION

Apart from the happenstance that the parties in the *Nemirofsky* case dispute their entitlement to net settlement proceeds from the *PRN* case, there is substantively little relationship between the two matters. For the reasons stated, the Court should conclude that the *PRN* case and the *Nemirofsky* case are unrelated, and that the latter case can proceed before the Honorable James Larson.

Dated: July 30, 2007                    Respectfully submitted,

HARVEY SISKIND LLP

By: _____/s/_____
                    Seth I. Appel

Attorneys for Defendants and Counterclaimants
in Case No. C 07 2769 JL,
SEOK KI KIM and STV ASIA, LTD.

---

[1] Harvey Siskind LLP, STV's counsel in the *Nemirofsky* case, appeared in the *PRN* case on May 21, 2007, the day before it was dismissed, for the sole purpose of filing the stipulation of dismissal and joint motion to vacate claim construction order.