1    Jonathan M. Cohen (SBN: 168207)
     Martin Sabelli (SBN: 164772)
2    Robyn T. Callahan (SBN: 225472)
     WINSTON & STRAWN LLP
3    101 California Street
     San Francisco, CA  94111-5894
4    Telephone:    415-591-1000
     Facsimile:    415-591-1400
5
     Attorneys for Plaintiff
6    FRANK NEMIROFSKY

7
     D. Peter Harvey (SBN: 55712)
8    email:  pharvey@harveysiskind.com
     Seth I. Appel (SBN: 233421)
9    email:  sappel@harveysiskind.com
     Harvey Siskind LLP
10   Four Embarcadero Center, 39th Fl.
     San Francisco, CA 94111
11   Telephone:    415-354-0100
     Facsimile:    415-391-7124
12
     Attorneys for Defendants
13   SEOK KI KIM and STV ASIA, LTD.

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

| | |
|---|---|
| 17  Frank Nemirofsky | Case No. 3:07-CV-02769 - JL |
| 18          Plaintiff, | **JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT AND WRITTEN DISCOVERY PLAN** |
| 19          vs. | |
| 20  SEOK KI KIM; STV ASIA, LTD. a British Virgin Islands corporation; and DOES 1 through 20, inclusive | **[Civ. L.R. 16-9; FRCP 26]** |
| 21 | DATE:    September 19, 2007 |
| 22          Defendants. | TIME:    10:30 a.m. ROOM:  Courtroom F |
| 23  SEOK KI KIM and STV ASIA, LTD. a British Virgin Islands corporation | |
| 24 | |
| 25          Counterclaimants | |
| 26          vs. | |
| 27  Frank Nemirofsky | |
| 28          Counterdefendant. | |

Pursuant to this Court's Civil Local Rule ("Civil L.R.") 16-9 and Rule 26(a)(1) of the Federal Rules of Civil Procedure, the parties jointly submit this Rule 26(f) Report, Case Management Statement, and Discovery Plan.

## I. DESCRIPTION OF THE CASE

### A. Brief Description Of The Events Underlying The Action

Plaintiff FRANK NEMIROFSKY ("Plaintiff" or "Mr. Nemirofsky") filed a Complaint in the San Francisco Superior Court on May 16, 2007 (Case No. CV-07-463428) for breach of contract, fraud, conversion and breach of fiduciary duty against Defendants SEOK KI KIM and STV ASIA, Ltd. (collectively referred to as "Defendants"). On May 25, 2007, Defendants removed the case to this Court. Defendants answered the Complaint, denying all charging allegations. Defendants also filed a Counterclaim against Plaintiff for abuse of process. Plaintiff responded by filing a Motion to Dismiss the Counterclaim.

This case arises from a dispute between Defendants and Plaintiff as to their agreement regarding the potential settlement monies from a Northern District of California case entitled STV Asia Ltd. v. PRN Corporation and Best Buy Company, Inc. ("PRN Litigation").

### B. The Principal Factual and Legal Issues Which The Parties Dispute

1)    What the terms of the agreement between Plaintiff and Defendants are regarding the PRN litigation;

2)    Whether there are any net proceeds from the PRN Litigation;

3)    Whether Defendants owe Plaintiff any money from the PRN Litigation settlement, and if so, how much;

4)    Whether Plaintiff abused the processes of the court via the issuance and maintenance of Temporary Protective Orders.

### C. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

There are no unresolved issues related to service of process, personal jurisdiction, subject matter jurisdiction or venue.

2

## II.    MOTIONS

As the Court knows, there are three pending motions which were temporarily taken off calendar while this case was being briefed as to its relatedness to the PRN Litigation.  On August 8, 2007, Magistrate Judge Spero agreed with the parties and ordered that this case is not related and should not be transferred.   The pending motions have not yet been rescheduled.

Plaintiff's Motion to Dismiss the Counterclaim

In response to Defendants' Counterclaim, Plaintiff filed a motion to dismiss on June 30, 2007.  The motion was initially set for hearing on August 8, 2007.  Plaintiff requests that this motion be rescheduled for hearing.

Plaintiff's Motion for Early Discovery

Plaintiff filed an ex parte motion for early discovery on July 6, 2007 requesting that the Court permit Plaintiff to take the deposition of Deborah Bailey-Wells prior to the 26(f) conference and initial case management conference.  Plaintiff requests that this motion be scheduled for hearing at the earliest available date.

The parties are discussing whether STV Asia's attorney-client privilege will preclude or limit Ms. Bailey-Wells' testimony.  Defendants' are of the view that the privilege may well apply, while Plaintiff's position is that any objection Defendants may raise to Ms. Bailey-Wells' deposition on the basis of attorney-client privilege is not sustainable.

Plaintiff suggested that Defendants present any objections they may have to Ms. Bailey-Wells' deposition, along with the legal basis and authority for said objections, to Plaintiff in advance of the September 19, 2007 Conference.  Counsel will try to meet and confer regarding any such objections prior to the September 19, 2007 Conference, and be prepared to discuss any unresolved issues from their meeting regarding Ms. Bailey-Wells' deposition at the Conference.

