1  Jonathan M. Cohen (SBN: 168207)
   Martin Sabelli (SBN: 164772
2  Robyn T. Callahan (SBN: 225472)
   WINSTON & STRAWN LLP
3  101 California Street
   San Francisco, CA  94111-5894
4  Telephone:     415-591-1000
   Facsimile:      415-591-1400
5
   Attorneys for Plaintiff/Counterdefendant
6  FRANK NEMIROFSKY

7

8  D. Peter Harvey (SBN: 55712)
   Seth I. Appel (SBN: 233421)
   HARVEY SISKIND LLP
9  Four Embarcadero Center, 39th Fl.
   San Francisco, CA 94111
10 Telephone:     415-354-0100
   Facsimile:      415-391-7124
11
   Attorneys for Defendants/Counterclaimants
12 SEOK KI KIM and STV ASIA, LTD.

13               **UNITED STATES DISTRICT COURT**

14               **NORTHERN DISTRICT OF CALIFORNIA**

15                   **SAN FRANCISCO DIVISION**

| 16 | Frank Nemirofsky | ) | Case No. **3:07-CV-02769 - JL** |
|---|---|---|---|
| 17 | Plaintiff, | ) | **STIPULATED PROTECTIVE ORDER** |
| 18 | vs. | ) | |
| 19 | SEOK KI KIM; STV ASIA, LTD. a British Virgin Islands corporation; and DOES 1 through 20, inclusive | ) | |
| 20 |  | ) | |
| 21 | Defendants. | ) | |
| 22 | SEOK KI KIM and STV ASIA, LTD. a British Virgin Islands corporation | ) | |
| 23 |  | ) | |
| 24 | Counterclaimants | ) | |
| 25 | vs. | ) | |
| 26 | Frank Nemirofsky | ) | |
| 27 | Counterdefendant. | ) | |

28                                1

STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, Plaintiff/Counterdefendant FRANK NEMIROFSKY ("Plaintiff") and Defendants/Counterclaimants SEOK KI KIM and STV ASIA, LTD. ("Defendants"), by and through their attorneys, hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the settlement between STV Asia, Ltd. and PRN Corporation, the litigation of U.S. District Court for the Northern District of California Case No. C06-1664-JCS ("PRN Litigation"), or the patents or technology at issue in the PRN Litigation, or the trade secrets or confidential information of any party to the current dispute, the disclosure of which information may have the effect of causing harm to the parties in this action or in the PRN Litigation, or may be deemed a violation of the confidentiality provisions of the PRN Litigation settlement.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated by stamping copies of the documents produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including paralegals, clerical and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties, in writing, agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Agreement A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including paralegals, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

8.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.    If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

10.    In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

11.    This Order shall be without prejudice to the right of the parties (i) to bring before the Court, at any time, the question of whether any particular document or information is confidential or whether its use should be restricted, or (ii) to file a motion with the Court under FRCP 26(c) for separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or nonconfidentiality of any such document or information, or altering any existing obligation of any party, or the absence thereof.

13.    This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed

hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify destruction thereof.

SO STIPULATED:

Dated: September 7, 2007         WINSTON & STRAWN LLP

                                 By: _____
                                     Jonathan M. Cohen
                                     Robyn T. Callahan
                                     Attorneys for Plaintiff/Counterdefendant
                                     FRANK NEMIROFSKY

Dated: September 6, 2007         HARVEY SISKIND LLP

                                 By:   /Seth I. Appel/
                                       D. Peter Harvey
                                       Seth I. Appel
                                       Attorneys For Defendants/Counterclaimants
                                       SEOK KI KIM and STV ASIA, LTD.

APPROVED AND SO ORDERED:

Dated: September 19, 2007

                                 By: _____
                                     U.S. District Magistrate Judge
                                     James Larson

5

STIPULATED PROTECTIVE ORDER

Attachment A

**NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in the action entitled, *Nemirofsky v. Kim, et al.*, United States District Court for the Northern District of California, Civil Case No. 3:07-CV-02769 (JL), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED:_____       _____

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

6

STIPULATED PROTECTIVE ORDER