Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN: 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:    415-591-1400
Email: jcohen@winston.com
          rcallahan@winston.com

Attorneys for Plaintiff
FRANK NEMIROFSKY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>    Plaintiff,<br><br>v.<br><br>SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation,<br><br>    Defendants. | **Case No. 3:07 CV 02769 JL**<br><br>**PLAINTIFF/COUNTER DEFENDANT FRANK NEMIROFSKY'S MOTION TO DISMISS DFENDANTS' COUNTERCLAIM PURSUANT TO FRCP 12(B)(6)**<br><br>Date:  October 31, 2007<br>Time:  9:30 a.m.<br>Place: 450 Golden Gate Ave.<br>      Courtroom F, 15th Floor<br>      San Francisco |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on October 31, 2007 at 9:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable James Larson of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom F, 15th Floor, San Francisco, California, Plaintiff and Counter-Defendant Frank Nemirofsky ("Plaintiff") shall and hereby does move this Court to dismiss, without leave to amend, the action asserted as a counterclaim by Defendants STV Asia, Ltd. ("STV") and Seok Ki Kim ("Kim") (and collectively referred to as the "Defendants").  This Motion is made pursuant to Fed. R.

Civ. P. 12(b)(6), on the grounds that the counterclaim fails to state a claim upon which relief can be granted.

**I.**

**STATEMENT OF FACTS**

As the Court may recall, this case arises from Defendant Kim's breach of an agreement he made with Nemirofsky regarding their partnership in the litigation of <u>STV Asia Ltd. v. PRN Corporation and Best Buy Company, Inc.</u> ("PRN Litigation"), which was venued in the U.S. District Court for the Northern District of California (Case No. C06-1664-JCS), and the distribution of the funds following the resolution of the PRN Litigation.

Defendants filed a counterclaim against Nemirofsky for abuse of process based upon the Temporary Protective Orders that were issued by San Francisco Superior Court Judge Chan on May 16, 2007. (See Plaintiff's Request for Judicial Notice filed herewith.) Shortly thereafter, Defendants sent Plaintiff's counsel a proposed Amended Counterclaim[1], a copy of which is attached as Exhibit A to the Declaration of Robyn T. Callahan ("Callahan Decl.") filed herewith. For purposes of this Motion to Dismiss, Plaintiff is responding to the Amended Counterclaim, albeit ineffectively served, and assuming that Defendants' Amended Counterclaim supersedes their initial Counterclaim.[2]

At the root of the abuse of process claim are these four allegations:

- "On May 16, 2007, Nemirofsky filed a Complaint against Defendants…based on the incorrect premise that he is entitled to one-half of the net proceeds of the STV-PRN settlement" (See Amended Counterclaim, ¶17);

---

[1] Plaintiff received a copy of an Amended Counterclaim from Defendants attached to an e-mail message sent from Defendants' attorney to Plaintiff's former counsel, David Trotter, on May 27, 2007. However, it appears that Defendants have not yet filed this Amended Counterclaim, nor have they filed the Certificate of Service for either the Counterclaim or the Amended Counterclaim as required. Plaintiff contends that "service" of the amended counterclaim was ineffective given that it was only sent by email and the parties do not have a written agreement which provides for electronic service pursuant to FRCP 5(b)(2)(D).

[2] According to Peter Harvey's May 27, 2007 letter to David Trotter, the Amended Counterclaim "corrects the period of Mr. Nemirofsky's one year term as [the allegedly] temporary director of STV Asia as commencing from July 1, 2005 and ending on July 31, 2006, rather than the period as stated in the Counterclaim, and also notes that the amount paid in the PRN settlement was reduced by $[amount omitted] by reason of the 30% U.S. tax withholding required."

