

Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN: 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: jcohen@winston.com
rcallahan@winston.com

Attorneys for Plaintiff
FRANK NEMIROFSKY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>       Plaintiff,<br><br>vs.<br><br>SEOK KI KIM; STV ASIA, LTD. a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>      Defendants. | **Case No. 3:07-CV-02769 – JL**<br>**Hon. Magistrate James Larson**<br><br>**PLAINTIFF FRANK NEMIROFSKY'S MISCELLANEOUS ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL** |

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD

NOTICE IS HEREBY GIVEN that Plaintiff Frank Nemirofsky ("Plaintiff") will and hereby does move the Court for Miscellaneous Administrative Relief to file Exhibits A to the Declaration of Robyn T. Callahan in support of Plaintiff's Motion to Dismiss Defendants' Counterclaim Pursuant to FRCP 12(b)(6) (the "Callahan Declaration") under seal. Plaintiff's motion for Miscellaneous Administrative Relief is based on this Notice of Motion and Motion, the Declaration of Robyn T. Callahan filed herewith, and any further material and argument presented to the Court related to Plaintiff's Motion to Dismiss Defendants' Counterclaim Pursuant to FRCP 12(b)(6).

/ / /

1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## I. INTRODUCTION

This case arises from Defendant Kim's breach of an agreement he made with Plaintiff Nemirofsky regarding their partnership in the litigation of <u>STV Asia Ltd. v. PRN Corporation and Best Buy Company, Inc.</u> ("PRN Litigation") and the distribution of the funds following the resolution of the PRN Litigation. The PRN litigation culminated in a confidential settlement between STV and PRN. It is necessary to file Defendants' Amended Counterclaim (Exhibit A to Callahan Declaration) which contains detailed allegations regarding the confidential settlement, under seal in order to protect the confidentiality of the settlement agreement and prevent it from becoming publicly known.

## II. AUTHORITY

The right to inspect and copy judicial records is not absolute. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Federal Rule of Civil Procedure 26(c) provides that, for good cause shown, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense." Specifically, the court has the authority to withhold information from the public so "that a trade secret or other confidential research, development, or commercial information not be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). This is consistent with the requirements of the Trade Secrets Act (18 U.S.C. § 1905).

## III. THE AMENDED COUNTERCLAIM SHOULD BE SEALED.

In this case, Nemirofsky seeks to file Exhibits A to the Callahan Declaration under seal. The exhibit contains reference to the confidential settlement agreement that arose out of the PRN litigation as well as to specific details regarding the amount of and structure of the settlement. Distribution of such information by Plaintiff would put Plaintiff in a position whereby he would be in violation of the confidentiality agreement reached as part of the settlement. Furthermore, the information as to the value of the settlement would be useful to potential competitors and infringers who would learn Plaintiff, STD, PRN and/or Best Buy's position concerning the value of the

2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  patented technology.  Thus, the contents are highly confidential and proprietary to the parties and

2  should be protected from disclosure under Federal Rule of Civil Procedure 26(c)(7).

3  **VI.    CONCLUSION**

4          In order to protect the confidentiality of the settlement order resulting from the PRN

5  litigation and other sensitive competitive information contained within, Plaintiff respectively

6  requests that this court grant Plaintiff's request to place Exhibits A to the Callahan Declaration under

7  seal.

8

Dated:   June 29, 2007                              WINSTON & STRAWN LLP

9

10

                                                    By: _____
11                                                       Jonathan M. Cohen
                                                         Robyn T. Callahan
12                                                       WINSTON & STRAWN LLP
                                                         Attorneys for Plaintiff
13                                                       FRANK NEMIROFSKY

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894