1  HARVEY SISKIND LLP
   D. PETER HARVEY (SBN 55712)
2  e-mail: pharvey@harveysiskind.com
   SETH I. APPEL (SBN 233421)
3  e-mail: sappel@harveysiskind.com
   Four Embarcadero Center, 39th Floor
4  San Francisco, California 94111
   Telephone: (415) 354-0100
5  Facsimile: (415) 391-7124
6
7  Attorneys for Defendants and Counterclaimants
   SEOK KI KIM and STV ASIA, LTD.
8

9                 IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

| | |
|---|---|
| FRANK NEMIROFSKY, | Case No.: C 07 2769 JL |
| Plaintiff, | **DECLARATION OF SEOK KI KIM** |
| v. | **IN SUPPORT OF BRIEF OF DEFENDANTS** |
| SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation; and DOES 1 through 20, inclusive, | **AND COUNTERCLAIMANTS CONCERNING ATTORNEY-CLIENT PRIVILEGE AND THE DEPOSITION OF DEBORAH BAILEY-WELLS** |
| Defendants. | |
| SEOK KI KIM and STV ASIA, LTD., a British Virgin Islands corporation, | |
| Counterclaimants, | |
| v. | |
| FRANK NEMIROFSKY, | |
| Counterdefendant. | |

24      I, Seok Ki Kim, declare as follows:

25      1.      I am a defendant and counterclaimant in this action.  I have personal knowledge of the

26  matters stated herein, and, if called as a witness, I could and would testify competently thereto.

27      2.      I am the founder, owner, and CEO of STV Asia, Ltd. ("STV Asia").  Beginning in 1993,

28  STV Asia invested in a company called NBL Communications ("NBL"), based in San Francisco.  Frank

-1-

Nemirofsky was a board member of NBL, which at the time was a development stage company attempting to build point-of-purchase in-store advertising networks, with ad content shown on flat panel displays, within supermarkets in the United States.

3.    Mr. Nemirofsky, as I understood it, had patented certain inventions relating to in-store advertising technology.  NBL was the assignee of certain of Mr. Nemirofsky's patents.  When NBL wound up in the latter part of 2004 and early 2005, it conveyed these patents to STV Asia.  In the early part of 2005, I learned that PRN Corporation ("PRN") and others were operating an in-store advertising network which appeared to be replicating the inventions in STV Asia's patents.

4.    As I reside in Hong Kong, I felt it would be helpful to have someone in the United States who was familiar with the technology involved help STV Asia evaluate whether there was a valid infringement claim and if so, to assist in engaging and supporting legal counsel in prosecuting that claim. As Mr. Nemirofsky had been the inventor on the patents, he seemed a logical choice.  I therefore met with him in February, 2005 to discuss his possible role in assisting STV Asia with its claim.

5.    Mr. Nemirofsky was initially reluctant.  He told me that he did not think that assisting on the STV Asia patent claim would be worth his time since he was involved in a much bigger venture called "expHand."  He tried to interest me in investing in expHand, but I declined.  After further discussions, in November, 2005, Mr. Nemirofsky agreed to assist STV Asia on its patent claims against PRN.  Mr. Nemirofsky agreed to accept 15% of any net proceeds of the patent infringement litigation as compensation for his services.

6.    Mr. Nemirofsky also served as a director of STV Asia from July 1, 2005 through July 31, 2006.  Attached hereto as Exhibit A is a true and correct copy of STV Asia's resolution naming Mr. Nemirofsky as a director.

7.    In late 2005 and early 2006, Mr. Nemirofsky and I investigated patent law firms to advise STV Asia, investigate its potential infringement claims against PRN and, if valid claims existed, assert those claims on STV Asia's behalf.      Prior to this time, neither I nor STV Asia had any relationship with the law firm of Kirkpatrick & Lockhart Nicholson Graham LLP, nor Deborah Bailey-Wells. Toward the end of February, 2006, we decided that STV Asia would retain the

DECLARATION OF SEOK KI KIM IN SUPPORT OF
BRIEF RE ATTORNEY-CLIENT PRIVILEGE

Case No.: C 07 2769 JL

1    Kilpatrick & Lockhart firm (now known as KL Gates). The lead patent litigation counsel from KL

2    Gates was Deborah Bailey-Wells. On March 2, 2006, STV Asia, acting through KL Gates, filed suit

3    against PRN and others in the United States District Court for the Northern District of California.

4         8.      Between March 2006 and March 2007, Mr. Nemirofsky and I, separately and together,

5    had several meetings with Ms. Bailey-Wells and other KL Gates attorneys to discuss the PRN

6    litigation. These meetings covered the entire subject matter of the PRN case. Mr. Nemirofsky and I

7    met with the KL Gates lawyers, including Ms. Bailey-Wells, in our capacities as representatives,

8    directors and (in my case) owner of STV Asia, for the purpose of seeking legal advice and counsel

9    with respect to the PRN case. Among other things, Mr. Nemirofsky and I consulted with KL Gates

10    regarding the strengths and weaknesses of STV Asia's patent infringement claims, case strategy,

11    achievable damages, the Markman hearing to determine proper construction of the patent claims,

12    settlement opportunities and other related topics. As a result of these meetings and other

13    communications between and among Mr. Nemirofsky, myself and KL Gates lawyers, STV Asia filed

14    three amended complaints in the PRN litigation, extensive claim construction briefs, and briefs and

15    papers relating to substantial motion practice in the case. Mr. Nemirofsky and I never met together

16    with Ms. Bailey-Wells or other KL Gates attorneys to discuss matters unrelated to the PRN litigation.

17         9.      On April 9, 2007, the Court granted KL Gates' motion to withdraw as counsel for

18    STV Asia. At a mediation in May 2007, STV Asia and PRN entered into an agreement whereby the

19    parties settled the PRN litigation, and STV Asia sold two patents to PRN. Mr. Nemirofsky and I

20    attended the mediation on behalf of STV Asia.

21         I declare under penalty of perjury under the laws of the State of California that the foregoing is

22    true and correct and that this declaration was executed this 3rd day of October, 2007, in Hong Kong.

23

24                           _____

25                                Seok Ki Kim

26

27

28

DECLARATION OF SEOK KI KIM IN SUPPORT OF            Case No.: C 07 2769 JL
BRIEF RE ATTORNEY-CLIENT PRIVILEGE

**EXHIBIT A
TO DECLARATION OF SEOK KI KIM
IN SUPPORT OF BRIEF OF DEFENDANTS
AND COUNTERCLAIMANTS
CONCERNING ATTORNEY-CLIENT PRIVILEGE
AND THE DEPOSITION
OF DEBORAH BAILEY-WELLS**

I.B.C. No.77582

## STV ASIA LIMITED
(Incorporated in British Virgin Islands)

### Written Resolutions of the Directors of the Company

Pursuant to the authority given by the Company's Articles of the Association, the undersigned, being the Director of the Company for the time being, passed the following Resolution:-

### Appointment of Director

Noted that Mr. **Frank NEMIROFSKY** be appointed as Director of the Company be hereby accepted and approved with immediate effect.

Dated the 1st day of July, 2005.


KIM, Seok Ki                              Frank NEMIROFSKY
(Existing Director)                       (New Director)

FN000256