EXHIBIT B
TO DECLARATION OF SETH I. APPEL
IN SUPPORT OF BRIEF OF DEFENDANTS
AND COUNTERCLAIMANTS
CONCERNING ATTORNEY-CLIENT PRIVILEGE
AND THE DEPOSITION
OF DEBORAH BAILEY-WELLS

Case 3:07-cv-02769-JL   Document 98-3   Filed 10/03/2007   Page 1 of 4

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG

WRITER'S DIRECT DIAL
415-591-1567
rcallahan@winston.com

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

(415) 591-1000

FACSIMILE (415) 591-1400

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

25 AVENUE MARCEAU
75116 PARIS, FRANCE

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

September 24, 2007

**BY E-MAIL**

Peter Harvey
Seth Appel
HARVEY SISKIND LLP
Four Embarcadero Center, 39th Fl.
San Francisco, CA 94111

Re:   *Nemirofsky v. Seok Ki Kim and STV Asia, Ltd.*

Dear Counsel:

Pursuant to Magistrate Judge Larson's instructions at the Initial Case Management Conference on September 19, 2007, and in a further attempt to meet and confer, this letter serves to set forth the areas which Plaintiff wishes to address at the deposition of Deborah Bailey-Wells.

As you know, the approach and content of this correspondence is somewhat unusual given that customarily a meet and confer of this nature would occur either subsequent to a notice of deposition and in the scope of a motion for protective order, or following objections made to specific questions during the deposition. However, because we have taken early steps to address any potential conflicts with you, and in light of the Court's instruction, we must speak to objections that have not yet been fully articulated.

Nevertheless, we have reviewed the material and comprised the following list as to the categories of information which we plan to discuss with Ms. Bailey-Wells at her deposition:

(1) how she first came to meet the parties, including, but not limited to whether she or Kirkpatrick & Lockhart had a prior existing relationship with either party;

(2) what she knows about the parties' prior business relationship;

(3) how the parties described the dispute over the patents when she and Kirkpatrick & Lockhart were first approached about the PRN Litigation;

Peter Harvey
Seth Appel
September 24, 2007
Page 2

        (4) what her understanding was about Mr. Nemirofsky's relationship with STV Asia at the outset of Kirkpatrick & Lockhart's representation and whether that relationship changed during the course of the PRN Litigation;

        (5) Mr. Nemirofsky's and Mr. Kim's involvement and roles in hiring a law firm to represent STV Asia and while they were negotiating the retention agreement and fee schedule with Kirkpatrick & Lockhart;

        (6) the inventor(s) of the patents which were at issue in the PRN Litigation;

        (7) the entities which the parties identified as those which were infringing upon the patents at issue in the PRN Litigation;

        (8) whether she knew about an oral agreement between Mr. Nemirofsky and Mr. Kim and STV Asia regarding the division of any recovery from the PRN Litigation;

        (9) all communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to Mr. Kim's agreement with Mr. Nemirofsky as to Mr. Nemirofsky's role and responsibilities in the prosecution of the patents at issue in the PRN Litigation;

        (10) all communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to Mr. Kim's agreement with Mr. Nemirofsky as to the division of any recovery from the PRN Litigation;

        (11) all communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to any changes or revisions to Mr. Kim's agreement with Mr. Nemirofsky as to the division of any recovery from the PRN Litigation, including, but not limited to, the communications in October of 2006 at Kirkpatrick & Lockhart's San Francisco office;

        (12) what Mr. Nemirofsky did in the scope of the PRN litigation, including, but not limited to, his expertise or information he provided counsel or experts throughout the course of the litigation, his role in discovery, reviewing drafts of briefs, valuation of the patents and settlement value, and in preparing for hearings and mediation;

        (13) how and to whom invoices regarding Kirkpatrick & Lockhart's work on the PRN Litigation were submitted;

        (14) the timeliness and/or failure to submit payments to Kirkpatrick & Lockhart for work performed on the PRN Litigation;

Peter Harvey
Seth Appel
September 24, 2007
Page 3

   (15) any dispute as to the amount billed or owed to Kirkpatrick & Lockhart for work performed on the PRN Litigation;

   (16) Kirkpatrick & Lockhart's withdrawal as counsel for STV Asia in the PRN Litigation;

   (17) the settlement value of the PRN Litigation;

   (18) Mr. Nemirofsky's role and his interactions with the experts who were consulted in the PRN Litigation;

   (19) information about the current law suit;

   While we have tried to provide you with sufficiently specific information so as to put Defendants on notice as to the areas Plaintiff plans to cover at the deposition, this may not be an exclusive list. As you know, in the course of a deposition, new information may be discovered which could lead to additional subject areas. In addition, we do not waive our right to inquire as to any further questions which naturally flow from the deposition dialogue. That said, we understand that Defendants will have the right and opportunity to make any objections they feel appropriate at the deposition to the extent that new or additional subject areas arise which have not been discussed in the context of our ongoing meet and confer and which Judge Larson has not yet ruled upon.

   As you know, the Court ordered that the parties submit simultaneous briefs on October 3, 2007. In order to ensure that the parties have an opportunity to fulfill their meet and confer obligations prior thereto, we ask that you provide us with your written response to this meet and confer letter, delineating defendants' specific objections, if any, to each of the above areas, by Thursday, September 27, 2007.

          Sincerely,

           Robyn Callahan

RTC/

SF:184013.1