HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
e-mail: pharvey@harveysiskind.com
SETH I. APPEL (SBN 233421)
e-mail: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Defendants and Counterclaimants
SEOK KI KIM and STV ASIA, LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>   Plaintiff,<br><br>v.<br><br>SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>   Defendants.<br><br>SEOK KI KIM and STV ASIA, LTD., a British Virgin Islands corporation,<br><br>   Counterclaimants,<br><br>v.<br><br>FRANK NEMIROFSKY,<br><br>   Counterdefendant. | **Case No.: C 07 2769 JL**<br><br>**[PROPOSED] PROTECTIVE ORDER RE: PLAINTIFF'S REQUESTED DEPOSITION OF DEBORAH BAILEY-WELLS PURSUANT TO FRCP 26(c)**<br><br>**Date:** October 31, 2007<br>**Time:** 9:30 a.m.<br><br>**The Honorable James Larson**<br>**Courtroom F, 15th Floor** |

1  Plaintiff and Counterdefendant Frank Nemirofsky ("Plaintiff") and Defendants and
2  Counterclaimants Seok Ki Kim and STV Asia, Ltd. ("Defendants") dispute the applicability of the
3  attorney-client privilege to certain communications between STV Asia, Ltd. and its former counsel,
4  Deborah Bailey-Wells. Plaintiff contends that he is entitled to depose Ms. Bailey-Wells on nineteen
5  separate subjects, while Defendants contend that Plaintiff is not entitled to depose Ms. Bailey-Wells
6  at all.

7  Pursuant to the Court's order, the parties submitted briefs on this issue on October 3, 2007,
8  and opposition briefs on October 10, 2007. The matter came before the Court for hearing on October
9  31, 2007.

10  California law, which applies here, frowns on depositions of an opposing party's attorneys
11  and former attorneys. Indeed, depositions of opposing counsel are "presumptively improper, severely
12  restricted, and require 'extremely' good cause—a high standard." *Carehouse Convalescent Hospital
13  v. Superior Court*, 143 Cal. App. 4th 1558, 1562 (2006). *See Spectra-Physics, Inc. v. Superior Court*,
14  198 Cal. App. 3d 1487, 1493 (1988).

15  California law recognizes a three-prong test for determining whether a party may take the
16  deposition of opposing counsel: "First, does the proponent have other practicable means to obtain the
17  information? Second, is the information crucial to the preparation of the case? Third, is the
18  information subject to a privilege?" *Carehouse*, 143 Cal. App. 4th at 1563. In *Carehouse*, the court
19  refused to order the deposition of defendants' counsel. It applied the three-prong test and concluded
20  that plaintiff failed to establish "extremely good cause." *Carehouse*, 143 Cal. App. 4th at 1566.

21  The burden is on the party seeking the deposition—in this case, Plaintiff Nemirofsky—to
22  establish the first two prongs. *Id*. The burden is on the party asserting the privilege—in this case
23  Defendant STV Asia—to establish the third prong. *Id*. However, attorney-client communications are
24  *presumed* to be confidential, and the opponent of the claim of privilege has the burden to establish
25  that the communication was not confidential. Cal. Evid. Code §917.

26  Nemirofsky has not established "extremely good cause" for taking the deposition of STV
27  Asia's former counsel. Much if not all of the information sought by Plaintiff is covered by the
28

-1-

-2-

1  attorney-client privilege, and what remains is either readily ascertainable from other sources or
2  irrelevant to this case.
3       For the foregoing reasons, it is hereby **ORDERED** that Plaintiff shall not take the deposition of
4  Ms. Bailey-Wells.

Dated: _____

                                          _____
                                          Chief Magistrate Judge James Larson
                                          United States District Court