Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN: 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400

Attorneys for Plaintiff
FRANK NEMIROFSKY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY )<br><br>Plaintiff, )<br><br>v. )<br><br>SEOK KI KIM; STV ASIA, LTD. a British )<br>Virgin Islands corporation; and DOES 1 )<br>through 20, inclusive )<br><br>Defendant. ) | **Case No. 3:07-CV-02769 – JL**<br>**Hon. Magistrate James Larson**<br><br>**PLAINTIFF FRANK NEMIROFSKY'S BRIEF IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO THE DEPOSITION OF DEBORAH BAILEY-WELLS**<br><br>Date:  October 31, 2007<br>Time: 9:30 a.m.<br>Place: 450 Golden Gate Ave.<br>         Courtroom F, 15th Floor<br>         San Francisco |

Pursuant to the Court's Order following the Initial Case Management Conference on September 19, 2007, Plaintiff hereby submits this brief setting forth Plaintiff's opposition to Defendants' privilege objections to the deposition of Deborah Bailey-Wells.

/ / /

/ / /

## I. INTRODUCTION

### A. Meet and Confer Efforts.

As instructed by the Court during the September 19, 2007 Initial Conference, the parties made further meet and confer attempts over the course of the last two weeks. On September 24, 2007, Plaintiff's counsel sent a letter to Defense counsel detailing the areas of inquiry for the deposition of Deborah Bailey-Wells. (Declaration of Robyn T. Callahan in Support of Plaintiff's opposition to Defendants' objections to the deposition of D. Bailey-Wells ("Callahan Decl."), Exhibit A). Therein, Plaintiff specifically outlined 19 categories for which Plaintiff wishes to seek testimony from Ms. Bailey-Wells.

Defendants' counsel responded by letter on September 25, 2007, wherein Defendants raised objections to all 19 categories proposed by Plaintiff. (Callahan Decl., Exhibit B). Notably, Defendants asserted the attorney-client privilege objection to 13 of the 19 categories. In addition, and somewhat surprisingly, Defendants' response also included additional objections on the basis of relevance. Because the only objections discussed at the Initial Conference were as to the attorney-client privilege, and the Court's briefing order was limited to privilege objections, Plaintiff's brief only addresses Defendants' privilege objections.[1]

On September 27, 2007, Defendants' counsel and Plaintiff's counsel participated in a telephone conference to discuss the meet and confer letters and to attempt, again, to resolve the parties' differences regarding Ms. Bailey-Wells' deposition. (Callahan Decl., ¶4). Although Plaintiff has made every effort to provide a detailed description of the subject matters of inquiry, Defendants' position throughout this meet and confer process has been somewhat erratic in terms of the grounds for their objections and in defining the relationship of the parties. (Callahan Decl., ¶4). Defendants have essentially concluded that Plaintiff should not be permitted to ask Ms. Bailey-Wells about any of the subject areas delineated in Plaintiff's September 24, 2007 letter. (Callahan Decl., Exb. B). Thus, the parties remain at an impasse. (Callahan Decl., ¶4).

---

[1] However, to the extent the Court addresses Defendants' relevancy objections, Plaintiff objects that said objections are untimely given that Defendants failed to raise these objections during the 26(f) conference, the subsequent meet and confer communications, nor before the Court at the Initial Case Management Conference. Moreover, relevancy is not a proper objection in this context and cannot be asserted as a basis to prevent deposition testimony, particularly this early in the discovery process.

**B.     Plaintiff Has A Good Cause for Seeking the Deposition of Deborah Bailey-Wells.**

Deborah Bailey-Wells is a partner of the law firm Kirkpatrick & Lockhart Preston Gates Ellis and was counsel in the patent infringement lawsuit which was brought by STV Asia, Ltd. against Premier Retail Networks, among other entities, which was venued in the Northern District of California before the Honorable Judge Spero (referred to herein as the "PRN Litigation"). (Callahan Decl., ¶6).  As the Court knows, Mr. Nemirofsky and Mr. Kim had an agreement regarding the division of the settlement funds from the PRN Litigation.  This case arises as a result of Defendants' breach of that agreement and failure to pay Mr. Nemirofsky a single dollar from the PRN Litigation settlement.

