# Exhibit A
# to the Declaration of Robyn T. Callahan in Support of Plaintiff's Brief in Opposition to Defendants' Privilege Objections to the Deposition of Deborah Bailey-Wells

# Case No. C 07-2769 JL

# WINSTON & STRAWN LLP

FILE COPY

| | | |
|---|---|---|
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 |
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | (415) 591-1000 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| 99 GRESHAM STREET<br>LONDON EC2V 7NG | FACSIMILE (415) 591-1400 | 25 AVENUE MARCEAU<br>75116 PARIS, FRANCE |
| WRITER'S DIRECT DIAL<br>415-591-1567<br>rcallahan@winston.com | www.winston.com | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

September 24, 2007

**BY E-MAIL**

Peter Harvey
Seth Appel
HARVEY SISKIND LLP
Four Embarcadero Center, 39th Fl.
San Francisco, CA 94111

    Re:    *Nemirofsky v. Seok Ki Kim and STV Asia, Ltd.*

Dear Counsel:

    Pursuant to Magistrate Judge Larson's instructions at the Initial Case Management Conference on September 19, 2007, and in a further attempt to meet and confer, this letter serves to set forth the areas which Plaintiff wishes to address at the deposition of Deborah Bailey-Wells.

    As you know, the approach and content of this correspondence is somewhat unusual given that customarily a meet and confer of this nature would occur either subsequent to a notice of deposition and in the scope of a motion for protective order, or following objections made to specific questions during the deposition. However, because we have taken early steps to address any potential conflicts with you, and in light of the Court's instruction, we must speak to objections that have not yet been fully articulated.

    Nevertheless, we have reviewed the material and comprised the following list as to the categories of information which we plan to discuss with Ms. Bailey-Wells at her deposition:

    (1) how she first came to meet the parties, including, but not limited to whether she or Kirkpatrick & Lockhart had a prior existing relationship with either party;

    (2) what she knows about the parties' prior business relationship;

    (3) how the parties described the dispute over the patents when she and Kirkpatrick & Lockhart were first approached about the PRN Litigation;

Peter Harvey
Seth Appel
September 24, 2007
Page 2

   (4) what her understanding was about Mr. Nemirofsky's relationship with STV Asia at the outset of Kirkpatrick & Lockhart's representation and whether that relationship changed during the course of the PRN Litigation;

   (5) Mr. Nemirofsky's and Mr. Kim's involvement and roles in hiring a law firm to represent STV Asia and while they were negotiating the retention agreement and fee schedule with Kirkpatrick & Lockhart;

   (6) the inventor(s) of the patents which were at issue in the PRN Litigation;

   (7) the entities which the parties identified as those which were infringing upon the patents at issue in the PRN Litigation;

   (8) whether she knew about an oral agreement between Mr. Nemirofsky and Mr. Kim and STV Asia regarding the division of any recovery from the PRN Litigation;

   (9) all communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to Mr. Kim's agreement with Mr. Nemirofsky as to Mr. Nemirofsky's role and responsibilities in the prosecution of the patents at issue in the PRN Litigation;

   (10) all communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to Mr. Kim's agreement with Mr. Nemirofsky as to the division of any recovery from the PRN Litigation;

   (11) all communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to any changes or revisions to Mr. Kim's agreement with Mr. Nemirofsky as to the division of any recovery from the PRN Litigation, including, but not limited to, the communications in October of 2006 at Kirkpatrick & Lockhart's San Francisco office;

   (12) what Mr. Nemirofsky did in the scope of the PRN litigation, including, but not limited to, his expertise or information he provided counsel or experts throughout the course of the litigation, his role in discovery, reviewing drafts of briefs, valuation of the patents and settlement value, and in preparing for hearings and mediation;

   (13) how and to whom invoices regarding Kirkpatrick & Lockhart's work on the PRN Litigation were submitted;

   (14) the timeliness and/or failure to submit payments to Kirkpatrick & Lockhart for work performed on the PRN Litigation;

Peter Harvey
Seth Appel
September 24, 2007
Page 3


       (15) any dispute as to the amount billed or owed to Kirkpatrick & Lockhart for work performed on the PRN Litigation;

       (16) Kirkpatrick & Lockhart's withdrawal as counsel for STV Asia in the PRN Litigation;

       (17) the settlement value of the PRN Litigation;

       (18) Mr. Nemirofsky's role and his interactions with the experts who were consulted in the PRN Litigation;

       (19) information about the current law suit;

       While we have tried to provide you with sufficiently specific information so as to put Defendants on notice as to the areas Plaintiff plans to cover at the deposition, this may not be an exclusive list. As you know, in the course of a deposition, new information may be discovered which could lead to additional subject areas. In addition, we do not waive our right to inquire as to any further questions which naturally flow from the deposition dialogue. That said, we understand that Defendants will have the right and opportunity to make any objections they feel appropriate at the deposition to the extent that new or additional subject areas arise which have not been discussed in the context of our ongoing meet and confer and which Judge Larson has not yet ruled upon.

