HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
e-mail: pharvey@harveysiskind.com
SETH I. APPEL (SBN 233421)
e-mail: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Defendants and Counterclaimants
SEOK KI KIM and STV ASIA, LTD.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: C 07 2769 JL<br><br>**COUNTERCLAIMANTS' OPPOSITION TO COUNTERDEFENDANT'S MOTION TO DISMISS**<br><br>Date: October 31, 2007<br>Time: 9:30 a.m.<br>Courtroom F, 15th Floor |
| SEOK KI KIM and STV ASIA, LTD., a British Virgin Islands corporation,<br><br>　　　　Counterclaimants,<br><br>　v.<br><br>FRANK NEMIROFSKY,<br><br>　　　　Counterdefendant. | |

COUNTERCLAIMANTS' OPPOSITION TO COUNTERDEFENDANTS' MOTION TO DISMISS
Case No.: C 07 2769 JL

**TABLE OF CONTENTS**

Page

1. Standard .................................................................................................................... 1

2. Counterclaimants Have Stated a Claim for Abuse of Process ........................................... 1

    (a)    Dr. Kim and STV Specifically Allege Both Elements of the Claim ....................... 1

    (b)    The Facts Alleged in the Counterclaim Fully Satisfy These Elements ................... 2

3. Obtaining an Excessive Temporary Restraining Order
for an Improper Purpose Constitutes Abuse of Process ....................................................... 4

4. The Fact that the Court Signed TPOs Which Counterdefendant
Prepared and Submitted Does Not Exculpate Counterdefendant ....................................... 4

CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barquis v. Merchants Collection Association*
7 Cal. 3d 94, 104 (1972) ............................................................................................................ 4

*Bidna v. Rosen*
19 Cal. App. 4th 27, 40 (1993) .................................................................................................. 4

*Brown v. Kennard*
94 Cal. App. 4th 40, 44 (2001) .................................................................................................. 2

*Church of Scientology v. Flynn*
744 F.2d 694, 696 (9th Cir. 1984) ............................................................................................. 1

*Coleman v. Gulf Ins. Group*
41 Cal. 3d 782, 792 (1986) ........................................................................................................ 2

*Conley v. Gibson*
355 U.S. 41, 45 (1957) ............................................................................................................... 1

*Drum v. Bleau, Fox & Associates*
107 Cal. App. 4th 1009, 1019 (2003) ....................................................................................... 1

*In re Wells Fargo Securities Litigation*
12 F.3d 922, 925 (9th Cir. 1993) ............................................................................................... 1

*Ion Equipment Corp. v. Nelson*
110 Cal. App. 3d 868 (1980) ..................................................................................................... 5

*White Lighting Co. v. Wolfson*
68 Cal. 2d 336, 347 (1968) ........................................................................................................ 4

**Statutes**

California Code of Civil Procedure §486.050 ................................................................................ 4

**Miscellaneous**

Ahart, Alan M.
*California Practice Guide: Enforcing Judgment and Debts* (The Rutter Group 2006) .............. 4

Counterclaimants Seok Ki Kim ("Dr. Kim") and STV Asia, Ltd. ("STV") allege that Counterdefendant Frank Nemirofsky ("Nemirofsky") used the process of the Court to freeze $ **[REDACTED]** belonging to Counterclaimants, not because he believed he was entitled to that amount but for an ulterior purpose: to coerce an early and overly favorable settlement. At the time, Nemirofsky knew he was not entitled to even <u>half</u> this amount. Indeed, he admitted as much in several documents filed with the Court, yet he willfully maintained his claim despite Counterclaimants' protests. Nemirofsky's behavior epitomizes abuse of process. He now moves to dismiss Counterclaimants' abuse of process claim by mischaracterizing that claim and misstating the law. His motion to dismiss must be denied.[1]

**1.   Standard**

A complaint or counterclaim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff (counterclaimant) can prove no set of facts on which relief can be granted. *Church of Scientology v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984); *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The Court must accept all allegations of material fact as true and construe them in the light most favorable to the plaintiff (counterclaimant). *In re Wells Fargo Securities Litigation*, 12 F.3d 922, 925 (9th Cir. 1993).

**2.   Counterclaimants Have Stated a Claim for Abuse of Process.**

**(a)   Dr. Kim and STV Specifically Allege Both Elements of the Claim.** "The tort of abuse of process constitutes the use of a legal process against another to accomplish a purpose for which it is not designed." *Drum v. Bleau, Fox & Associates*, 107 Cal. App. 4th 1009, 1019 (2003). The elements of an abuse of process cause of action are (1) an ulterior motive, and (2) a

---

[1] Nemirofsky incorrectly asserts that the counterclaim which is the subject of this motion was "ineffectively served." [Mot., 2: 15] Counterclaimants filed their counterclaim, along with a motion to file under seal and proof of service, on May 29, 2007. (The Court granted Counterclaimants' motion and filed the counterclaim under seal on June 4.) *See* Docket Entries Nos. 3-5, 22-23. Counterclaimants properly served Nemirofsky by mail at the address of his then counsel, David Trotter of Bowles & Verna LLP. At the time, Nemirofsky's current counsel, Winston & Strawn LLP, had not yet entered the case.

