Jonathan M. Cohen (SBN: 168207)
Martin Sabelli (SBN: 164772)
Robyn T. Callahan (SBN: 225472)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email: jcohen@winston.com
           rcallahan@winston.com

Attorneys for Plaintiff
FRANK NEMIROFSKY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>             Plaintiff,<br><br>    v.<br><br>SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation,<br><br>             Defendants. | **Case No. 3:07 CV 02769 JL**<br><br>**PLAINTIFF/COUNTER DEFENDANT FRANK NEMIROFSKY'S MOTION TO DISMISS DEFENDANTS'/COUNTERCLAIMANTS' COUNTERCLAIM PURSUANT TO FRCP 12(B)(6)**<br><br>Date: November 14, 2007<br>           (continued from *October 31, 2007*)<br>Time: 9:30 a.m.<br>Place: 450 Golden Gate Ave.<br>           Courtroom F, 15th Floor<br>           San Francisco |

Plaintiff hereby replies to Defendants'/Counterclaimants' ("Counterclaimant") Opposition to Plaintiff's Motion to Dismiss the Counterclaim pursuant to 12(b)(6) (hereinafter referred to as "Opp.").

/ / /

/ / /

---

1

PLAINTIFF/COUNTER DEFENDANT FRANK NEMIROFSKY'S REPLY TO
DEFENDANTS'/COUNTERCLAIMANTS' OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM
Case No. 3:07 CV 02769 JL

## I. Introduction

As stated in support of the Motion to Dismiss, Counterclaimants have not asserted facts sufficient to state a cause of action for abuse of process. Apparently, Counterclaimants agree and in opposition to the motion to dismiss, Counterclaimants attempt to focus on the communications from Nemirofsky's counsel in an effort to establish the ulterior motive required for an abuse of process claim. However, as detailed herein, in trying to rely on these communications, Counterclaimants runs head-on into the litigation privilege. The case law is very clear that such communications cannot be utilized to support an abuse of process claim. As such, Counterclaimants' claims fail as a matter of law and should be dismissed.

## II. Plaintiff's Actions are Protected by the Litigation Privilege.

California Civil Code Section 47 codifies the litigation privilege, stating in pertinent part, "[a] privileged publication or broadcast is one made…[i]n any…judicial proceeding…" *Cal. Civ. Code § 47(b)*. The privilege is applicable to any communication, whether or not it amounts to a publication [citations omitted], and all torts except malicious prosecution [citations omitted]." *Silberg v.* Anderson, 50 Cal.3d 205, 212 (1990).

The litigation privilege bars an abuse of process claim insofar as the claim is premised on conduct within the privilege. *Ramona Unified School District v.* Tsiknas, 135 Cal.App.4th 510, 522 (2005), citing *Pollock v. University of Southern California* (2003) 112 Cal.App.4th 1416, 1429-1430. The courts have recognized that even noncommunicative acts are protected by the litigation privilege when the acts are "necessarily related to the communicative conduct". *Rusheen v. Cohen*, 37 Cal.4th 1048, 1065 (2006); See also *Rubin v. Green*, 4 Cal.4th 1187 (1993) ("[C]ommunications with 'some relation' to judicial proceedings" are "absolutely immune from tort liability" by the litigation privilege.)

## III. Counterclaimants Fail to Demonstrate They Can Overcome the Litigation Privilege.

In order to maintain Counterclaimants' abuse of process claim, Counterclaimants must demonstrate a *prima facie* case that they could overcome the litigation privilege. (See *Blanchard v. DirectTV, Inc.*, 123 Cal. App.4th 903 (2004). Here, Counterclaimants have failed to even address

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

the litigation privilege, let alone offer any showing as to how Counterclaimants might meet the requisite pleading standards absent reliance on acts and communications which clearly are protected under the privilege.

