**Westlaw**

Not Reported in Cal.Rptr.2d                                                                                           Page 1
Not Reported in Cal.Rptr.2d, 2002 WL 86985 (Cal.App. 3 Dist.)
**(Cite as: Not Reported in Cal.Rptr.2d)**

Golden Bay Fence Plus Iron Works, Inc. v. Ray Wilson Co.
Cal.App. 3 Dist.,2002.
Only the Westlaw citation is currently available.
California Rules of Court, rule 8.1115, restricts citation of unpublished opinions in California courts.
Court of Appeal, Third District, California.
GOLDEN BAY FENCE PLUS IRON WORKS, INC., et al., Plaintiffs and Appellants,
v.
RAY WILSON CO. et al., Defendants and Respondents.
No. C036650.
(Super.Ct.No. 00AS00673).

Jan. 23, 2002.

Subcontractor sought to file abuse of process action against contractor, after contractor filed cross-claim for fraud and conspiracy against subcontractor, in subcontractor's action seeking payment. The Superior Court, Sacramento County, No. 00AS00673, granted demurrer without leave to amend. Subcontractor appealed. The Court of Appeal, Davis, J., held that mere filing of cross-complaint did not constitute the tort of abuse of process.

Affirmed.
West Headnotes
**[1]** Process 313 🗝168

313 Process
    313IV Abuse of Process
        313k168 k. Nature and Elements of Cause of Action. Most Cited Cases
The two fundamental elements of the tort of abuse of process are an ulterior purpose and a willful act in the use of process not proper in the regular conduct of the proceedings.

**[2]** Process 313 🗝171

313 Process
    313IV Abuse of Process
        313k171 k. Actions. Most Cited Cases
Contractor's filing of cross-complaint of fraud and conspiracy against subcontractor, after subcontractor brought action seeking payment from contractor, did not constitute the tort of abuse of process; mere filing of the cross-claim did not provide foundation for abuse of process action.

DAVIS, Acting P.J.
**\*1** The plaintiffs-Golden Bay Fence Plus Iron Works (Golden Bay) and Floyd Chavez, its president-filed an amended pleading in which they alleged that a cross-complaint filed against them in an underlying action was an abuse of process. The defendants, Ray Wilson Co. (Ray) and its attorneys demurred. In its ruling sustaining the demurrer without leave to amend, the trial court ruled inter alia that the filing of a cross-complaint can never constitute abuse of process.

The notice of appeal includes only plaintiff Golden Bay. We grant the application of plaintiff Chavez to amend the notice of appeal to include him as well. In so doing we adhere to a rule of liberal construction in a situation where no one is misled or prejudiced, in order to further the policy of hearing legal disputes on their merits.[FN1]

    FN1. *Beltram v. Appellate Department* (1977) 66 Cal.App.3d 711, 715-716, 136 Cal.Rptr. 211.

The plaintiffs contend they are entitled to file an action for abuse of process premised on a cross-complaint despite clear authority to the contrary. The plaintiffs also belatedly assert we should construe their amended pleading as alleging a cause of action for intentional infliction of emotional distress. We shall affirm.

BACKGROUND

For the purpose of our review we will presume the allegations of the amended pleading are true.[FN2] Plaintiff Golden Bay was a subcontractor of defendant Ray and filed an action (Super. Ct. Sacramento County, 1997, No. 97AS05037) in which it contended defendant Ray had failed to pay for extra work in reliance on a forged copy of the contract between them. Plaintiff Golden Bay appended to the complaint what it alleged were authentic and forged copies of the contract. In its verified answer in action No. 97AS05037, defendant Ray asserted the authentic contract "contained the additional work, while the forged subcontract did not."Thereafter,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.2d  Page 2
Not Reported in Cal.Rptr.2d, 2002 WL 86985 (Cal.App. 3 Dist.)
**(Cite as: Not Reported in Cal.Rptr.2d)**

defendant Ray filed a cross-complaint against both plaintiffs, which the defendant law firm prepared. The cross-complaint asserted theories of fraud and conspiracy based on a factual predicate that was the reverse of what was alleged in the answer, "... that the true subcontract did not contain the additional work, while the forged subcontract did." In its tentative ruling on the plaintiffs' demurrer to the cross-complaint, the trial court concluded this was a fatal factual inconsistency.

> FN2.*Robison v. City of Manteca* (2000) 78 Cal.App.4th 452, 455, 92 Cal.Rptr.2d 748(*Robison* ).

In the complaint before us now, the plaintiffs contended the defendants acted "to deter[ ] plaintiff [*sic* ] from exercising his [*sic* ] rights ... and to make it more difficult and onerous to obtain a recovery by adding a spurious cause of action just before trial." While claiming damages in time and money expended, and entitlement to exemplary damages, the plaintiffs did not allege any consequent emotional distress.

