UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK NEMIROFSKY,

    Plaintiff,

v.

SEOK KI KIM,

    Defendant.
_____/

No. C 07-2769 JL

**ORDER GRANTING IN PART AND DENYING IN PART OBJECTIONS TO THE DEPOSITION OF DEBORAH BAILEY-WELLS (Docket # 96)**

### Introduction

The Court has diversity jurisdiction over this lawsuit, a dispute regarding disposition of settlement proceeds from a previous lawsuit over patents. The parties have consented to this Court's jurisdiction for all purposes, including trial, as provided by 28 U.S.C. §636(c).

### Discovery Dispute

The parties ask the Court to resolve their dispute regarding the parameters of the deposition of Deborah Bailey-Wells, a partner of the law firm Kirkpatrick & Lockhart Preston Gates Ellis (KL Gates"). At the time she was retained by STV Asia, her firm was known as Kirkpatrick & Lockhart Nicholson Graham LLP. She served as counsel for STV Asia in the lawsuit against Premier Retail Networks, among other entities, in the Northern District of California before the Honorable Joseph Spero ("PRN Litigation").

During the PRN Litigation, the primary contacts between Ms. Bailey-Wells and her client STV Asia were Frank Nemirofsky, and S.K. Kim. (Letter of defense counsel D. Peter Harvey to Plaintiff's counsel Sabelli and Callahan dated September 25, 2007)

Plaintiff's counsel proposes to question Ms. Bailey-Wells on a number of subjects. On nineteen of those subjects Defendants' counsel disputes either the relevance of the subject or the privilege of the subject, as obtained from attorney-client communications.

The parties met and conferred as previously ordered, but were not able to resolve their dispute. The Court finds this matter suitable for decision without oral argument as provided by Civil Local Rule 7-1(b).

## Analysis

Pursuant to Northern District Local Rule 37-2, a party moving to compel discovery must "detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed.R.Civ.P. 26(b)(2) are satisfied." *See also* Fed.R.Civ.P. 26(b)(2) (requiring that when determining the appropriateness of discovery requests courts should consider whether the discovery is duplicative or overly burdensome and whether the burden and expense of discovery outweighs the benefit.) The court has discretion to determine whether to grant a motion to compel. *See Garrett v. City and County of San Francisco,* 818 F2d 1515, 1519 (9th Cir. 1987). Given that Bailey-Wells was counsel for STV Asia in the underlying patent lawsuit which led to the settlement which led to this lawsuit, her deposition is unquestionably relevant to this lawsuit and Defendants do not contend that it would be duplicative or overly burdensome. What they do claim is that her responses might be precluded by the attorney-client privilege.

Bailey-Wells is a non-party, so her deposition would ordinarily be taken pursuant to subpoena under FRCP 45 and any objections would have been made in writing and then either the party seeking the deposition would have filed a motion to compel or the party opposing it would have filed a motion to quash. FRCP 45(a)(1)(C).The parties in this case agreed to a process where Defendants filed objections to the deposition and the Court ordered simultaneous briefing of the issues. Defendants object to most of the 19 categories proposed by Plaintiff on the basis of attorney-client privilege and to some on relevance. However, an objection based on relevance is not an adequate reason to preclude or

terminate a deposition, absent circumstances which do not exist here. *See* FRCP 30(d)(1)

The attorney client privilege governs where "(1) legal advice of any kind is sought, (2) from a professional legal advisor in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are, at the client's instance, permanently protected, (7) from disclosure by the client or by the legal advisor, (8) unless the protection be waived." *U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) (citing 8 Wigmore, Evidence § 2292, at 554 (McNaughton rev.1961)).

The burden is on the party asserting the privilege to establish all the elements of the privilege. *United States v. Munoz*, 233 F.3d 1117 (9th Cir.2000). The burden shifts to the party seeking to overcome the privilege by its proposal to take the deposition of opposing counsel. *Carehouse Convalescent Hosp. v. Superior Court*, (2006) 143 Cal.App.4th 1558, 1563. In this case, the proposed deposition is not of opposing counsel, but of former opposing counsel in a different case, so the normal burden applies. Defendants cite *Carehouse* and *Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487 (1988), both of which apply to depositions of current opposing counsel, not former opposing counsel in a different case, and are therefore not on point. The burden is on Defendants to establish the existence of the privilege they claim. *Munoz, Id.* at 1128.

Confidential communications made by a client to an attorney to obtain legal services are protected from disclosure. *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (citing *Fisher v. U.S.*, 425 U.S. 391, 403 (1976). It is generally acknowledged that "[c]ommunciations within the scope of the attorney-client privilege are zealously protected." 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* §2017 (2007); *see also Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994) (stating that "[a]s the privilege serves the interests of justice, it is worthy of maximum legal protection") (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81, 90 (3d Cir. 1992)).

