Jonathan M. Cohen (SBN: 168207)
jcohen@winston.com
Robyn T. Callahan (SBN: 225472)
rcallahan@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400

Attorneys for Plaintiff/Counter-Defendant
FRANK NEMIROFSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK NEMIROFSKY,<br><br>    Plaintiff,<br><br>v.<br><br>SEOK KI KIM; STV ASIA, LTD., a British Virgin Islands corporation,<br><br>    Defendants.<br><br>SEOK KI KIM and STV ASIA, LTD., a British Virgin Islands Corporation,<br><br>    Counter-Complainants,<br><br>v.<br><br>FRANK NEMIROFSKY,<br><br>    Counter-Defendant. | Case No. 3:07 CV 02769 JL<br><br>**PLAINTIFF/COUNTER DEFENDANT FRANK NEMIROFSKY'S SUR-REPLY TO COUNTER-COMPLAINANTS' SUR-OPPOSITION REGARDING MOTION TO DISMISS ABUSE OF PROCESS COUNTERCLAIM** |

Plaintiff/Counter-Defendant FRANK NEMIROFSKY hereby submits this Sur-Reply to Counter-Complainants' Sur-Opposition to the Motion to Dismiss the Abuse of Process Counterclaim pursuant to FRCP 12(b)(6).

1

## I. INTRODUCTION

The Court in its Order dated February 21, 2008 requested further briefing on Plaintiff's Motion to Dismiss Defendants' Counterclaim for Abuse of Process. Specifically, the Court asked the parties to address the applicability of three cases: *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006); *Brown v. Kennard*, 94 Cal.App. 4th 40 (2001); and *Profile Structures, Inc. v. Long Beach Bldg. Material Co.*, 181 Cal. App. 3d 437 (1986). In addition, the Court posed two questions: (1) what non-litigation alternatives to the Abuse of Process claim were available to Defendants to address the allegedly excessive TPO; and (2) whether Plaintiff waived the affirmative defense of the litigation privilege as provided by FRCP, Rule 8(c) by not specifically including it in Plaintiff's moving papers.

Counter-Complainants' Sur-Opposition, contrary to the Court's request, is primarily a regurgitation of their arguments under *White Lighting Co. v. Wolfson*, (which Counter-Complainants continue to insist is the controlling case, despite the fact that it did not address the litigation privilege) which as explained in detail below, continues to be misplaced. Counter-Complainants likewise dismiss the fact that all three of the cases cited in the Court's Order actually uphold the litigation privilege and bar the abuse of process claims by drawing their own conclusions as to the basis for the Court's holdings in those cases which are not supported by the decisions themselves.

## II.    THERE IS NO WAIVER OF THE LITIGATION PRIVILEGE UNDER FRCP 8(c)

### A.    Defenses Related to Failure to State a Claim Cannot Be Waived.

While there are a number of affirmative defenses that can be deemed waived if not raised in an answer or other responsive pleadings, the failure to state a claim is one of the three defenses which are preserved even if not raised until trial. *Brown v. Trustees of Boston Univ.*, 891 F. 2d 337, 357 (1st Cir. 1989). Weil & Brown, Cal. Practice Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2007) § 9:45. Contrary to personal jurisdiction, venue, summons or service of process objections, the affirmative defense of failure to state a claim and failure to state a legal defense to a claim are not waived if excluded in a Rule 12 motion. *FRCP* 12(g)(2) and 12(h)(2). Weil & Brown, Cal. Practice Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2007) § 9:48.