Plaintiff's Motion to Extend the Temporary Protective Order

As the Court knows, Defendants filed a Notice of Withdrawal of their Motion to Vacate or Modify Temporary Protective Orders on June 27, 2007, wherein they took the position that Plaintiff's Ex Parte Motion to Extend the TPOs was moot.  However, at that juncture, Plaintiff had

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT AND WRITTEN DISCOVERY PLAN

not yet received confirmation that all of the funds at issue had been released from the trust account where they were being held by the law firm Squire, Sanders & Dempsey.

Based upon the recent representation of Defendants' counsel, that all of the funds that were being held in trust by Squire, Sanders & Dempsey, have already been released to Dr. Kim, Plaintiff hereby gives notice of the withdrawal of Plaintiff's Ex Parte Motion to Extend the Temporary Protective Orders.

**III.    ADDITIONAL PARTIES**

The parties do not intend to join any parties at this time.

**IV.    CONSENT TO ASSIGNMENT TO A U.S. MAGISTRATE JUDGE FOR TRIAL**

Both parties have already submitted their written consents to the assignment of this case to United States Magistrate Judge James Larson.

**V.    SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

The parties have discussed alternative dispute resolution options such as private mediation, possibly through JAMS or another provider.  However, it is Plaintiff's preference to do an early settlement conference to be scheduled as soon as the depositions of Deborah Bailey-Wells, Dr. Kim and Mr. Nemirofsky have been completed.  To date, the parties have not engaged in any settlement discussions.

**VI.    RELATED CASES**

The parties are not aware of any related cases or proceedings pending before a Judge of this Court or before another court or administrative body.

**VII.    DISCLOSURES**

The parties have agreed that they will exchange initial disclosures on September 7, 2007 and that the Federal Rules of Civil Procedure shall govern the type and format of information exchanged.

**VIII.    DISCOVERY**

**A.    Discovery Limits**

With respect to proposed limits on discovery, the parties do not propose to deviate from the limits set forth in the Federal Rules of Civil Procedure and applicable case law at this time.

However, the parties may seek to obtain additional depositions and/or written discovery requests based on the initial disclosures.

- The parties shall exchange Initial Disclosures on September 7, 2007.
- The parties agree that the subjects on which discovery shall be had are those embodied in the pleadings.
- The parties agree that there is no need to conduct discovery in phases or for discovery to be limited or focused upon particular issues.
- The parties agree that, at this time, no changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Court's Local Rules.
- The parties discussed the deposition schedule and agreed that party depositions could likely be completed by November 9, 2007.
- Plaintiff has requested that the deposition of Deborah Bailey-Wells be taken first and that her deposition be scheduled to take place within two weeks of the September 19, 2007 Conference.
- Plaintiff has indicated that he may also may want to take the depositions of James Smith, Nate Lane, Richard Perez, Nack Y. Cho, Jerry E. Magilton and the person(s) most knowledgeable at NERA regarding the patent valuation analysis NERA did in relation to the PRN Litigation.
- Plaintiff believes that all depositions and related discovery can be completed by the end of November 2007. Defendants disagree. Defendants intend to propound written discovery, and depending on the responses, may wish to propound further written discovery and to take additional depositions. Defendants believe a reasonable cut-off date for lay discovery would be April 30, 2008.

**B.    Other Issues**

The parties intend to agree upon and submit a proposed Protective Order to govern discovery in this action and the filing of confidential information under seal.

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT AND WRITTEN DISCOVERY PLAN

## IX.    NARROWING OF ISSUES

At this time, the only issue that the parties are aware of that may be narrowed by agreement or by motion is with respect to any objections that Defendants may make to discovery arising from the attorney client privilege.

## X.    TRIAL SCHEDULE

### A.    Proposed Trial Date

The parties have not yet agreed on a proposed trial date.  Plaintiff requests that the trial be scheduled for either December 2007 or January 2008.  Defendants believe that a later trial date is needed to allow the parties to take proper discovery, and to allow the Court and parties time to consider dispositive motions.  The parties believe that the trial will last approximately five (5) to seven (7) court days.

## XI.    RELIEF

The parties seek money damages, costs, and reasonable attorneys' fees on their respective claims.

## XII.    CASE MANAGEMENT HEARING

A case management hearing is currently scheduled for September 19, 2007.

Dated:  August 31, 2007                WINSTON & STRAWN LLP


By:    _____/s/_____
       Jonath. Cohen
       Robyn T. Callahan
       Attorneys for Plaintiff
       FRANK NEMIROFSKY


Dated:  August 31, 2007                HARVEY SISKIND LLP


By:    _____/s/_____
       D. Peter Harvey
       Seth I. Appel
       Attorneys For Defendants
       SEOK KI KIM and STV ASIA, LTD.

6

JOINT RULE 26(f) REPORT, CASE MANAGEMENT STATEMENT AND WRITTEN DISCOVERY PLAN