2

PLAINTIFF/COUNTER DEFENDANT FRANK NEMIROFSKY'S MOTION TO DISMISS DFENDANTS'
COUNTERCLAIM PURSUANT TO FRCP 12(b)(6)
Case No. 3:07 CV 02769 JL

- "Also on May 16, 2007, Nemirofsky filed ex parte applications for a right to attach order and writ of attachment against Kim and STV." (See Amended Counterclaim, ¶18);
- "On May 16, 2007, the Court issued temporary protective orders (the "TPOs"), based on Nemirofsky's ex parte applications" (See Amended Counterclaim, ¶21);
- "Nemirofsky had an ulterior purpose for obtaining temporary protective orders that cover an excessive amount of Defendants' property. He sought to coerce an overly favorable settlement" (See Amended Counterclaim, ¶28).

## II.
## AUTHORITY

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits litigants to move for dismissal of claims asserted against them where such claims fail to state grounds upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6)*. In considering a party's motion to dismiss, "the Court accepts the plaintiff's material allegations in the complaint as true" *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). A motion to dismiss should be granted where the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir.1996).

Further, a plaintiff must show facts sufficient to suggest that his or her right to relief is more than merely conceivable, rather the facts must give rise to show relief is plausible. *Crump v. The City and County of San Francisco*, 2007 WL 2220938 (N.D. Cal.), *citing Bell v. Atlantic Corp. v. Twombly,* -- U.S. --, --, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

## III.
## THE COUNTERCLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Defendants' Amended Counterclaim sets forth a single action for abuse of process. An abuse of process claim requires that the counter-defendant "(1) contemplated an ulterior motive using the

process; and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Brown v. Kennard*, 94 Cal.App.4th 40, 44, 113 Cal.Rptr.2d 891 (Cal.App.3.Dist., 2001).

Here, Defendants' abuse of process claim is based upon Mr. Nemirofsky's breach of contract complaint against Defendants and the ex parte application filed by Plaintiff in San Francisco Superior Court, prior to Defendants' removal, seeking to attach the funds at issues which are the subject of the breach of contract complaint. However, the case law is clear that these Plaintiff's actions do not rise to the level necessary to maintain a claim for abuse of process.

"[T]he mere filing or maintenance of a lawsuit-even for an improper purpose-is not a proper basis for an abuse of process action." *Microsoft Corp. v. BEC Computer Co.*, 818 F. Supp.1313, 1318 (C.D.Cal. 1992). "[If] the [alleged] improper conduct…occurred while [plaintiff] was 'making claims' or 'bringing this lawsuit' [defendants do] not state a claim against [plaintiff] for abuse of process." *Id.*

Employing a procedure outlined in the law cannot alone amount to an abuse of process. *Fed. Sav. & Loan Ins. v. Molinaro*, 923 F.2d 736, 742 (9th Cir. 1991). See also *Spellens v. Spellens*, 49 Cal.2d 210, 232, 317 P.2d 613 (Cal. 1957) ("there is no liability where the [plaintiff] has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions") (citations omitted).

In an attempt to escalate the allegations and sustain their abuse of process claim, Defendants' Amended Counterclaim pleads that Plaintiff acted "willfully" and "had an ulterior purpose".." to coerce an overly favorable settlement." (See Amended Counterclaim, ¶¶27-28). Even *assuming arguendo* that Plaintiff was motivated by the possibility of an early settlement, this motivation or "purpose" is still insufficient to rise to the level of an abuse of process claim. Restatement (Second) of Torts § 682, Comment (b) explains:

> "Primarily." The significance of this word is that there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant."