As is evident from the current dispute, the parties disagree as to the terms of their agreement concerning the PRN Litigation.  The parties do, however, agree that both Mr. Nemirofsky and Mr. Kim were directors of STV Asia, Ltd. at certain times during the pendency of the PRN Litigation and were both involved in the prosecution of the PRN patent infringement case.  Yet, as set forth below, and as detailed in the numerous pleadings filed to date in this action, the parties have very different ideas about what Mr. Nemirofsky's role was in the PRN Litigation, what his relationship was with Mr. Kim and as to STV Asia and about the terms of the agreement he had with Defendants.

Ms. Bailey-Wells is believed to possess information which is relevant to Mr. Nemirofsky's role in the PRN Litigation.  Her testimony will likely help to further define Mr. Nemirofsky's relationship with STV Asia, and will provide pertinent information regarding the substantive issues in this action.  Because her testimony will address the very issues in dispute in the present litigation, good cause exists for Plaintiff to proceed with her deposition.  As a neutral third party and an officer of the court, Ms. Bailey-Wells will be able to clarify many of the facts in dispute in this action.  It is in the interest of judicial economy for her deposition to be taken without further delay and without limitations.

/ / /

/ / /

## II.  AUTHORITY

### A.  Governing Law.

In a federal action based on diversity jurisdiction, state law governs privilege claims. Fed.R.Evid. 501; See also *Star Editorial, Inc. v. United States District Court for the Central District of California,* 7 F.3d 856, 859 (9th Cir.1993).

### B.  Defining the Attorney-Client Privilege.

The California Evidence Code provides that certain communications may be deemed confidential and therefore protected from disclosure. (See i.e. Sections 980 (marital privilege); Section 994 (physician-patient privilege); Section 1034 (clergymen)). In the attorney-client context, a confidential communication is "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." *Cal. Evid. Code § 952.*

Evidence Code Section 917, on which Defendants rely, states in pertinent part:

(a) If a privilege is claimed on the ground that the matter sought to be disclosed is a communication made in confidence in the course of the lawyer-client…relationship, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish that the communication was not confidential.

As set forth below, Defendants have not yet established the nature of the relationship that existed, which is a crucial step in the analysis as to whether a privilege exists and whether it has been waived.

### C.  Waiver of Privilege

The attorney-client or attorney work product privilege may be impliedly waived by placing the contents of the privileged communications at issue in the case. *Cal. Evid. Code §§ 954 and 952; 2,022 Ranch, L.L.C. v. Superior Court,* (2003) 113 Cal.App.4th 1377. Where privileged information goes to the heart of the claim, fundamental fairness requires that it be disclosed for the litigation to

1  proceed. *Cal. Evid. Code §§ 954 and 952; 2,022 Ranch, L.L.C. v. Superior Court,* (2003) 113 Cal.App.4th 1377.

### D. Burden of Proof

The party asserting the attorney-client privilege bears the burden of proving that the communication falls within the privilege. *McCoy v. Southwest Airlines Co., Inc.,* 211 F.R.D. 381 (C.D. Cal.2002). In this case, because Defendants are asserting the attorney-client privilege as a means to prevent the disclosure of allegedly protected attorney-client communications among Ms. Bailey-Wells, Mr. Nemirofsky and Mr. Kim, Defendants bear the burden of demonstrating that: (1) an attorney-client relationship exists; and (2) the communications and information which Defendants seek to protect falls within the privilege. *Id.*