       As you know, the Court ordered that the parties submit simultaneous briefs on October 3, 2007. In order to ensure that the parties have an opportunity to fulfill their meet and confer obligations prior thereto, we ask that you provide us with your written response to this meet and confer letter, delineating defendants' specific objections, if any, to each of the above areas, by Thursday, September 27, 2007.

                                           Sincerely,

                                           Robyn Callahan

RTC/

SF:184013.1

# Exhibit B
# to the Declaration of Robyn T. Callahan in Support of Plaintiff's Brief in Opposition to Defendants' Privilege Objections to the Deposition of Deborah Bailey-Wells

# Case No. C 07-2769 JL

# HARVEY ▪ SISKIND LLP

September 25, 2007

D. Peter Harvey

**VIA ELECTRONIC MAIL**

Martin A. Sabelli, Esq.
Robyn T. Callahan, Esq.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

    Re:    *Frank Nemirofsky v. Seok Ki Kim and STV Asia, Ltd.;*
            *Seok Ki Kim and STV Asia, Ltd. v. Frank Nemirofsky;*
            Case No. C 07-2769 JL

Dear Robyn and Martin:

    This responds to your letter of September 24, 2007 concerning your proposed deposition of Deborah Bailey-Wells. By way of preface, we note that in our understanding Ms. Bailey-Wells was litigation counsel for STV Asia in the PRN patent litigation. With a few exceptions, noted below, the information she may have regarding each of the nineteen topics in your September 24 letter came to her because she was consulted by representatives of STV Asia, her client in that litigation. The primary contacts between Ms. Bailey-Wells and her client STV Asia, as you know, were Frank Nemirofsky and S.K. Kim. During the pendency of the PRN litigation, Mr. Nemirofsky was a director or agent of STV Asia, and Dr. Kim was a principal shareholder and Chief Executive Officer.

    Conversations between Ms. Bailey-Wells, on the one hand as counsel, and Mr. Nemirofsky and Dr. Kim, on the other hand as representatives of STV Asia, her client, would presumptively be privileged under the attorney client privilege or attorney work-product doctrine. *See* Cal. Evid. Code § 917.

    We address your nineteen categories, and our position with respect to the application of the privilege, as follows:

Martin A. Sabelli, Esq.
Robyn T. Callahan, Esq.
September 25, 2007
Page 2

| Proposed Topic | Response |
| --- | --- |
| (1) How [Ms. Bailey-Wells] first came to meet the parties, including, but not limited to whether she or Kirkpatrick & Lockhart had a prior existing relationship with either party. | Presumably either Mr. Nemirofsky or Dr. Kim initially contacted Ms. Bailey-Wells. To the extent that either of them discussed the proposed litigation with PRN with her, those discussions would be privileged. The fact and date of the initial contact would likely fall outside the privilege. We would wonder at that information's relevance, however, to the present litigation. |
| (2) What she knows about the parties' prior business relationship. | Again, to the extent that Ms. Bailey-Wells learned about the parties' prior business relationship in connection with their consultation of her in connection with the PRN litigation, this information would be privileged. |
| (3) How the parties described the dispute over the patents when she and Kirkpatrick & Lockhart were first approached about the PRN Litigation. | Again, to the extent that Ms. Bailey-Wells learned about the parties' prior business relationship in connection with their consultation of her in connection with the PRN litigation, this information would be privileged. |
| (4) What her understanding was about Mr. Nemirofsky's relationship with STV Asia at the outset of Kirkpatrick & Lockhart's representation and whether that relationship changed during the course of the PRN Litigation. | Ms. Bailey-Wells's understanding of that relationship does not appear to be relevant to the present case, nor is it likely to lead to the discovery of relevant evidence. |