-1-

willful act in the use of process not proper in the regular conduct of the proceedings. *Id.  See Coleman v. Gulf Ins. Group*, 41 Cal. 3d 782, 792 (1986); *Brown v. Kennard*, 94 Cal. App. 4th 40, 44 (2001).  Counterclaimants allege that Nemirofsky willfully obtained temporary protective orders (TPOs) that covered an excessive amount of Counterclaimants' property [Counterclaim, ¶27], and that Nemirofsky did so in order to coerce an overly favorable settlement.  [Counterclaim, ¶28]  Therefore, Counterclaimants have stated a claim on which relief can be granted.

**(b)    The Facts Alleged in the Counterclaim Fully Satisfy These Elements.**  The Counterclaim sets forth the facts underlying Counterclaimants' abuse of process claim as follows:

Dr. Kim is the founder and owner of STV. [Counterclaim, ¶ 9]  STV, which stands for "Store TV Networks," owned patents for systems by which advertising is disseminated in retail stores on flat panel displays.  In March, 2006, STV sued PRN Corporation and others for infringement of its patents. [Counterclaim, ¶ 10]  Nemirofsky, who was the patentee on two of STV's patents, agreed to assist STV in the PRN litigation in return for 15% of STV's net proceeds from a judgment or settlement of the case. [Counterclaim, ¶ 11]

**[REDACTED]**

[Counterclaim, ¶¶ 12-13]

At this point, Nemirofsky pounced.  Claiming that his deal with Dr. Kim and STV had changed, and that he was entitled not to fifteen but to *fifty* percent of the net proceeds

**[REDACTED]**    Nemirofsky sued Dr. Kim and STV in California state court on the same day the funds were paid into STV's counsel's trust account. [Counterclaim, ¶ 15]  At the same time, he sought and was granted standard-form, "check the box" *ex parte* Temporary Protective Orders.  [Counterclaim, ¶ 18]  While his Complaint acknowledged that he was at best entitled to one-half of $ **[REDACTED]**, and his memorandum in support of the TPOs confirmed this fact, the form TPOs he presented to the court prohibited STV's counsel from transferring "*any property*" of STV, *i.e.*,                **[REDACTED]**

[Counterclaim, ¶¶ 19-20]

Nemirofsky's excessive TPOs were no fluke. They were not the result of inadvertence or mistake on his or his counsel's part. Rather, they were part of a deliberate scheme designed to force STV to pay far more than it should to settle his claim. [Counterclaim, ¶ 23]  That this was the plan is demonstrated by Nemirofsky's then-counsel's subsequent correspondence with STV's counsel carefully pointing out that the latter was precluded from transferring "any property" of STV, directly or indirectly—even though he knew that amount was *more than double the amount to which Nemirofsky was entitled even under a "best case" scenario for him*—and implicitly urging Counterclaimants to promptly settle. [Counterclaim, ¶¶ 24-25]

Counterclaimants thus amply satisfy both elements of the abuse of process claim. They satisfy the "willful and improper use of process" element by alleging that Nemirofsky willfully secured TPOs prohibiting the transfer "any property" the Counterclaimants, including $ **[REDACTED]** to which he did not assert any right. [Counterclaim, ¶ 20]  And Counterclaimants allege that the Court issued TPOs based on Nemirofsky's applications and using Nemirofsky's proposed language, thereby freezing the full $ **[REDACTED]** [Counterclaim, ¶¶ 21-22]

Counterclaimants satisfy the "ulterior motive" element by alleging that the excessive TPOs were the result of Nemirofsky's deliberate action intended to coerce an overly favorable settlement in Case No. CGC 07-463428. [Counterclaim, ¶ 23]  Counterclaimants allege that this ulterior motive was reflected in correspondence between the parties' counsel in which Nemirofsky's attorney boasted about the amount covered by the TPOs and encouraged Counterclaimants' attorney "to meet in the next few days to talk about the future direction" of the case. [Counterclaim, ¶¶ 24-25]

There can be no question that Counterclaimants have alleged each of the elements of abuse of process.[2]

---

[2] In his motion to dismiss, Nemirofsky mischaracterizes the basis of Counterclaimant's claim. Nemirofsky states that Counterclaimants allege abuse of process based on Nemirofsky's filing of his complaint and maintenance of this lawsuit. [Mot., 4:4-13; 5:1-3] Counterclaimants' abuse of process claim is based on the excessive TPOs, which are independent of Nemirofsky's complaint.