Counterclaimants essentially admit that the only allegations in furtherance of their abuse of process claim are that: (1) Plaintiff willfully obtained a temporary protective order which [allegedly] was in an excessive amount; and (2) Plaintiff did so to coerce a favorable settlement. (Opp., page 2, lines 3-6). However, the only specific facts Counterclaimants pled as to the second prong of the abuse of process test, which requires a showing of "ulterior purpose", is that Plaintiff's proposed TPO order was for the full amount of the PRN Litigation Settlement, as opposed to a percentage thereof.[1]

Counterclaimants argue that Plaintiff's counsel's letters, subsequent to the issuance of the TPOs, which confirmed the scope of the TPOs and Defendants' compliance therewith, somehow evidence an ulterior motive which rises to the level of abuse of process. (Opp., page 3, lines 3-8). Although Plaintiff disagrees that counsel's letters reflect an "ulterior motive", the fact is Counterclaimants are prohibited from relying upon these letters as a basis for their abuse of process claim because they are protected by the litigation privilege. "[C]ommunications made in connection with litigation did not necessarily fall outside of the privilege because they are, or are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal" assuming they are logically related to litigation." *Blanchard v. Direct TV, Inc.*, 123 Cal.App.4gh 903, 921 (2004), citing *Kashian v. Harriman*, 98 Cal.App.4th 892, 920 (2002).

Similarly protected by the litigation privilege are Counterclaimants' reliance upon allegations that Plaintiff intentionally sought to attach an excessive amount in order to coerce a favorable settlement. *Blanchard v. Direct TV, Inc.*, 123 Cal.App.4gh 903, 921 (2004), citing *Rothman v. Jackson*, 49 Cal.App.4th 1134, 1148 (1996) (the litigation privilege cannot be avoided by arguing that statements were published to coerce a settlement).

---

[1] For purposes of this argument, it is irrelevant what the percentage split was, or what Counterclaimants contend was in excess of the agreed upon division of funds.

Further, even if the court were to ignore the case law holding that the litigation privilege applies, suggesting, demanding or otherwise trying to facilitate a settlement does not constitute an ulterior purpose or motive as defined under the elements of an abuse of process claim. *Coleman v. Gulf Insurance Group*, 41 Cal.3d 782, 792-3. The *Coleman* Court references *Tellefsen v. Key System Transit Lines*, 198 Cal.App.2d 611 (1961), and notes that despite the contention that "defendants had filed an appeal to "advantage themselves" and to pursue a plan for a "cheap compromise settlement of verdicts", [citation omitted]…"[t]here is no allegation of any act of defendant using such appeal for other than its proper purpose." *Coleman v. Gulf Insurance Group*, 41 Cal.3d 782, 792. The *Coleman* Court further recognizes that: "in view of the strong state interest in encouraging the settlement of litigation, it would clearly be improper to hold that *the making of an offer to settle* is itself sufficient to supply the missing element in an abuse of process action." *Id.* at 793.

The present case is no different from *Coleman* in that all of Counterclaimants' allegations in the counterclaim, even if all assumed to be true – which Plaintiff denies, amount to nothing more than those set forth above, which the court has found to be insufficient to satisfy the second element of an action for abuse of process.

**IV.    Counterclaimants' Authority Is Inapposite And Actually Undermines Their Position.**

    **A.    The Case Law Counterclaimants Cited as to the Standard for Motions to Dismiss is No Longer Good Law.**

Counterclaimants rely upon two cases to establish the standard for which motions to dismiss are to be evaluated. However, both *Conley v. Gibson*, 355 U.S. 41 (1957) and *Church of Scientology v. Flynn*, 744 F.2d 694 (9th Cir. 1984) were overturned by *Bell v. Atlantic Corp. v. Twombly*,-- U.S.--, --, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). However, even under the slightly less stringent standard as established by the *Bell* Court, Counterclaimant must show facts which indicate that relief is more than conceivable, but that it is plausible. *Id.*

/ / /

/ / /

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

### B. *Barquis v. Merchants Collection Association* Contradicts Counterclaimants' Arguments.

Counterclaimants rely upon *Barquis v. Merchants Collection Association*, 7 Cal. 3d 94 (1972) in support of their contention that obtaining an excessive temporary protective order (although plaintiff denies the TPOs were excessive given the undervalued PRN Litigation settlement) is the type of ulterior motive that supports a finding of abuse of process. (Opp., page 4, lines 16-19). Counterclaimants attempt to mislead the Court by including only a partial quote from the *Barquis* case and claiming it is authority to support an abuse of process claim "based on defendant's use of legal process "to coerce inequitable settlements". (Opp., page 4, lines 17-19).

A closer look at the *Barquis* case reveals that that case concerned a pattern of behavior by a collection agency whereby it deliberately filed its actions in improper, distant venues with form pleadings that hid the erroneous forum on its face. *Barquis v. Merchants Collection Association*, 7 Cal. 3d 94 (1972).[2] In *Barquis*, the Supreme Court was responding to public policy regarding a "common abuse in the debt collection field." *Id.* at 107.