In their demurrer, the defendants requested judicial notice of the following facts. Pursuant to a settlement, "any and all claims that were raised or could be raised within" the complaint in action No. 97AS05037 were to be subject to binding arbitration in exchange for a minimum payment from defendant Ray of $400,000 and dismissal of the complaint and cross-complaint. The trial court later confirmed the arbitration award, entering judgment against the plaintiffs and deeming the judgment satisfied.

**\*2** The plaintiffs filed a declaration in opposition to the demurrer. This is inappropriate because a demurrer looks only to the face of the pleadings and to matters judicially noticeable and not to the evidence or other extrinsic matter.[FN3] We disregard the declaration except for its incorporation of the minutes of the court's ruling on the demurrer to the cross-complaint in action No. 97AS05037. This minute order indicates the parties accepted the tentative ruling that the unverified cross-complaint could not allege facts contrary to the verified answer.

> FN3.*Knickerbocker v. City of Stockton* (1988) 199 Cal.App.3d 235, 239, footnote 2, 244 Cal.Rptr. 764.

DISCUSSION

[1] We review the sufficiency of the amended pleading de novo.[FN4] The two fundamental elements of the tort of abuse of process are an ulterior purpose and a willful act in the use of process not proper in the regular conduct of the proceedings.[FN5] In *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.,* the plaintiff contended its action for abuse of process was based on "the filing and continued pursuit of the CEQA action for the 'ulterior' purpose of extorting a monetary settlement."[FN6] Our Supreme Court ruled that, "the mere filing or maintenance of a lawsuit-even for an improper purpose-is not a proper basis for an abuse of process action."[FN7]

> FN4.*Robison, supra,* 78 Cal.App.4th at page 456, 92 Cal.Rptr.2d 748.
>
> FN5.*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.* (1987) 42 Cal.3d 1157, 1168, 232 Cal.Rptr. 567, 728 P.2d 1202(*Oren* ).
>
> FN6.*Oren, supra,* 42 Cal.3d at page 1168, 232 Cal.Rptr. 567, 728 P.2d 1202.
>
> FN7.*Oren, supra,* 42 Cal.3d at page 1169, 232 Cal.Rptr. 567, 728 P.2d 1202.

Demonstrating that even the clearest of precedent is no obstacle to the determined litigant, the plaintiffs unconvincingly purport to distinguish *Oren* on the ground that *Oren* did not involve a misuse of the power of the court. Plaintiffs state that "[t]he gravamen of this abuse of process claim is that the cross-complaint was *inconsistent* and not allowed as a matter of law, that defendants knew this and did it anyway to obtain a collateral advantage in the litigation." The plaintiffs thus appear to believe it is sufficient to take them outside *Oren*'s ambit that they have alleged the filing of a cross-complaint that was without merit as a matter of law, while the *Oren* defendants had prevailed in the trial court on their underlying action which was pending on appeal at the time the plaintiffs brought the action for abuse of process.[FN8]

> FN8.*Oren, supra,* 42 Cal.3d at page 1160, 232 Cal.Rptr. 567, 728 P.2d 1202.

This is an example of a distinction without a difference. *Oren*'s concern was allowing a claim for

Not Reported in Cal.Rptr.2d                                                                                                   Page 3
Not Reported in Cal.Rptr.2d, 2002 WL 86985 (Cal.App. 3 Dist.)
**(Cite as: Not Reported in Cal.Rptr.2d)**

abuse of process to be a vehicle for evading the carefully constructed elements of a claim for malicious prosecution; if filing a lawsuit with bad intent were actionable, this would negate the element of "lack of probable cause" necessary to maintain an action for malicious prosecution and evade the protection of an individual's right to seek redress in the courts.[FN9] In the present case, there might have been a lack of probable cause as a matter of law. But this does not alleviate the concern in *Oren* with pleading around the elements of malicious prosecution because it would equally circumvent the requirement of proving a favorable termination of the underlying proceedings. Indeed, *Oren* noted the absence of this element earlier in the opinion, although it did not explicitly rely on this reason in the later discussion.[FN10]

> FN9. *Oren, supra,* 42 Cal.3d at pages 1169-1170, 232 Cal.Rptr. 567, 728 P.2d 1202.
>
> FN10. *Oren, supra,* 42 Cal.3d at page 1161, 232 Cal.Rptr. 567, 728 P.2d 1202.

**\*3** The Supreme Court has asserted a "long-standing policy ... to limit collateral or ancillary tort claims arising out of litigation-related misconduct," preferring instead the remedy of sanctions within the underlying action.[FN11] We thus will not fashion a hybrid of malicious prosecution and abuse of process for filing a pleading that is without merit. Otherwise a large number of the cases before us would become springboards for this derivative tort.