United States District Court
For the Northern District of California

The California Evidence Code provides that "confidential communications between client and lawyer" are covered by the attorney-client privilege. Cal. Evid. Code §954. It defines "confidential communication between client and lawyer" to mean information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship. Cal. Evid. Code §952.

Defendants contend that Nemirofsky and Kim, Kim as shareholder and CEO of STV Asia, and Nemirofsky arguably as either a director or agent, sought legal advice from Bailey-Wells in the PRN Litigation, that their communications were in confidence, that they were both clients as principals in STV Asia, but not as individuals, that Defendants are asserting the privilege, and that they have not waived it merely by opposing Nemirofsky's lawsuit over the settlement of the PRN Litigation.

Plaintiff contends that he was not an agent of STV Asia, that he was appointed as a director and his term extended retroactively. He presents no evidence of his objections at the time to that extension, and that he was therefore participating in the meetings with Bailey-Wells on his own behalf, but not as an agent or director of STV Asia. Plaintiff also objects to Defendants' objections, on the basis that they contradict earlier agreements between counsel as to the scope of Bailey-Wells' deposition.

Defendants contend that Kim's and Nemirofsky's communications with Ms. Bailey-Wells were communications by them as principals of STV Asia to obtain legal advice in confidence and are therefore subject to the attorney-client privilege. Where the client is a corporation (or other entity), the corporate entity cannot communicate as such with its lawyer; rather, attorney-client communications necessarily must be through individuals

acting for the entity. Those communications often emanate from corporate directors and officers. But in many cases, attorney communications with the entity's other employees will likewise be protected by the attorney-client privilege . . . . *Wegner, et al.,* California Practice Guide: Civil Trials and Evidence (The Rutter Group 2007) §8:2007 at 8E-38. This includes communications with the entity's agent, at least where the agent is acting within the scope of his agency. See *D. I. Chadbourne, Inc. v. Superior Court of San Francisco*, 60 Cal. 2d 723, 736-738 (1964); *Grosslight v. Superior Court*, 72 Cal. App. 3d 502, 506 (1977) ("[T]he attorney-client privilege does not protect information coming from a third party who is not a client unless the person is acting as the client's agent.").

It is undisputed that Kim has always been CEO of STV Asia. (Kim Decl., ¶2) Nemirofsky served as a director of STV Asia from July 2005 through July 2006, after which time he continued to serve as STV Asia's agent for purposes of the PRN Litigation. (Kim Decl., ¶¶4-6). Nemirofsky claims he was appointed director and his term extended retroactively. He does not expressly contend that he was not acting in concert with Kim on behalf of STV Asia when he met with Bailey-Wells, either with Kim or separately. Nemirofsky himself says he was a "partner" with Kim and STV Asia in the PRN litigation (Ex. A to Defendants' brief - Declaration of Frank Nemirofsky in support of Plaintiff ex parte motion to extend the temporary protective order).

Based on the declarations of both Kim and Nemirofsky, this Court concludes that confidential communications between either of these individuals and Ms. Bailey-Wells concerning or relating to the PRN Litigation are covered by the attorney-client privilege. They were acting together in the PRN Litigation and met with her for the purpose of obtaining legal advice from her for the benefit of STV Asia. Plaintiff has not shown waiver by any theory of Nemirofsky's being a separate client of Bailey-Wells or by Defendants' affirmative defenses regarding Plaintiff's conduct during the PRN Litigation.

**Conclusion and Order**

Plaintiff seeks to depose Ms. Bailey-Wells on the following subjects and Defendants object as noted. The Court rules on each subject in turn.

1. How she first came to meet the parties, including, but not limited to whether she or Kirkpatrick & Lockhart had a prior existing relationship with either party.

    Defendants object that discussions of the PRN Litigation would be privileged, although the fact and date of the initial contact would not. Defendants doubt the relevance of this subject.

    None of this subject is related to legal advice. Relevance is not an adequate objection to preclude questioning. The deposition shall go forward on this subject.

2. What she knows about the parties' prior business relationship.

    Defendants object to any questioning about anything she learned in connection with the PRN Litigation.

    Again, none of this is related to legal advice; the mere fact that she learned it as part of her interaction with Nemirofsky and Kim doesn't make it privileged. The deposition shall go forward on this subject.

3. How the parties described the dispute over the patents when she and Kirkpatrick and Lockhart were first approached about the PRN Litigation.