2

PLAINTIFF/COUNTER-DEFENDANT FRANK NEMIROFSKY'S SUR-REPLY TO COUNTER-COMPLAINANTS' SUR- OPPOSITION REGARDING MOTION TO DISMISS THE ABUSE OF PROCESS COUNTERCLAIM
Case No. 3:07 CV 02769 JL

### B. Failure to State a Claim Can Be Raised *Sua Sponte* By The Court.

Even if the Court were to find that Counter-Defendant waived the litigation privilege defense associated with the Motion to Dismiss on the failure to state a claim, which Counter-Defendant denies, the Court has the power to assert certain defenses *sua sponte* and the failure to state a claim is among those defenses which the Court can assert on its own. *Franklin v. State of Oregon, State Welf. Div.,* 662 F.2d 1337, 1340-1341 (9th Cir. 1981). Likewise, the Court may dismiss a complaint on its own initiative for failure to state a claim where the inadequacy of the complaint is apparent as a matter of law. *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997); See also *Flora Home Fed'l Sav. & Loan Ass'n,* 685 F.2d 209, 212 (7th Cir. 1982) (the court can challenge the legal sufficiency of a complaint *sua sponte* and enter judgment accordingly as long as all parties have an opportunity to be heard).

### III. COUNTER-COMPLAINANTS HAD NOTICE OF THE DEFENSE AND IT HAS BEEN FULLY BRIEFED

To the extent that the Court is persuaded that there has been a waiver of the litigation privilege defense, despite Counter-Defendant's arguments and the authority to the contrary, waiver may be avoided where the Plaintiff or Counter-Complainant receives adequate notice that the responding party intends to raise a particular defense. *Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir. 1993). See also Weil & Brown, Cal. Practice Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2007) § 8:229. If Plaintiff or Cross-Complainant has not been prejudiced by the omission of the defense, courts have determined that there is no waiver. *Hargett v. Valley Fed'l Sav. Bank,* 60 F.3d 754, 763 (11th Cir. 1995); See also *Harris v. Secretary, U.S. Dept. of Veterans Affairs,* 126 F.3d 339, 344 (DC Cir. 1997) (leave to amend an answer to plead the omitted defense will be freely granted before the summary judgment stage as long as there is no prejudice to the opposing party).

Here, the Motion to Dismiss, including the litigation privilege defense, has been fully briefed and Counter-Complainants were not prejudiced by the arguments Counter-Defendant presented in his reply brief and at oral argument as to the litigation privilege. In fact, despite being given an opportunity to directly address the litigation privilege through further briefing, Counter-

3

PLAINTIFF/COUNTER-DEFENDANT FRANK NEMIROFSKY'S SUR-REPLY TO COUNTER-COMPLAINANTS'
SUR- OPPOSITION REGARDING MOTION TO DISMISS THE ABUSE OF PROCESS COUNTERCLAIM
Case No. 3:07 CV 02769 JL

Complainants instead reverted back to the *White Lighting* case, which did not address the litigation privilege.

### IV. THERE CAN BE NO QUESTION THAT THE LITIGATION PRIVILEGE APPLIES

The California Supreme Court established a four-part test to determine whether a publication or communication falls within the litigation privilege in *Silberg v. Anderson,* 50 Cal.3d 205, 212 (1990). Therein, the Supreme Court held the litigation privilege applies to publications or communications which: (1) are made in a judicial or quasi-judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. *Id.*

The *Brown* Court expressly discussed *Silberg* noting that California courts have extended the litigation privilege to "numerous other tort actions", including abuse of process. *Brown v. Kennard* 94 Cal.App.4th 40, 45. In fact, the *Brown* Court recognized that "[b]ecause the privilege applies without regard to malice or evil motives, it has been characterized as "absolute."" *Id.* at 45, citing *Silberg v. Anderson, supra,* 50 Cal.3d at 215.

There is no question that the actions which form the basis of Counter-Complainants' abuse of process claim – Counter-Defendant's/Plaintiff's filing of requests for temporary protective orders and the extension thereof – were made in a judicial proceeding to achieve the objects of the litigation (in this case, to secure the settlement proceeds until such time as the underlying dispute could be resolved) and that said actions were logically connected to the action.