4

PLAINTIFF/COUNTER DEFENDANT FRANK NEMIROFSKY'S MOTION TO DISMISS DFENDANTS'
COUNTERCLAIM PURSUANT TO FRCP 12(b)(6)
Case No. 3:07 CV 02769 JL

Maintaining a lawsuit for ulterior purpose or continuing litigation as leverage to obtain a settlement is not an improper motive and would not demonstrate any ulterior purpose other than resolution or settlement of the suit which is an acceptable use of the process. *Hampton v. Nustar Management Financial Group,* 2007 WL 119146 (D. Nev.), citing *Rashidi v. Albright*, 818 F.Supp. 1354, 1359 (D.Nev., 1993); *Dutt v. Kremp*, 844 P.2d 786 (Nev. 1992). To sustain an abuse of process action, the claimant must show that the use of the process "could not logically be explained without reference to…improper motives." *Crackel v. Allstate*, 208 Ariz. 252, 92 P.3d 882 at 888-89 (Ariz.App.2004). "Mere speculation about the defendant's purposes provides no foundation for an abuse of process claim. *Id.*

An ulterior motive or improper purpose "is that the party employing the process did so for an end not germane thereto ... [and] may consist in achievement of a benefit totally extraneous to or of a result not within the legitimate scope of the process." *Ion Equipment Corp. v. Nelson,* 110 Cal.App.3d 868, 876, 168 Cal.Rptr. 361 (Cal. App. 1 Dist., 1980).

Defendants' Amended Counterclaim for abuse of process woefully fails to state a claim. The so called "abusive" actions upon which Defendants' claim is based are the Temporary Protective Orders issued by Judge Chan on May 16, 2007. The act of bringing the ex parte motion to request the right to attach to the settlement funds served a legitimate purpose – protecting the settlement funds until such time as the breach of contract action could be resolved. The end result of the issuance of a temporary protective order was indisputably germane to the legitimate purpose underlying the ex parte motion – the goal being to hold the funds and prevent Defendants from taking the money and disappearing. Thus, for the purposes of sustaining a claim for abuse of process, Plaintiff's ex parte application cannot be deemed an "abusive" action.

More importantly, after having reviewed Plaintiff's ex parte motion and arguments, Judge Chan agreed with Plaintiff's position and issued the Temporary Protective Orders. With respect to the amount that the Temporary Protective Orders were issued for, that is a decision which was made by the Superior Court in granting the Orders. Judge Chan had the authority to modify or change the Orders, but did not. The fact that Judge Chan issued the Temporary Protective Orders ("TPOs") for

an amount which Defendants dispute is not the type of activity for which an abuse of process claim lies.

Further, Defendants' claim overlooks a very important detail – the action that serves as the basis of their abuse of process claim, the issuance of the TPOs (in an amount Defendants' contest), was not an act of Plaintiff.  Rather, Judge Chan executed the TPOs.  Although the TPOs were beneficial to Plaintiff, that in and of itself is not sufficient to maintain the abuse of process claim under Ion Equipment.

## IV.

## LEAVE TO AMEND SHOULD BE DENIED

In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Here, Defendants' counterclaim is not susceptible to amendment because they are unable to do so without changing the facts that they have already pled.  The very basis of Defendants' abuse of process claim is that Plaintiff "had an ulterior purpose for obtaining temporary protective orders that cover an excessive amount of Defendants' property … to coerce an overly favorable settlement".  As set forth above, as a matter of law, even if one of Plaintiff's objectives was to encourage settlement as Defendants allege (which it was not), this is insufficient to state a cause of action for abuse of process.

/ / /

/ / /

# V.

# CONCLUSION

For the foregoing reasons, Defendants' counterclaim fails to state a claim. As such, Plaintiff respectfully requests that Defendants' counterclaim for abuse of process be dismissed, with prejudice.

Dated: September 25, 2007                    WINSTON & STRAWN LLP


By:    /s/
       Jonathan M. Cohen
       Robyn T. Callahan
       Attorneys for Plaintiff
       FRANK NEMIROFSKY

SF:184156.2

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

7
PLAINTIFF/COUNTER DEFENDANT FRANK NEMIROFSKY'S MOTION TO DISMISS DFENDANTS'
COUNTERCLAIM PURSUANT TO FRCP 12(b)(6)
Case No. 3:07 CV 02769 JL