### III. DEFENDANTS' PRIVILEGE OBJECTIONS ARE IMPROPER

#### A. The Testimony of Deborah Bailey-Wells Does Not Constitute a Waiver of the Privilege.

##### 1. Relationship of the Parties.

As set forth in Defendants' September 25, 2007 meet and confer letter, the basis for Defendants' privilege objections arise from Defendants' unsubstantiated characterization of the parties' relationship. Defendants assert that all communications between or among Ms. Bailey-Wells Mr. Nemirofsky, and Mr. Kim are protected attorney-client communications because both Nemirofsky and Kim were agents of Bailey-Wells' client, STV Asia, Ltd., during the pendency of the PRN Litigation. (Callahan Decl., Exb. B). Plaintiff assumes that Defendants' agency theory is based on their contention that both Mr. Nemirofsky and Mr. Kim were directors of STV Asia, Ltd. However, during the course of Plaintiff's meet and confer with Defendants' counsel, Defendants also asserted two other theories: (1) that Mr. Nemirofsky was "hired" by STV Asia, Ltd. and thus served the company in the capacity of an employee; and (2) that Mr. Nemirofsky was STV Asia's expert for purposes of the PRN Litigation. (Callahan Decl., ¶5). At this stage, it is still unclear as to how Defendants are defining Mr. Nemirofsky's role and relationship with STV Asia, and thus Ms. Bailey-Wells. *Id.*

In addition, Plaintiff has failed to establish the period of time that Mr. Nemirofsky was acting

as an agent for STV Asia, Ltd. If Mr. Nemirofsky's only relationship to STV Asia was as an agent arising from his position as a director, what was his relationship prior to assuming a director title?

Similarly, what was Mr. Nemirofsky's relationship to STV Asia subsequent to his removal as a director? Even if there was a change in the nature of Mr. Nemirofsky's relationship, his role in the PRN Litigation was unaltered despite the absence of a director title given that he was still privy to attorney-client communications regarding the terms of the settlement as evidenced by the numerous email exchanges with then counsel, Squire, Sanders & Dempsey, to which he was a recipient. (Callahan Decl., Exb. C). A review of these communications with STV Asia's counsel both prior to his appointment as a director and subsequent to his removal, seem to suggest that either Mr. Nemirofsky's relationship was not simply that of an agent, or that the privilege was waived. These questions demonstrate the inherent problems with Defendants' over-reaching analysis and blanket objections to essentially all of the subject areas on which Plaintiff seeks testimony from Ms. Bailey-Wells.

In order for Defendants to meet their burden of proof to establish that the attorney-client privilege applies to the testimony which they seek to prohibit, Defendants must set forth facts which support what Mr. Nemirofsky's role and relationship was as it pertains to communications with Deborah Bailey-Wells, or any such communications which she may have witnessed. Thus far, Defendants have failed to do so.

### B. As Partners in the PRN Litigation, Defendants Cannot Now Assert the Privilege in the Context of a Separate Civil Dispute.

Evidence Code Section 962 states that:

Where two or more clients have retained or consulted a lawyer upon a matter of common interest, none of them, nor the successor in interest of any of them, may claim a privilege under this article as to a communication made in the course of that relationship when such communication is offered in a civil proceeding between one of such clients (or his successor in interest) and another of such clients (or his successor in interest).

Plaintiff has always maintained that he and Mr. Kim were partners. (See the Declaration of F. Nemirofsky filed in support of Plaintiff's Ex Parte Motion to Extend the Temporary Protective

Orders). In fact, Mr. Kim himself refers to Mr. Nemirofsky as his "partner" in the litigation in several correspondence exchanged during the course of the PRN Litigation, some of which were sent to third parties. (Callahan Decl., Exb. D).