Martin A. Sabelli, Esq.
Robyn T. Callahan, Esq.
September 25, 2007
Page 3

| Proposed Topic | Response |
|---|---|
| (5) Mr. Nemirofsky's and Mr. Kim's involvement and roles in hiring a law firm to represent STV Asia and while they were negotiating the retention agreement and fee schedule with Kirkpatrick & Lockhart. | To the extent that Ms. Bailey-Wells's testimony would necessarily reflect information she gained by reason of Mr. Nemirofsky's and Dr. Kim's communications with her and her firm in conjunction with Kirkpatrick & Lockhart's representation of STV Asia in the PRN litigation, this is paradigmatic information protected by the attorney client privilege. Because some of this information may be relevant to the present litigation, however, we can anticipate allowing questioning here, but only with the express understanding that no general waiver of the attorney client privilege is being made. |
| (6) The inventor(s) of the patents which were at issue in the PRN Litigation. | This is a matter of fact presumably verifiable by reference to public records. Ms. Bailey-Wells's understanding of this fact is not relevant. |
| (7) The entities which the parties identified as those which were infringing upon the patents at issue in the PRN Litigation. | This information presumably only came to Ms. Bailey-Wells's knowledge by reason of her consultation with representatives of STV Asia during the PRN litigation. This would therefore unquestionably be privileged. |
| (8) Whether she knew about an oral agreement between Mr. Nemirofsky and Mr. Kim and STV Asia regarding the division of any recovery from the PRN Litigation. | This information presumably only came to Ms. Bailey-Wells's knowledge by reason of her consultation with representatives of STV Asia. This would therefore unquestionably be privileged. |
| (9) All communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to Mr. Kim's agreement with Mr. Nemirofsky as to Mr. Nemirofsky's role and responsibilities in the prosecution of the patents at issue in the PRN Litigation | This information presumably only came to Ms. Bailey-Wells's knowledge by reason of her consultation with representatives of STV Asia. This would therefore unquestionably be privileged. |

Martin A. Sabelli, Esq.
Robyn T. Callahan, Esq.
September 25, 2007
Page 4

| Proposed Topic | Response |
| --- | --- |
| (10) All communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to Mr. Kim's agreement with Mr. Nemirofsky as to the division of any recovery from the PRN Litigation | This information presumably only came to Ms. Bailey-Wells's knowledge by reason of her consultation with representatives of STV Asia. This would therefore unquestionably be privileged. |
| (11) All communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to any changes or revisions to Mr. Kim's agreement with Mr. Nemirofsky as to the division of any recovery from the PRN Litigation, including, but not limited to, the communications in October of 2006 at Kirkpatrick & Lockhart's San Francisco office | This information presumably only came to Ms. Bailey-Wells's knowledge by reason of her consultation with representatives of STV Asia. This would therefore unquestionably be privileged. |
| (12) What Mr. Nemirofsky did in the scope of the PRN litigation, including, but not limited to, his expertise or information he provided counsel or experts throughout the course of the litigation, his role in discovery, reviewing drafts of briefs, valuation of the patents and settlement value, and in preparing for hearings and mediation. | See our response to (5), above. Again, because this information may be relevant to the present litigation, we would permit limited questioning here, on condition that such permission did not constitute a general waiver of the attorney client privilege. |
| (13) Wow and to whom invoices regarding Kirkpatrick & Lockhart's work on the PRN Litigation were submitted. | We question the relevance of this information. To the extent that the questions are limited to specifically how and whom Kirkpatrick & Lockhart billed for its work on the PRN litigation, we can foresee allowing questioning, again with the understanding that no general waiver is being effected. |
| (14) The timeliness and/or failure to submit payments to Kirkpatrick & Lockhart for work performed on the PRN Litigation. | Whether or not specific invoices were paid, and the amount of such payment, may be relevant, again with the specific understanding that no general waiver is being made. |
| (15) Any dispute as to the amount billed or owed to Kirkpatrick & Lockhart for work performed on the PRN Litigation. | Again, the amount of any dispute appears potentially relevant and may be the subject of questioning, again with the understanding that no general waiver is being made. |

Martin A. Sabelli, Esq.
Robyn T. Callahan, Esq.
September 25, 2007
Page 5

| Proposed Topic | Response |
| --- | --- |
| (16) Kirkpatrick & Lockhart's withdrawal as counsel for STV Asia in the PRN Litigation. | The timing of Kirkpatrick & Lockhart's withdrawal as counsel for STV Asia in the PRN litigation may be relevant. The details of any dispute between Kirkpatrick & Lockhart and STV Asia would be privileged. |
| (17) The settlement value of the PRN Litigation. | Any information Ms. Bailey-Wells would have regarding the settlement value of the PRN case would come to her solely because she had been consulted as litigation counsel in the case, and therefore would be privileged. |
| (18) Mr. Nemirofsky's role and his interactions with the experts who were consulted in the PRN Litigation. | See response to (5) and (12), above. |
| (19) Information about the current law suit. | While this information may not be not subject to the attorney client privilege, we question the relevance of such information to the present case. |

We look forward to discussing these topics with you during our meet and confer session tomorrow.

Sincerely,

D. Peter Harvey

DPH:cl

cc:   Seth I. Appel, Esq.

# Exhibit C
# to the Declaration of Robyn T. Callahan in Support of Plaintiff's Brief in Opposition to Defendants' Privilege Objections to the Deposition of Deborah Bailey-Wells

# FILED UNDER SEAL

# Case No. C 07-2769 JL

# Exhibit D
# to the Declaration of Robyn T. Callahan in Support of Plaintiff's Brief in Opposition to Defendants' Privilege Objections to the Deposition of Deborah Bailey-Wells

# FILED UNDER SEAL

# Case No. C 07-2769 JL