-3-

### 3. Obtaining an Excessive Temporary Protective Order for an Improper Purpose Constitutes Abuse of Process.

It is well-established that an excessive temporary protective order can be the basis for an abuse of process cause of action.

> The temporary protective order should restrain the transfer only of an amount of the defendant's property until a writ of attachment can be issued. ***Where an excessive amount of property is subject to the temporary protective order, the plaintiff may be liable for abuse of process.***

Comment to Cal. Code Civ. Proc. §486.050 (emphasis added). This rule is echoed by the leading California practice guide. Ahart, *California Practice Guide: Enforcing Judgment and Debts*, §4:373 at 480 (The Rutter Group 2006) ("Plaintiff may be liable for abuse of process if an excessive amount of property is subject to the TPO.").

In *White Lighting Co. v. Wolfson*, 68 Cal. 2d 336, 347 (1968), the California Supreme Court found that "a claim based on excessive attachment constitutes in essence a cause of action for abuse of process." More recently, the court of appeal observed that "abuse of process claims typically arise for improper or excessive attachments." *Bidna v. Rosen*, 19 Cal. App. 4th 27, 40 (1993).

Counterclaimants allege that Nemirofsky sought and obtained the excessive TPOs in order to coerce an overly favorable settlement. Contrary to Nemirofsky's assertion, this is precisely the sort of ulterior motive that supports a finding of abuse of process. *See Barquis v. Merchants Collection Association*, 7 Cal. 3d 94, 104 (1972) (upholding abuse of process claim based on defendant's use of legal process "to coerce inequitable settlements").

### 4. The Fact that the Court Signed TPOs Which Nemirofsky Prepared and Submitted Does Not Exculpate Nemirofsky.

Nemirofsky seeks to escape liability because "the issuance of the TPOs (in the amount Defendants' contest), was not an act of Plaintiff. Rather, Judge Chan executed the TPOs." [Mot., 5:25-27] This attempted sleight of hand – blaming the court for Nemirofsky's willful and intentional act - fails. Virtually every legal process requires some action on the part of a judge, clerk, or other court representative, whether it be signing, filing, or carrying out orders. And Nemirofsky's argument

ignores that his counsel prepared, submitted, and then repeatedly wrongly relied upon the excessive TPOs. If Nemirofsky's position had any merit, nearly every abuse of process claim would fail.

In *Ion Equipment Corp. v. Nelson*, 110 Cal. App. 3d 868 (1980), the one case Nemirofsky cites in support of this curious position, the Court rejected plaintiff's abuse of process claim because plaintiff failed to plead "intent on [defendants'] part in causing the writ to issue." Here, by contrast, Nemirofsky's intent is spelled out in the Counterclaim: "Nemirofsky had an ulterior purpose for obtaining temporary protective orders that cover an excessive amount of Defendants' property. He sought to coerce an overly favorable settlement in Case No. CGC 07-463428." [Counterclaim, ¶ 28]

Nemirofsky's argument that the amount of the TPOs was "a decision which was made by the Superior Court," and not by Nemirofsky, is equally unpersuasive. [Mot., ¶5:20-21] Nemirofsky again tries to ignore that he submitted the proposed orders that the court entered. Having deliberately set up the court to issue excessive TPOs, Nemirofsky cannot hide behind the court's "official act."[3]

## **CONCLUSION**

Counterclaimants have precisely stated facts in support of their abuse of process cause of action. Because it is well-established that an excessive temporary protective order can be the basis for an abuse of process claim, the Court should deny Nemirofsky's motion to dismiss.

Dated: October 10, 2007                    Respectfully submitted,

                                           HARVEY SISKIND LLP

                                           By: _____/s/_____
                                                   Seth I. Appel
                                           Attorneys for Defendants and Counterclaimants
                                           SEOK KI KIM and STV ASIA, LTD.

---

[3] In the days and weeks following issuance of the TPOs, Counterclaimants' counsel repeatedly pointed out to Nemirofsky's counsel that the TPOs were excessive and asked that Nemirofsky so inform the Court and seek reduction of the amount of the TPOs. Both of Nemirofsky's law firms dodged the issue and refused to correct the situation, forcing Dr. Kim and STV to seek relief from the court. *See* Counterclaimants' *Ex Parte* Application for Order Vacating or Modifying Temporary Protective Orders, and supporting documents, Docket Nos. 6-14. Assuming *arguendo* that Nemirofsky did not commit abuse of process by obtaining the TPOs, he certainly committed abuse of process by maintaining them in the face of Counterclaimant's objections.

-5-
COUNTERCLAIMANTS' OPPOSITION TO COUNTERDEFENDANTS' MOTION TO DISMISS
Case No.: C 07 2769 JL