### C. *White Lighting Co.* Is Not on Point Because it Did Not Involve the Litigation Privilege.

Counterclaimants cite to *White Lighting Co. v. Wolfson*, 68 Cal.2d 336 (1968) and contend that on the basis of the Court's ruling in *White Lighting*, Counterclaimants' abuse of process claim should survive. (Opp., page 4, lines 11-13). However, *White Lighting* does not apply to this case because the litigation privilege was not at issue in *White Lighting* as it is here.[3]

---

[2] The inapplicability of *Barquis* is further explained in two unpublished cases which are attached for reference to Plaintiff's Reply Brief. See *Reynolds Casas & Riley, LLP v. 4920 Corporation*, 2005 WL 995244 *13 (Cal.App. 6 Dist.), discussing the inapplicability of *Barquis*) ("In *Barquis*, it was not the actions themselves but the pattern of improper choice of venue that constituted the abuse of process."); and *Golden Bay Fence Plus Iron Works, Inc. v. Ray Wilson Co.*, 2002 WL 86985 *3 (Cal.App. 3 Dist.), similarly noting the mistaken reliance on *Barquis*) ("the filing of an action in the wrong forum is simply not analogous to filing an action that is legally without merit.")

[3] A detailed discussion of subsequent court's errors in reliance upon *White Lighting* can be found in the unpublished case *Sabul v. Pillsbury Winthrop LLP*, 2003 WL 882239 *3 (Cal.App.4 Dist.), also

5

PLAINTIFF/COUNTER DEFENDANT FRANK NEMIROFSKY'S REPLY TO
DEFENDANTS'/COUNTERCLAIMANTS' OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM
Case No. 3:07 CV 02769 JL

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    The *Bidna* case, which is the only other case Counterclaimants cite as authority, held only that in the context of family law proceedings, causes of action for malicious prosecution will not be sustained. *Bidna v. Rosen*, 19 Cal.App.4th 27, 38-39. The language that Counterclaimants quote at page 40 of the *Bidna* opinion is in reference to *White Lighting*, which Plaintiff has already demonstrated does not apply.

### D.  Counterclaimants Ignore the Controlling Case Law.

While Counterclaimants repeatedly cite to their Counterclaim, and quote the allegations therein, they neglect to understand that said allegations do not rise to the level of an abuse of process claim because pursuant to the controlling case law. See *O'Keefe v. Kompa*, 84 Cal.App.4th 130, 132, 134-5 (holding that enforcement efforts including levying on a bank account, were privileged extensions of the judicial process and logically and legally related to the realization of a litigation objective.); See also *Brown v. Kennard,* 94 Cal.App.4th 40, 50 (2001) (holding that "the policy underlying the litigation privilege of encouraging free access to the courts by discouraging derivative litigation simply outweighs the policy of providing [the complainant] with a tort remedy for an allegedly wrongful enforcement of a judgment.").

### V.  As A Matter of Law, Counterclaimants Cannot Amend Their Counterclaim.

Because the acts and alleged "ulterior purpose" on which Counterclaimants' counterclaim is exclusively based falls within the litigation privilege, it is impossible for Counterclaimants to amend their abuse of process claim in order to meet the burden of alleging a *prima facie* case for abuse of process. As such, the Court should grant Plaintiff's Motion to Dismiss without leave to amend.

/ / /

/ / /

---

attached to Plaintiff's Reply, wherein the court specifically denounces reliance on *White Lighting* in cases involving the litigation privilege.

6

PLAINTIFF/COUNTER DEFENDANT FRANK NEMIROFSKY'S REPLY TO
DEFENDANTS'/COUNTERCLAIMANTS' OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM
Case No. 3:07 CV 02769 JL

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## VI. Conclusion.

As set forth herein, not only do the allegations of the counterclaim fail to rise to the level of an abuse of process claim, but all of Counterclaimants' allegations are barred by the litigation privilege. Plaintiff's Motion to Dismiss must be granted.

Dated: October 17, 2007                    WINSTON & STRAWN LLP

                                           By:      /s/
                                               Jonathan M. Cohen
                                               Martin Sabelli
                                               Robyn T. Callahan
                                               Attorneys for Plaintiff
                                               FRANK NEMIROFSKY

SF:186216.2

**Winston & Strawn LLP**
101 California Street
San Francisco, CA 94111-5894