> FN11. *Temple Community Hospital v. Superior Court* (1999) 20 Cal.4th 464, 469, 84 Cal.Rptr.2d 852, 976 P.2d 223; accord, *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 8-11, 74 Cal.Rptr.2d 248, 954 P.2d 511.

It is no answer for the plaintiffs to assert that the defendants would have run afoul of the doctrine of judicial estoppel.[FN12] As with sanctions, this is a remedy within an action for a party's misuse of the judicial power.

> FN12. *Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 70 Cal.Rptr.2d 96.

[2] The plaintiffs mistakenly rely on the Supreme Court case of *Barquis v. Merchants Collection Assn.* as authority for allowing a claim for abuse of process.[FN13] *Barquis* concerned a pattern of behavior by a collection agency in deliberately filing its actions in improper and distant venues with form pleadings that failed to reveal on their face the erroneous choice of fora.[FN14] There, the Supreme Court invoked the public policy for "providing an effective injunction remedy" against a "common abuse in the debt collection field."[FN15] This is a consideration not present in the instant matter. Moreover, the filing of an action in the wrong forum is simply not analogous to filing an action that is legally without merit. Abuse of process is tolerated as a remedy for the range of procedures incident to litigation, misuse of which does not fit within an action for malicious prosecution.[FN16] Thus, it was not the *actions* themselves that provided the basis for *Barquis* but the *choice of venue.* The remainder of the plaintiffs' authorities, also involving procedures incident to litigation, are consequently inapposite as well as they do not violate the policy against allowing an action for malicious prosecution though the back door of an action for abuse of process.[FN17]

> FN13. *Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 100-101, 101 Cal.Rptr. 745, 496 P.2d 817 (*Barquis* ).
>
> FN14. *Barquis, supra,* 7 Cal.3d at pages 100-101, 101 Cal.Rptr. 745, 496 P.2d 817.
>
> FN15. *Barquis, supra,* 7 Cal.3d at page 107, 101 Cal.Rptr. 745, 496 P.2d 817.
>
> FN16. *Barquis, supra,* 7 Cal.3d at page 104, footnote 4, 101 Cal.Rptr. 745, 496 P.2d 817.
>
> FN17. *Templeton Feed & Grain v. Ralston Purina Co.* (1968) 69 Cal.2d 461, 72 Cal.Rptr. 344, 446 P.2d 152; *White Lighting Co. v. Wolfson* (1968) 68 Cal.2d 336, 66 Cal.Rptr. 697, 438 P.2d 345; *Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 246 Cal.Rptr. 815; *Younger v. Solomon* (1974) 38 Cal.App.3d 289, 113 Cal.Rptr. 113; *Czap v. Credit Bureau of Santa Clara Valley* (1970) 7 Cal.App.3d 1, 86 Cal.Rptr. 417.

The plaintiffs claim we should reverse the judgment to allow them to amend their pleading to state a claim for intentional infliction of emotional distress. We are not persuaded. In the first place, plaintiffs do not provide any authority under which *Golden Bay,* a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.2d
Not Reported in Cal.Rptr.2d, 2002 WL 86985 (Cal.App. 3 Dist.)
**(Cite as: Not Reported in Cal.Rptr.2d)**

Page 4

corporate entity, would be entitled to maintain an action for intentional infliction of emotional distress. Plaintiff Chavez fares no better. We do not consider the ordinary filing of a cross-complaint, even one barred as a matter of law, to be "so egregiously outside the realm of civilized conduct as to give rise to actionable infliction of mental distress."[FN18] Plaintiff's reliance on *Golden v. Dungan* is misplaced.[FN19] In *Golden,* it was the *manner of serving process*-at midnight, pounding on the door in a loud and boisterous manner, without any previous attempts to accomplish service-which was the gravamen of the complaint upheld on appeal.[FN20]

> FN18. *Yurick v. Superior Court* (1989) 209 Cal.App.3d 1116, 1129, 257 Cal.Rptr. 665.
>
> FN19. *Golden v. Dungan* (1971) 20 Cal.App.3d 295, 97 Cal.Rptr. 577 (*Golden* ).
>
> FN20. *Golden, supra,* 20 Cal.App.3d at pages 299, 304, 310, 97 Cal.Rptr. 577.

### DISPOSITION

The notice of appeal is amended to include Floyd Chavez as an appellant. The judgment is affirmed.

We concur: RAYE, J. and HULL, J.
Cal.App. 3 Dist.,2002.
Golden Bay Fence Plus Iron Works, Inc. v. Ray Wilson Co.
Not Reported in Cal.Rptr.2d, 2002 WL 86985 (Cal.App. 3 Dist.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.