    Defendants object to anything Bailey-Wells learned as part of her consultation in the PRN Litigation.

    Descriptions of the patents would be related to the PRN litigation and would be privileged. The deposition shall not go forward on this subject.

4. What her understanding was about Mr. Nemirofsky's relationship with STV

Asia at the outset of Kirkpatrick & Lockhart's representation and whether that relationship changed during the course of the PRN litigation.

Defendants object on relevance.

Relevance is not an adequate objection to prevent the deposition on this subject, which is not privileged. The deposition shall go forward on this subject.

5. Mr. Nemirofsky's and Mr. Kim's involvement and roles in hiring a law firm to represents STV Asia and while they were negotiating the retention agreement and fee schedule with Kirkpatrick & Lockhart.

Defendants object to information Bailey-Wells obtained "in conjunction with . . representation of STV Asia in the PRN litigation," however, they acknowledge the relevance of this subject to the present litigation and agree to allow questioning without any general waiver.

The deposition shall go forward on this subject.

6. The inventor(s) of the patents which were at issue in the PRN Litigation.

Defendants object that this is a matter of fact available in public records and that Bailey-Wells' understanding of this fact is not relevant.

This objection is insufficient to preclude Bailey-Wells' testimony and deposition on this subject shall go forward.

7. The entities which the parties identified as those which were infringing upon the patents at issue in the PRN Litigation.

Defendants object that this would only have been revealed as part of Bailey-Wells' representation of STV Asia in the PRN Litigation and would "unquestionably be privileged."

The Court agrees. The deposition shall not proceed on this subject.

8. Whether she knew about an oral agreement between Mr. Nemirofsky and Mr.

      Kim that she witnessed or was privy to relating to Mr. Kim's agreement with Mr. Nemirofsky as to Mr. Nemirofsky's role and responsibilities in the prosecution of the patents at issue in the PRN Litigation.

      Defendants object as in Number 7 that this information only came to Bailey-Wells as part of her consultation and representation of STV Asia.

      The Court agrees. The deposition shall not proceed on this subject.

9.    All communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to Mr. Kim's agreement with Mr. Nemirofsky as to Mr. Nemirofsky's role and responsibilities in the prosecution of the patehnts at issue in the PRN Litigation.

      Defendants object for the same reasons as Number 8.

      The Court agrees. The deposition shall not proceed on this subject.

10.    All communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to Mr. Kim's agreement with Mr. Nemirofsky as to the division of any recovery from the PRN Litigation.

      Defendants object as in Numbers 8 and 9.

      The Court agrees. The deposition shall not proceed on this subject.

11.    All communications between Mr. Nemirofsky and Mr. Kim that she witnessed or was privy to relating to any changes or revisions to Mr. Kim's agreement with Mr. Nemirofsky as to the division of any recovery from the PRN Litigation including, but not limited to, the communications in October 2006 at Kirkpatrick & Lockhart's San Francisco office.

      Defendants assert the attorney-client privilege for anything directly related to the PRN Litigation but concede that there may be some information relevant to the current litigation and agree to limited questioning without general waiver.

The Court agrees. The deposition shall proceed as limited above.

13. How and to whom invoices regarding Kirkpatrick & Lockhart's work on the PRN Litigation were submitted.

Defendants question the relevance but are willing to permit questioning.

The deposition shall proceed on this subject.

14. The timeliness and/or failure to submit payments to Kirkpatrick & Lockhart for work performed on the PRN Litigation.

Defendants concede relevance and will permit questioning.

The deposition shall proceed on this subject.

15. Any dispute as to the amount billed or owed to Kirkpatrick & Lockhart for work performed on the PRN Litigation.

Defendants concede relevance and agree to questioning, with no general waiver.

The deposition shall proceed on this subject.

16. Kirkpatrick & Lockhart's withdrawal as counsel for STV Asia in the PRN Litigation.

Defendants concede that timing of the withdrawal would be relevant but assert privilege for details of any dispute between STV Asia and the law firm.

The deposition shall proceed, as limited.

17. The settlement value of the PRN Litigation.

Defendants concede relevance and will permit questioning without a general waiver.

The deposition shall proceed on this subject.

18. Mr. Nemirofsky's role and his interactions with the experts who were consulted in the PRN Litigation.

1  Defendants concede relevance and would permit limited questioning without a general waiver.

The deposition shall proceed on this subject.

19. Information about the current law suit.

Defendants question the relevance of this subject, but this is not adequate to prevent the deposition.

The deposition shall proceed on this subject.

IT IS SO ORDERED.

DATED: October 23, 2007

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-2769\Order-GIP-96-final.wpd

**United States District Court**
For the Northern District of California