Counter-Complainants continue to reiterate their reliance on *White Lighting*, emphasizing that it stands for the general proposition that abuse of process claims must be sustained when arising from allegations involving excessive attachment. Yet, *White Lighting* is clearly distinguishable from *Rusheen, Brown, Profile Structures* and the case at bar. First, and most importantly, *White Lighting* <u>does not address the litigation privilege</u> – which is a defense to the abuse of process claim as upheld by *Rusheen, Brown,* and *Profile Structures*. In addition, in permitting the cross-complainant therein to maintain his abuse of process claim, the *White Lighting* court recognized that the assets that cross-defendants attempted to attach bore no relation the cross-defendant's claims. *White Lighting v.*

4

*Wolfson*, 68 Cal. 2d 336, 347 (1968). The *White Lighting* attachment included, among other things, the cross-complainant's personal car when the subject of the dispute between the employee and his former employer had nothing to do with the vehicle, nor was the car related in any capacity to the subject of the underlying dispute. *Id.* Here, Counter-Defendant only sought to secure the settlement proceeds which are at the core of the dispute between the parties.

Finally, the California Supreme Court did not establish the four-prong test as to the applicability of the litigation until 1990 when it decided *Silberg v. Anderson, supra,* 50 Cal.3d at 205 which is likely the reason that the litigation privilege was not expressly discussed or analyzed in the 1968 *White Lighting* decision.

## V. COUNTER-COMPLAINANTS' SUR-OPPOSITION FOCUSES ON THE MULTIPLICITY OF LITIGATION RATHER THAN THE APPLICABILITY OF THE LITIGATION PRIVILEGE

### A. Counter-Complainants Misconstrue the Court's Holdings In *Rusheen and Brown*.

Counter-Complainants attempt to distinguish *Rusheen* and *Brown* by arguing the abuse of process claims arose from enforcement or attachment after judgment in those cases. However, the timing of the attachment or actions giving rise to the abuse of process claims is immaterial and Counter-Complainants' theory in this regard is not supported by the case law. In fact, in *O'Keefe v. Kompa*, 84 Cal. App. 4th 130 (2000), the court specifically stated:

> [T]hat these actions occurred after trial (rather than before or during trial, as in the vast majority of section 47 cases) is not meaningful. Numerous cases apply the privilege to pre-trial conduct, some even going so far as to apply it to pre-complaint activities. (See e.g. *Aronson v. Kinsella* (1997) 58 Cal.App.4th 254, 261-268, 68 Cal.Rptr.2d 305; *Wilton v. Mountain Wood Homeowners Association, Inc., supra,* 18 Cal.App.4th at p. 570, 22 Cal.Rptr.2d 471.) We see no meaningful distinction that might warrant treating defendants' post-trial collection activities differently. *O'Keefe v. Kompa, supra,* 84 Cal.App.4th at 134-135.

Counter-Complainants also contend that the litigation privilege does not apply because the public policy behind the privilege is based upon the goal of avoiding derivative litigation, or

5

PLAINTIFF/COUNTER-DEFENDANT FRANK NEMIROFSKY'S SUR-REPLY TO COUNTER-COMPLAINANTS' SUR- OPPOSITION REGARDING MOTION TO DISMISS THE ABUSE OF PROCESS COUNTERCLAIM
Case No. 3:07 CV 02769 JL

"litigation about litigation". They argue that here, the abuse of process claim is being asserted within the same case, rather than subsequently in a later filed action and that because the public policy of the litigation privilege was created to addressed multiplicity of actions, the litigation privilege is barred as a defense within the same action. This reasoning is flawed and Counter-Complainants have not cited a single case that supports their anecdotal interpretation. More importantly, their position is contrary to the February 25, 2008 California First Appellate District holding in *1100 Park Lane Associates v. Feldman,* -- Cal.Rptr.3d --, 2008 WL 485135 (Cal.App. 1 Dist.). Therein, the Appellate Court held that the trial court erred in denying Park Lane's motion to strike the cross-complaint, finding that the litigation privilege was a proper defense and effectively barred all causes of action except negligent misrepresentation.