Both Defendants and the Court agreed that this case was not related to the PRN Litigation. As a basis for this finding, was a recognition that this case involves different parties and different causes of action. Here, Plaintiff brings a breach of contract claim against Mr. Kim and STV Asia arising from Defendants' failure to fulfill their obligations of a partnership agreement. In fact, one of the matters on which Plaintiff seeks Ms. Bailey-Wells' testimony is in reference to a meeting at which she apparently witnessed an exchange between Mr. Nemirofsky and Mr. Kim regarding this very agreement. Defendants maintain that because the exchange occurred at Ms. Bailey-Wells' office and since the parties were there to discuss the PRN Litigation, anything and everything else that may have been communicated is protected by the attorney-client privilege. This is simply incorrect. This type of blanket privilege is not supported by the case law. For the communication to be privileged where a corporate entity is the client, "the dominant purpose must be for transmittal to an attorney 'in the course of professional employment.' [Citations omitted.]" *Holm v. Superior Court* (1954) 42 Cal.2d 500, 507, 267 P.2d 1025, disapproved on another point in *Suezaki v. Superior Court* (1962) 58 Cal.2d 166, 23 Cal.Rptr. 368, 373 P.2d 432.

From what Plaintiff understands, Ms. Bailey-Wells' representation of STV Asia did not extend to any agreement as between Defendants and Mr. Nemirofsky, nor did not provide counsel for either party as to the terms, conditions, revisions or understanding of any agreement. Defendants have offered no evidence to the contrary. Thus, any communications which Ms. Bailey-Wells witnessed regarding the agreement, which is the very subject of the present litigation, was not in the furtherance of the PRN Litigation.

### C. There is No Waiver Because the Communications Are Not Being "Disclosed" to Anyone Outside of the Privileged Relationship.

Even if the Court considers Defendants' categorization of Mr. Nemirofsky as an agent of STV Asia, pursuant to an agency relationship, any communication about which Ms. Bailey-Wells may testify does not constitute disclosure.

Nonetheless, it is Plaintiff's belief that virtually all of the information sought from Ms. Bailey-Wells comes from information and communications that Mr. Nemirofsky either provided, or which he was privy to. Therefore, irrespective of the nature of his relationship, there can be no disclosure, as defined under the Evidence Code, since Ms. Bailey-Wells' testimony will simply consist of information which Mr. Nemirofsky has already heard or been exposed to.

Given that there is a stipulated protective order already in place, the transcript of the privileged testimony will likewise be protected. To the extent that Defendants have any concerns about communications which Ms. Bailey-Wells might testify about which are based upon her exclusive communications with Mr. Kim or other representatives of STV Asia, an instruction can be given to the witness to preface this testimony with said disclosure and Defendants can make objections as to those specific questions at the time of the deposition.

### D.    The Communications Are At-Issue

Even assuming *arguendo* that the attorney-client privilege applies (which Plaintiff denies), any communications regarding Mr. Nemirofsky's responsibilities, duties, and involvement in the PRN litigation have been put at issue in the present case based upon the affirmative defenses asserted by Defendants in their Answer and as stated in the declaration of Mr. Kim filed in opposed to Plaintiff's Ex Parte Motion to Extend the Temporary Protective Orders.

The attorney-client privilege may be impliedly waived by placing the contents of the privileged communications at issue in the case; where privileged information goes to the heart of the claim, fundamental fairness requires that it be disclosed for the litigation to proceed. *2,022 Ranch L.L.C. v. Superior Court,* (2003) 113 Cal.App.4th 1377.

///

### IV. CONCLUSION

As Plaintiff has established, Defendants' attorney-client objections are improper and cannot be sustained as to the deposition of Deborah Bailey-Wells. Furthermore, if Ms. Bailey-Wells truly does possess any relevant information, as Defendants contend, there is no harm in allowing her to testify.

Dated: October 3, 2007　　　　　　　　　　　WINSTON & STRAWN LLP

　　　　　　　　　　　　　　　　　　　　　　By:　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　Jonathan M. Cohen
　　　　　　　　　　　　　　　　　　　　　　　　Martin Sabelli
　　　　　　　　　　　　　　　　　　　　　　　　Robyn T. Callahan
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　FRANK NEMIROFSKY

SF:184985.1