## VI.   COUNTER-COMPLAINANTS' NON-LITIGATION ALTERNATIVES

Among the items the Court asked the parties to address in its February 21, 2008 Order was the question of what non-litigation options were available. While Counter-Complainants' filed an *ex parte* motion to vacate or modify the temporary protective order which was not scheduled for hearing or otherwise addressed by the Court until the issue was moot (the initial TPOs expired on June 26, 2007), Counter-Complainants were not prejudiced by this delay since the funds were released. More importantly, Counter-Defendant Mr. Nemirofsky likewise filed an *ex parte* motion to extend the temporary protective orders until such time as the Court could address the underlying dispute but said motion was also not heard by the Court. However, in the case of Mr. Nemirofsky's *ex parte* motion, Counter-Defendant Mr. Nemirofsky *was* prejudiced by the delay because it resulted in all of the settlement proceeds being released to STV Asia and Mr. Kim, despite the fact that Counter-Complainants have admitted that Counter-Defendant is owed a portion of said settlement. Yet, to date, Mr. Nemirofsky has still not seen a dime of the settlement proceeds and as soon as the initial TPO expired, Counter-Complainants took all of the settlement proceeds and ran – which was exactly the reason Counter-Defendant requested the TPO to begin with (particularly given that Defendants are a foreign corporation and a foreign citizen).

6

PLAINTIFF/COUNTER-DEFENDANT FRANK NEMIROFSKY'S SUR-REPLY TO COUNTER-COMPLAINANTS' SUR- OPPOSITION REGARDING MOTION TO DISMISS THE ABUSE OF PROCESS COUNTERCLAIM
Case No. 3:07 CV 02769 JL

## VII. IT IS WITHIN THE COURT'S DISCRETION TO CONSIDER ARGUMENTS RAISED DURING THE REPLY OR AT HEARING.

While it is within the Court's authority to choose not to consider Counter-Defendant's arguments with respect to the litigation privilege as Counter-Complainants point out, there are an equal number of cases wherein facts or arguments introduced at the reply stage (or even at oral arguments) were considered by the court. See e.g. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032 (9th Cir. 2003); *Daghlian v. DeVry University, Inc.*, 461 F.Supp. 2d 1121, 1143-1145 (Cal. C.D. 2006).

The underlying purpose for presenting all arguments in a party's moving papers is to avoid any prejudice which may occur if the responding party is not afforded an opportunity to address those arguments in a responding brief. Here, there can be no prejudice to Counter-Complainants because pursuant to the Court's February 21, 2008 Order, they were given twenty days to prepare and submit a brief on the litigation privilege issue. Thus, if the Court declines to consider Counter-Defendant's litigation privilege claim, the only prejudice that will result will be that endured by Mr. Nemirofsky. The Court's refusal to allow Counter-Defendant's litigation privilege defense as to the Abuse of Process Counterclaim is an unduly harsh outcome. Further, if the Court fails to consider the litigation privilege on this technicality it would not be in the interest of judicial economy. To the extent that the litigation privilege is excluded and the Motion to Dismiss is denied, the same issue can and will be raised by way of a Rule 56 or 12(c) motion.

## VIII. CONCLUSION

Counter-Complainants' abuse of process claim is barred by the litigation privilege. Their repeated and erroneous reliance on *White Lighting* is simply a red-herring – much like the abuse of process claim itself. Not only do Counter-Complainants lack damages from the TPOs (an essential element to their abuse of process claim), they wholly ignore the fact that immediately upon the expiration of the TPOs (and before Plaintiff's *ex parte* motion to extend the TPOs could be heard by the court), Counter-Complainants transferred <u>all</u> of the settlement proceeds to their personal account overseas. This, despite the fact that Mr. Kim has admitted that, at minimum, Plaintiff is owed 15%

of the amount which was being held in trust. Ironically, Counter-Complainants are using the legal process to attempt to harass Plaintiff simply by filing the abuse of process counterclaim.

The abuse of process claim is a nothing more than a distraction to what is truly at issue in this case. As set forth fully herein, there can be no question that the complained of activities of Counter-Defendant falls within the litigation privilege and therefore, Counter-Complainants have failed to state a claim. The Court has both the authority and the obligation to dismiss the abuse of process claim under FRCP 12(b)(6).

Dated: March 26, 2008

WINSTON & STRAWN LLP

By: _____/s/_____
Jonathan M. Cohen
Robyn T. Callahan
Attorneys for Plaintiff
FRANK NEMIROFSKY

SF:202191.1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894